# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HDH GROUP, INC.,** | Civil Acton No.: |
| Plaintiff, | |
| vs. | |
| **UNITED STATES OF AMERICA and INTERNAL REVENUE SERVICE,** | **Jury Trial Demanded** |
| Defendants. | |

## COMPLAINT

### I.  INTRODUCTION

Plaintiff, HDH Group, Inc. ("HDH" or "Plaintiff"), brings this civil action for refund of its partial payment of penalties pursuant to 26 U.S.C. § 6703(c)(1) that Defendant United States of America, through its agency, Defendant Internal Revenue Service (the "IRS"), improperly assessed against it for tax years 2013–2018 pursuant to 26 U.S.C. § 6700 (the "IRC § 6700 Penalty"). Plaintiff also seeks a finding that the penalties in the total amount of $6,564,449 were improperly assessed against Plaintiff for its role in operating a captive insurance program for its clients, a part of which involved providing advice and assistance to its clients in establishing captive insurance companies pursuant to 26 U.S.C. § 831(b).

### II.  PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, HDH, is a corporation organized under the laws of the Commonwealth of Pennsylvania with an address of 210 Sixth Avenue, 30th Floor, Pittsburgh, PA 15222. The last four digits of its employer identification number are 8002.

2. Defendants are the United States of America and its agency, the IRS (hereinafter sometimes referred to as "Defendants" or "Government"). The IRS is the revenue service for the United States federal government, which is responsible for collecting U.S. federal taxes and administering the Internal Revenue Code (the "IRC"), the main body of federal statutory tax law.

3. This is a civil action against the United States for a refund of amounts paid to the IRS pursuant to 26 U.S.C. § 7422(a) as required by the improper determination by the IRS that Plaintiff is liable for the IRS § 6700 Penalty.

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1340, and 1346(a)(1).

5. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1402 (a)(2) because this is a civil action against the United States pursuant to 28 U.S.C. § 1346(a) and Plaintiff is a corporation with its principal place of business located in Pittsburgh Pennsylvania.

### III.   STATEMENT OF CLAIM

6. Plaintiff is in the business of selling, designing, operating, implementing, and managing insurance and other products, including until the end of 2018, the operation of a captive insurance program.

7. At all times during the years 2013-2018, Plaintiff properly advised and assisted its clients in establishing captive insurance companies pursuant to 26 U.S.C. § 831(b).

8. Captive insurance companies have been explicitly encouraged and promoted by Congress by conferring upon them favorable tax treatment pursuant to 26 U.S.C. § 831(b).

9. The IRS did not issue any guidance in the form of treasury regulations regarding the formation or operation of captive insurance companies or any guidance on what would be considered insurance for federal income tax purposes.

10. To the present time, the IRS has not provided such guidance.

11. At the time Plaintiff began managing captives under its captive program, the only IRS guidance in existence was Revenue Ruling 2002-89.

12. Revenue Ruling 2002-89 set forth the requirements for a captive insurance arrangement to constitute insurance for federal income tax purposes.

13. All captives managed by Plaintiff met the requirements of Revenue Ruling 2002-89 to constitute insurance for federal income tax purposes.

14. This action arises under 26 U.S.C. § 6700 for recovery of $989,000 ($166,000, $229,000, $215,000, $229,000, $106,000, and $44,000) for tax years 2013, 2014, 2015, 2016, 2017, and 2018, respectively), in total penalties paid by Plaintiff and collected by Defendants pursuant to the assessment by Defendants of the 26 U.S.C. § 6700 penalty (the "IRC § 6700 Penalty") for each of those tax years.

15. By Letter dated November 13, 2023, the IRS asserted the IRC § 6700 Penalty against Plaintiff in the amount of $1,103,515 for tax year 2013.

16. By Letter dated November 13, 2023, the IRS asserted the IRC § 6700 Penalty against Plaintiff in the amount of $1,523,539 for tax year 2014.

17. By Letter dated November 13, 2023, the IRS asserted the IRC § 6700 Penalty against Plaintiff in the amount of $1,427,367 for tax year 2015.

18. By Letter dated November 13, 2023, the IRS asserted the IRC § 6700 Penalty against Plaintiff in the amount of $1,524,803 for tax year 2016.

19. By Letter dated November 13, 2023, the IRS asserted the IRC § 6700 Penalty against Plaintiff in the amount of $699,595 for tax year 2017.

20. By Letter dated November 13, 2023, the IRS asserted the IRC § 6700 Penalty against Plaintiff in the amount of $285,630 for tax year 2018.

