IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HDH GROUP, INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) Case No. 2:24-CV-00988 |
| UNITED STATES OF AMERICA and INTERNAL REVENUE SERVICE, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**BIREF IN SUPPORT OF**
**UNITED STATES' MOTION TO DISMISS OR STRIKE PLAINTIFF'S**
**COUNT VII (LACHES)**

The United States of America respectfully requests, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f)(2), that the Court dismiss or strike Count VII of the Plaintiff's complaint because it improperly raises a claim of laches.[1] (Compl., ECF No.1, Count VII at 111 - 114).

**PLAINTIFF'S COUNT VII (LACHES)**

Plaintiff, HDH Group, Inc. ("HDH") has filed suit to contest the tax promoter penalties the IRS assessed against it under 26 U.S.C. § 6700 for its activities organizing and promoting a microcaptive insurance tax shelter during 2013-2018. In addition to seeking refunds of the partial penalty payments that HDH made to the IRS, HDH claims that it suffered prejudice because the IRS examination that resulted in the assessment of penalties took more than eight years to

---

[1] "Rule 12(f)(2) requires defendant to move to strike redundant, immaterial, impertinent, or scandalous matter 'before responding to the pleading.'" *Visintine v. Zickefoose*, No. CIV.A. 11-4678 RMB, 2012 WL 6691783 (D.N.J. Dec. 21, 2012) (citing Fed. R. Civ. P. 12(e) and (f)(2)). Similarly, a motion to dismiss under Fed. R. Civ. P. 12(b) "must be made before pleading if a responsive pleading is allowed." *Id.* (citing Fed. R. Civ. P. 12(b)).

1

conclude. Compl. ¶¶ 112-113. In the last of its seven counts, HDH alleges a claim of laches against the United States based on this purported prejudice. Presumably, this count is also the basis for its prayer for relief in the form of a Court finding "that no penalty should be imposed against Plaintiff pursuant to IRC § 6700," as the first six counts for tax refunds cannot provide for such a finding. HDH's Count VII—for laches—should be dismissed for failure to state a claim for which relief can be granted, or in the alternative struck as immaterial.[2] There are three reasons HDH's laches claim must fail. First, laches does not create an independent cause of action. Second, laches does not apply to matters at law, and HDH has not shown that this Court has jurisdiction to consider claims for equitable relief related to the tax penalties at issue in this case. Third, it is well-established that laches may not be invoked against the federal government when the government is enforcing its sovereign rights. For all three reasons, HDH should not be permitted to pursue Count VII.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) asks the Court to consider whether a complaint is legally sufficient. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993); *Doe(s) v. Pittsburgh Reg'l Transit*, 684 F. Supp. 3d 417, 424 (W.D. Pa. 2023). In considering the motion, the Court must accept all well-pleaded factual allegations as true, but need not accept legal conclusions couched as factual pleadings. *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted). If, after viewing the allegations in the light most favorable to the plaintiff, the Court concludes that "no relief could be

---

[2] *See, e.g.*, *Koresko v. United States*, 123 F. Supp. 3d 654, 666 n.68 (E.D. Pa. 2015) (noting in a 26 U.S.C. § 6700 penalty case that the Court granted the United States' motion to strike the portion of the plaintiff's complaint that asserted a defense of laches).

granted under any set of facts which could be proved" for a particular claim, that claim should be dismissed. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (citations omitted).

Fed. R. Civ. P. 12(f) permits a Court to strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter from a pleading. A motion to strike pursuant to Fed. R. Civ. P. 12(f) serves to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters*.*" *United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012) (internal quotation marks and citation omitted). Although such motions are generally disfavored, the Court ultimately has "considerable discretion" in deciding whether to strike claims or allegations. *Tennis v. Ford Motor Co.*, 730 F. Supp. 2d 437, 443 (W.D. Pa. 2010) (internal citations omitted).

**ARGUMENT**

Plaintiff's seventh count, which seeks to invoke the doctrine of laches against the United States government to avoid collection of tax penalties assessed against it, is legally insufficient on its face. Count VII should be dismissed or struck because, as a matter of law, laches may not be invoked as a claim against the United States in this case, and there is no set of facts which could be proven that would provide otherwise.

**1. Laches does not provide an independent cause of action.**

"It is hornbook law that laches consists of two essential elements: (1) inexcusable delay in instituting suit, and (2) prejudice resulting to the defendant from such delay." *Univ. of Pittsburgh v. Champion Prod. Inc.*, 686 F.2d 1040, 1044 (3d Cir. 1982) (citations omitted); *Marshak v. Treadwell*, 595 F.3d 478, 496 n.14 (3d Cir. 2009) (citations omitted).

Here, the Plaintiff has pled a claim of laches in its complaint. This is inappropriate, because "[l]aches is not an independent cause of action, but rather an affirmative defense." *Farouki v. Petra Int'l Banking Corp.*, 811 F. Supp. 2d 388, 405 (D.D.C. 2011) (vacated in part and remanded on

3

other grounds). HDH cannot plead laches as a claim for relief against the United States where the United States has not (yet) brought suit against HDH. The first "essential element," inexcusable delay in bringing a suit, cannot be present in the absence of a suit. Because laches itself is not a cause of action, HDH's Count VII should be dismissed or struck from its Complaint.