21. Pursuant to IRC § 6703(c), if, within 30 days after the day on which notice and demand of any penalty under IRC § 6700 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, then the person may file suit in District Court within 30 days following denial of the claim (or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund), and no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of the District Court proceeding.

22. By letter dated December 8, 2023, Plaintiff timely submitted to the IRS partial payments of the penalties demanded (which amounts exceeded the required 15 percent as set forth in IRC § 6703(c)) as follows:

  a. in the amount of $166,000 for tax year 2013;

  b. in the amount of $229,000 for tax year 2014;

  c. in the amount of $215,000 for tax year 2015;

  d. in the amount of $229,000 for tax year 2016;

  e. in the amount of $106,000 for tax year 2017

  f. in the amount of $44,000 for tax year 2018.

23. Plaintiff timely filed IRS Forms 6118, Claim for Refund of Tax Return Preparer and Promoter Penalties as follows:

  a. On December 11, 2023, Plaintiff filed IRS Form 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties for tax year 2013;

  b. On December 11, 2023, Plaintiff filed IRS Form 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties for tax year 2014;

  c. On December 11, 2023, Plaintiff filed IRS Form 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties for tax year 2015;

  d. On December 11, 2023, Plaintiff filed IRS Form 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties for tax year 2016;

  e. On December 11, 2023, Plaintiff filed IRS From 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties for tax year 2017;

  f. On December 11, 2023, Plaintiff filed IRS From 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties for tax year 2018;

24. By letter dated June 10, 2024, the IRS disallowed all of Plaintiff's claims for refund for each tax year 2013, 2014, 2015, 2016, 2017, and 2018.

25. 26 U.S.C. § 6700 imposes a so called "promoter penalty" on any person (promoters, salespersons, marketers, and their assistants) who (1) (A) organizes (or assists in the organization of) (i) a partnership or other entity, (ii) any investment plan or arrangement, or (iii) any other plan or arrangement; or (B) participates (directly or indirectly) in the sale of any interest in an entity or plan or arrangement referred to in subparagraph A, and (2) makes or furnishes or causes another person to make or furnish (in connection with such organization or sale)--

  (A) a statement regarding the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by holding an interest in the entity or participating in the plan or arrangement, which the

person knows, or has reason to know, is false or fraudulent as to any material matter…

26. The Government bears the burden of proof with respect to each element required under IRC § 6700 to show that a "promoter" made a false or fraudulent statement, and therefore, is liable for the IRC § 6700 Penalty.

27. The Government cannot meet its burden of proof because it cannot show that all five elements required for an IRC § 6700 violation are present.

28. The five elements that must be present for a finding of an IRC § 6700 violation are:

 a. There must be a person.

 b. The person must organize (or assist in the organization of) or participate (directly or indirectly) in the sale of a partnership, entity, investment plan or arrangement, or any other plan or arrangement (hereinafter collectively, "plan or arrangement").

 c. The person (or assistant) must make a false or fraudulent statement of the tax benefit (deduction, credit, income exclusion) for which the arrangement or plan is designed to provide.

 d. The person must know or have reason to know that the statement is false.

 e. The statement must be with respect to a material matter.

29. The IRS conducted an audit of Plaintiff's captive insurance program which began by notice to plaintiff dated September 28, 2015 (the "Audit").

30. The Audit concluded over eight years later with the November 13, 2023 assertion of the IRC § 6700 Penalty against Plaintiff.

31. Plaintiff waited over eight years for clarity from the IRS on its administrative review.

32. The IRS conducted an exhaustive examination of Plaintiff with regard to its activities in forming and operating Mt. Washington Group ("MWG") (formerly Grant Street Assurance, LLC), a subsidiary of HDH, which administered a contractual quota share reinsurance risk pool (the "Mt. Washington Pool") for approximately eighty (80) captive insurance companies.

33. During the Audit, Plaintiff provided the IRS over a million of pages of documents and at all times fully cooperated with the IRS.

34. Simultaneously with its investigation of Plaintiff, the IRS investigated the tax liabilities of the captive insurance companies which were part of the Mt. Washington Pool, the tax liabilities of the businesses insured by those captives, and the tax liabilities of the owners of the captive insurance companies and businesses.

35. At the conclusion of the Audit, by letter dated March 22, 2023, Plaintiff received Form 886-A from the IRS (the "Audit Report").

36. The IRS concluded in the Audit Report that the captive insurance companies in the Mt. Washington Pool were not legitimate insurance companies qualifying for IRC § 831(b) status, and thus, any statements made by Plaintiff to its captive clients were false and misleading.