2. **Laches does not apply to claims at law, which are the only type of claim properly before the Court in this case.**

"[L]aches generally does not apply when a claim is brought at law, that is only for monetary damages." *U.S. ex rel. Ryan v. Endo Pharms., Inc.*, 27 F. Supp. 3d 615, 631 (E.D. Pa. 2014), *aff'd sub nom. U.S. ex rel. Dhillon v. Endo Pharms.*, 617 F. App'x 208 (3d Cir. 2015) (quoting *United States ex rel. Spay v. CVS Caremark Corp.*, No. 09–4672, 2013 WL 1755214, at *9 (E.D. Pa. Apr. 24, 2013) and *United States ex rel. Kusner v. Osteopathic Med. Ctr. of Phila.*, No. 88–9753, 1996 WL 287259, at *6 (E.D. Pa. May 30, 1996)).

In this case, Plaintiffs seek a tax refund, which is a claim at law for monetary damages. To the extent that HDH's claim of laches and the first portion of its prayer for relief are construed as seeking equitable remedies, such as a declaratory judgment that no penalty should be imposed against HDH, or an injunction to prevent the IRS from collecting the remaining unpaid penalties, this Court is without jurisdiction to hear those claims. That is because the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Anti-Injunction Act, 26 U.S.C. § 7421, preclude such relief in federal tax cases unless the Plaintiff shows that an exception applies.

Because the only claims in this case over which the Court has jurisdiction are claims at law, and laches does not apply when a claim is brought at law, HDH's laches claim is inapt and should be dismissed or struck.

3. **As a matter of law, laches does not apply to actions the United States government takes to enforce its rights.**

Finally, even if HDH were to properly raise laches as an affirmative defense (for example, in response to a United States counterclaim), laches does not apply because "[t]he United States is not subject to the defense of laches in enforcing its rights." *United States v. St. John's Gen. Hosp.*, 875 F.2d 1064, 1071 (3d Cir. 1989) (citing *United States v. Summerlin*, 310 U.S. 414, 416 (1940); additional citations omitted). This longstanding principle traces its roots back to British law, where the sovereign is exempt from the consequences of its laches. *Guaranty Tr. Co. of New York v. United States,* 304 U.S. 126, 132 (1938). The policy has survived in American law because it "preserv[es] the public rights, revenues, and property from injury and loss, by the negligence of public officers." *Id.* This benefits every citizen, including the party whose plea of laches is precluded. *Id.*

Enforcement and administration of the internal revenue laws are squarely within the category of "public rights, revenues, and property," as there is a broad public interest in maintaining a sound and administratively workable tax system. *Kahn v. United States,* 753 F.2d 1208, 1217 (3d Cir. 1985) (citing *Fuentes v. Shevin*, 407 U.S. 67, 92 (1972)); *see also Bull v. United States*, 295 U.S. 247, 259 (1935) ("[T]axes are the lifeblood of government, and their prompt and certain availability an imperious need."). For that reason, laches cannot be invoked to preclude cases seeking to collect taxes. *United States v. Zarra,* 810 F. Supp. 2d 758, 769 (W.D. Pa. 2011). Indeed, in cases involving penalties assessed under 26 U.S.C. § 6700, "the United States is not bound by laches where, as here, it seeks to enforce its sovereign rights by assessing and collecting taxes." *Schulz v. United States*, No. 1:15-cv-01299, 2016 WL 10649270, at *3 (N.D.N.Y. 2017); *see also Groves v. United States,* No. 16 C 2485, 2017 WL 1806593, at *6 (N.D. Ill. E.D. 2017)

5

(rejecting the defense of laches in a case for penalties under 26 U.S.C. § 6700 and noting that "few areas of government activity are more canonically sovereign than taxation.").

This case involves the United States' right to enforce and administer the internal revenue laws to collect a penalty, a matter at the heart of public rights and revenues. HDH cannot invoke the defense of laches to prevent the United States from enforcing its sovereign rights to assess and collect tax penalties. No set of facts that HDH could prove would change this, because the defense of laches is unavailable to HDH in this case as a matter of law. Accordingly, the Court should dismiss Count VII of Plaintiff's complaint for failure to state a claim upon which relief may be granted, or in the alternative should strike Count VII as immaterial to the case.

## CONCLUSION

WHEREFORE, the United States requests that the Court dismiss or strike Count VII (laches) of the Plaintiff's complaint in its entirety and grant such other relief to the United States as this Court may deem fitting and proper.

[signature page to follow]

Dated: November 8, 2024

ERIC G. OLSHAN
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

By  */s/ Elisabeth K. Kryska*
ELISABETH K. KRYSKA
Maryland Bar No. 2211280290
CHRISTOPHER RAJOTTE
Florida Bar No. 107742
ALAN D. BAILEY
Kentucky Bar No. 100427
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-6717 (Kryska)
             (202) 514-6491 (Rajotte)
             (202) 514-6075 (Bailey)
Fax: (202) 514-6770
Elisabeth.K.Kryska@usdoj.gov
Christopher.Rajotte@usdoj.gov
Alan.Bailey@usdoj.gov

*Attorneys for the United States*