37. As a result of the Audit, the IRS determined that Plaintiff's involvement with its captive insurance program is that of a tax shelter promoter which engaged in tax shelter transactions as defined by the IRC supporting the imposition of the IRC § 6700 Penalty.

7

38. The IRS took the position that Plaintiff made false tax statements to clients in setting up captives under its captive program because the Plaintiff sold its captive program to clients as legitimate insurance.

39. The foundation of the IRS's position is that the captive insurance companies being managed by Plaintiff were not legitimate insurance companies that qualified for IRC § 831(b) status, and that Plaintiff knew that they did not so qualify.

40. It follows then, that if those captive insurance companies were legitimate insurance companies that qualified for IRC § 831(b) status, there could be no IRC § 6700 violation by Plaintiff.

41. The captive insurance companies managed by Plaintiff were legitimate insurance companies that qualified for IRC § 831(b) status.

42. In its audit of several of the captive insurance companies which were part of the Mt. Washington Pool, the IRS admitted that those companies were legitimate insurance companies that qualified for IRC § 831(b) status by issuing "no change" letters and allowed those companies to continue to operate as captive insurance companies, with some of them still operating as such at the present time.

43. This admission by the IRS makes it inconsistent for the IRS to now contend that the captive insurance companies managed by Plaintiff were not legitimate insurance companies that qualified for IRC § 831(b) status.

44. Plaintiff relied on these admissions by the IRS during the long more than eight-year Audit period as confirmation that its captive insurance arrangements were acceptable to the IRS.

45. Nevertheless, when Plaintiff learned that its captive insurance arrangements were not acceptable to the IRS, Plaintiff closed its captive program in 2018 to comply with the wishes of the IRS.

46. The facts, legal arguments, and conclusions presented by the IRS in the Audit Report do not support a finding that Plaintiff met the following required elements required for the imposition of the IRC § 6700 Penalty: (i) that Plaintiff; (ii) organized or participated in the sale of a plan or arrangement; (iii) that statements were made by Plaintiff about the allowability of any deduction or other tax benefit of the plan or arrangement and that such statements allegedly made were false or fraudulent, (iv) that Plaintiff knew of had reason to know that such statements allegedly made were false or fraudulent; and (v) that such statements allegedly made were made as to any material matter.

47. The IRS cannot meet its burden of proof that Plaintiff organized or participated in the sale of a plan or arrangement.

48. Again, there has never been any guidance from the IRS as to what constitutes a "plan or arrangement".

49. The captives managed by Plaintiff were separate companies with separate owners, director, officers, and insureds.

50. Plaintiff's captive insurance program did not equate to the sale of a plan or arrangement that constituted a "tax shelter" which is a requirement for the imposition of the IRC § 6700 Penalty.

51. The IRS cannot meet its burden of proof that statements were made by Plaintiff about the allowability of any deduction or other tax benefit of the plan or arrangement and that such statements allegedly made were false or fraudulent.

52. Specifically, Plaintiff did not at any time make any false or fraudulent statement with regard to the allowability of any deduction or other tax benefit.

53. At all times, Plaintiff engaged in the legitimate business of managing legitimate captive insurance companies qualifying for IRC § 831(b) status that participated in the Mt. Washington Pool. Therefore, on their face, none of its statements could have been false or fraudulent.

54. During its discussions with potential clients of its captive insurance program, Plaintiff spoke about the benefits of forming a captive insurance company and participating in the Mt. Washington Pool, but only if the client had a substantial degree of uninsurable risk, meaning either economically unavailable or simply not offered in the marketplace.

55. During those discussions, Plaintiff focused only upon insurance matters, its only area of expertise.

56. Plaintiff occasionally spoke to potential clients in general terms about possible tax benefits of forming an IRC § 831(b) captive, but only if their insurance needs were real.

57. At the time that Plaintiff made those statements, they were true, and continue to be true, because it was legal (and continues to be legal) for insured companies to take a deduction for premiums paid into their captive insurance company if other criteria were met.

58. Plaintiff did not at any time function as a tax advisor to any of its clients.

59. Plaintiff did not at any time make any statement regarding the specific allowability to any client of any deduction or credit, the excludability of any income, or the securing of any tax benefit by holding an interest in an entity (captive insurance company) or participating in any plan or arrangement.

60. Plaintiff did not have a marketing department; Plaintiff did not advertise; Plaintiff did not conduct or participate in seminars; Plaintiff did not have a website dealing with captives; Plaintiff did not have any videos dealing with captives.

61. Plaintiff's marketing material consisted of only one four-page general overview of captives.

62. Plaintiff did not provide its clients with any promotional materials containing any statements regarding any possible tax benefits to forming a captive.

63. Plaintiff, by specific contractual provisions between Plaintiff and its clients, left the determination of any possible tax benefit up to the tax advisors of the individual captives and their insured.

64. The IRS cannot meet its burden of proof that Plaintiff knew of had reason to know that Plaintiff's statements allegedly made were false or fraudulent.

65. The IRS recognizes that Congress explicitly encouraged and promoted captive insurance companies by conferring upon them favorable tax treatment under IRC § 831(b), but nevertheless, sought to eliminate captive insurance arrangements as being tax shelters.

66. In the Audit Report, the IRS makes an after the fact determination that the captive insurance companies established by Plaintiff did not qualify as legitimate insurance companies that qualified for IRC § 831(b) status.

67. The IRS used this after the fact determination to make its further finding that any statements made by Plaintiff to its captive clients were false and misleading at the time they were made, notwithstanding the fact that the IRS permitted after the Audit many of Plaintiff's clients to continue to use their § 831(b) captives.

68. The captive insurance companies established by Plaintiff were legitimate insurance companies that qualified for IRC § 831(b) status, so no statements made by Plaintiff regarding the establishment of the captive insurance companies were false or misleading at the time they were made.

69. Without its after the fact determination that the captive insurance companies did not qualify as legitimate insurance companies, the IRS could not have asserted that any statements made by Plaintiff were knowingly false or misleading at the time they were made.

70. The final decision of the IRS in late 2023 that the captive insurance companies did not qualify as legitimate insurance companies simply could not have impacted the knowledge of Plaintiff from 2013-2018 the years of the penalty assessments in this case.

71. Any statements made by Plaintiff to its captive clients regarding its captive insurance program were true at the time they were made and continue to be true at this time.

72. The IRS cannot meet it burden of proof that Plaintiff's statements allegedly made were made as to any material matter.

73. In this instance, a material matter is a statement regarding the allowability of any deduction or other tax benefit.

74. As stated above, Plaintiff did not make any statements regarding the specific allowability to any client of any deduction or credit, the excludability of any income, or the securing of any tax benefit by holding an interest in and entity (captive insurance company) or participating in any plan or arrangement.

## COUNT I

(Tax Refund under IRC § 6700)

75. Plaintiff incorporates paragraphs 1–74 of its Complaint as if set forth in full.

76. For the reasons described in this Complaint and for the reasons set forth in Plaintiffs Claims for Refund, Plaintiff owes no penalty under 26 U.S.C. § 6700 for tax year 2013.

77. Plaintiff made a timely Claim for Refund on December 11, 2023.

78. The IRS denied the claim by letter dated June 10, 2024.

79. Accordingly, Plaintiff is entitled to a refund of the penalty amount of $166,000 that it paid pursuant to 26 U.S.C. § 6703 for tax year 2013.

80. As a result, Plaintiff is entitled to judgment in its favor and against the United States of $166,000 plus prejudgment interest.

## COUNT II

(Tax Refund under IRC § 6700)

81. Plaintiff incorporates paragraphs 1–80 of its Complaint as if set forth in full.

82. For the reasons described in this Complaint and for the reasons set forth in Plaintiffs Claims for Refund, Plaintiff owes no penalty under 26 U.S.C. § 6700 for tax year 2014.

83. Plaintiff made a timely Claim for Refund on December 11, 2023.

84. The IRS denied the claim by letter dated June 10, 2024.

85. Accordingly, Plaintiff is entitled to a refund of the penalty amount of $229,000 that it paid pursuant to 26 U.S.C. § 6703 for tax year 2014.

86. As a result, Plaintiff is entitled to judgment in its favor and against the United States of $229,000 plus prejudgment interest.

## COUNT III

(Tax Refund Under IRC § 6700)

87. Plaintiff incorporates paragraphs 1–86 of its Complaint as if set forth in full.

88. For the reasons described in this Complaint and for the reasons set forth in Plaintiffs Claims for Refund, Plaintiff owes no penalty under 26 U.S.C. § 6700 for tax year 2015.

89. Plaintiff made a timely Claim for Refund on December 11, 2023.

90. The IRS denied the claim by letter dated June 10, 2024.

91. Accordingly, Plaintiff is entitled to a refund of the penalty amount of $215,000 that it paid pursuant to 26 U.S.C. § 6703 for tax year 2015.

92. As a result, Plaintiff is entitled to judgment in its favor and against the United States of $215,000 plus prejudgment interest.

## COUNT IV

(Tax Refund Under IRC § 6700)

93. Plaintiff incorporates paragraphs 1–92 of its Complaint as if set forth in full.

94. For the reasons described in this Complaint and for the reasons set forth in Plaintiffs Claims for Refund, Plaintiff owes no penalty under 26 U.S.C. § 6700 for tax year 2016.

95. Plaintiff made a timely Claim for Refund on December 11, 2023.

96. The IRS denied the claim by letter dated June 10, 2024.

97. Accordingly, Plaintiff is entitled to a refund of the penalty amount of $229,000 that it paid pursuant to 26 U.S.C. § 6703 for tax year 2016.

98. As a result, Plaintiff is entitled to judgment in its favor and against the United States of $229,000 plus prejudgment interest.

## COUNT V

(Tax Refund Under IRC § 6700)

99. Plaintiff incorporates paragraphs 1–98 of its Complaint as if set forth in full.

100. For the reasons described in this Complaint and for the reasons set forth in Plaintiffs Claims for Refund, Plaintiff owes no penalty under 26 U.S.C. § 6700 for tax year 2017.

101. Plaintiff made a timely Claim for Refund on December 11, 2023.

102. The IRS denied the claim by letter dated June 10, 2024.

103. Accordingly, Plaintiff is entitled to a refund of the penalty amount of $106,000 that it paid pursuant to 26 U.S.C. § 6703 for tax year 2017.

104. Accordingly, Plaintiff is entitled to judgment in its favor and against the United States of $106,000 plus prejudgment interest.

## COUNT VI

(Tax Refund Under IRC § 6700)

105. Plaintiff incorporates paragraphs 1–104 of its Complaint as if set forth in full.

106. For the reasons described in this Complaint and for the reasons set forth in Plaintiffs Claims for Refund, Plaintiff owes no penalty under 26 U.S.C. § 6700 for tax year 2018.

107. Plaintiff made a timely Claim for Refund on December 11, 2023.

108. The IRS denied the claim by letter dated June 10, 2024.

109. Accordingly, Plaintiff is entitled to a refund of the penalty amount of $44,000 that it paid pursuant to 26 U.S.C. § 6703 for tax year 2018.

110. As a result, Plaintiff is entitled to judgment in its favor and against the United States of $44,000 plus prejudgment interest.

## COUNT VII

(Laches)

111. Plaintiff incorporates paragraphs 1-110 of its Complaint as if set forth in full.

112. The IRS waited more than eight years after initiating its audit of Plaintiff to impose the IRC § 6700 Penalty against HDH Group, which was inexcusable.

113. Plaintiff suffered severe prejudice from Defendants' inexcusable delay in the form of the likely unavailability of relevant witnesses, the likely loss of key files, and due to witnesses' memories fading over time.

114. Due to Defendants' conduct as described above, Plaintiff has suffered damages as noted above and below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will:

1. find that no penalty should be imposed against Plaintiff pursuant to IRC § 6700;

2. find and order that the partial payment by Plaintiff of the penalty imposed against Plaintiff pursuant to IRC § 6700 must be refunded to Plaintiff in the amounts of $166,000 for tax year 2013, $229,000 for tax year 2014, $215,000 for tax year 2015, $229,000 for tax year 2016, $106,000 for tax year 2017, and $44,000 for tax year 2018, together with an increase in such amounts for applicable interest;

3. find that Plaintiff is entitled to its recoverable costs of court and attorneys' fees; and

4. grant such other relief to Plaintiff as this Court may deem fitting and proper.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| **JURY TRIAL DEMANDED** | s/ *David B. Spear*<br>David B. Spear<br>PA Id. No. 62133<br><br>s/ *Ralph Minto, Jr.*<br>Ralph Minto, Jr.<br>PA Id. No. 51746<br><br>s/ *Michelle L. Kopnski*<br>Michelle L. Kopnski<br>PA Id. No. 52096<br><br>Minto Law Group, LLC<br>Stone Quarry Crossing<br>811 Camp Horne Road, Suite 320<br>Pittsburgh, PA 15237<br>412-201-5525<br>dspear@mintolaw.com<br>rminto@mintolaw.com<br>mkopnski@mintolaw.com<br>Counsel for Plaintiff |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint was served upon the following in accordance with the applicable rules of court, this 9th day of July, 2024:

United States of America
c/o Merrick B. Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States of America
c/o Eric G. Olshan, United States Attorney
United States Attorney's Office for the Western District of Pennsylvania
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

Internal Revenue Service
c/o Daniel I. Werfel
Commissioner of the IRS
1111 Constitution Avenue NW
Washington, DC 20002

s/ *David B. Spear*
David B. Spear