## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| HDH GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No.: 2:24-cv-00988-WSS** |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HDH GROUP, INC., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

## PLAINTIFF'S APPENDIX OF EXHIBITS

### TABLE OF CONTENTS

I. **Affidavit**

1.    Affidavit of Robert Evan Muffly, including the following exhibits referenced in and attached to the Affidavit: Notices of Levy and Collection Appeal.

II. **Pleadings**

2.    Complaint, filed by Plaintiff on July 9, 2024.

3.    Answer and Counterclaim, filed by Defendant on November 12, 2024.

Respectfully Submitted,

/s/ Ralph Minto, Jr.
Ralph Minto, Jr.
PA Id. No. 51746

Michelle L. Kopnski
PA Id. No. 52096

David B. Spear
PA Id. No. 62133

Minto Law Group, LLC
Stone Quarry Crossing
811 Camp Horne Road, Suite 320
Pittsburgh, PA 15237
412-201-5525
rminto@mintolaw.com
mkopnski@mintolaw.com
dspear@mintolaw.com

Counsel for Plaintiff, HDH Group,
Inc.

## AFFIDAVIT OF ROBERT EVAN MUFFLY

I, Robert Evan Muffly, hereby state and affirm as follows:

1.  My name is Robert Evan Muffly and I reside at 1821 Murdstone Road, Upper St. Clair, Pennsylvania.

2.  I started working for HDH Group in April of 2010 as an account executive.

3.  I currently work for the HDH subsidiary of HUB International and am the president of Specialty Captive Group, which is a division within the larger HUB International organization.

4.  On April 22, 2024, the IRS Collection Division issued to HDH Group, Inc. notices of levy to collect the entire balance of penalty assessed against HDH Group, Inc. True and correct copies of these notices are attached as Exhibit A.

5.  On May 16, 2024, HDH Group, Inc. filed an appeal from the notices of levy. A true and correct copy of that appeal is attached as Exhibit B.

6.  Prior to the date the assessments were issued by the IRS to HDH Group, Inc., HDH Group, Inc. was not given the right to a trial by jury.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 2/27/2025

_____
Robert Evan Muffly





LM

**IRS Notice** CP504B



Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0030



027135.576071.109363.15768 1 SP 0.680 692

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

 027135

Notice of intent to seize (levy) your property or rights to property

# Amount due: $972,806.32

This is a notice of intent to levy your property or rights to property. As we notified you before, our records show you have unpaid taxes for the tax period ending December 31, 2013 (Form CIVPEN). If you don't call us immediately to make payment arrangements or we don't receive the amount due within 30 days from the date of this notice, we may levy your property or rights to property and apply it to the $972,806.32 you owe.

## Billing Summary

| | |
|---|---|
| Amount you owed | $937,515.00 |
| Interest charges | 35,291.32 |
| **Amount due immediately** | **$972,806.32** |



Continued on back...



# Payment

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

| | |
|---|---|
| **Notice** | CP504B |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |

- Make your check or money order payable to the "United States Treasury".
- Write your employer ID number         the tax period (December 31, 2013), and the form number (CIVPEN) on your payment and any correspondence.

**Amount due immediately**

| $972,806.32 |
|---|

INTERNAL REVENUE SERVICE
P.O. BOX 742562
CINCINNATI, OH 45280-2562

| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2013 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 2 of 5** | |

| | |
|---|---|
| **What you need to do immediately** | **If you agree with the amount due and you're not working with an IRS representative**<br><br>• Pay the amount due of $972,806.32 immediately or we may file a Notice of Federal Tax Lien, the amount of interest will increase, and additional penalties may apply.<br>• Pay online or by phone or mail a check or money order with the attached payment stub.  You can pay online now at eftps.gov.<br>• When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.  When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.<br><br>**If you disagree with the amount due**<br><br>Call us at 833-678-7020 to review your account with a representative.  Be sure to have your account information available when you call.<br><br>We'll assume you agree with the information in this notice if we don't hear from you. |
| **What you need to know** | **Notice of Intent to Levy**<br>This notice is your Notice of Intent to Levy (Internal Revenue Code Section 6331(d)). If we don't receive the amount due within 30 days from the date of this notice, we may serve a Disqualified Employment Tax Levy or a Federal Contractor Levy, as explained in the enclosed Publication 594, IRS Collection Process.  In most other situations, before we levy on your property or rights to property, we'll send you a notice that gives you the opportunity to request a Collection Due Process hearing, unless you have already received one.<br><br>Property or rights to property includes:<br>– Accounts receivable and other income<br>– Bank accounts<br>– Business assets |



| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2013 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 3 of 5** | |



027135

What you need to know—**continued**

### Right to request an appeal

If you don't agree with our intent to levy or file a Notice of Federal Tax Lien, you have the right to request an appeal under the Collection Appeals Program (CAP) before the collection action takes place. Please call 833-678-7020 or send us a Collection Appeal Request (Form 9423). Note: The (CAP) is different from the Collection Due Process (CDP) Program. Please call 833-678-7020 if you have questions about either of these programs. For more information about your appeal rights, see Publication 1660 (Collection Appeal Rights).

Send us your documents using the Documentation Upload Tool **within 30 days from the date of this notice**. To use the tool, scan the QR Code below or visit IRS.gov/dutreply and enter access code 59519-824u7.



Scan here to reply and upload documentation

### Denial or revocation of United States passport

On December 4, 2015, as part of the Fixing America's Surface Transportation (FAST) Act, Congress enacted section 7345 of the Internal Revenue Code, which requires the Internal Revenue Service to notify the State Department of taxpayers certified as owing a seriously delinquent tax debt. The FAST Act generally prohibits the State Department from issuing or renewing a passport to a taxpayer with seriously delinquent tax debt.

Seriously delinquent tax debt means an unpaid, legally enforceable federal tax debt of an individual totaling more than $62,000 that has been assessed and for which a Notice of Federal Tax Lien has been filed and all administrative remedies under IRC Section 6320 have lapsed or been exhausted, or a levy has been issued. If you are individually liable for tax debt (including penalties and interest) totaling more than $62,000 and you do not pay the amount you owe or make alternate arrangements to pay, we may notify the State Department that your tax debt is seriously delinquent. The State Department generally will not issue or renew a passport to you after we make this notification. If you currently have a valid passport, the State Department may revoke your passport or limit your ability to travel outside of the United States. Additional information on passport certification is available at irs.gov/passports.

Continued on back...

|  | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2013 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 4 of 5** | |

---

## Payment options

Pay online or by phone using the Electronic Federal Tax Payment System (EFTPS). Enroll at IRS.gov/eftps.  Once enrolled, you can also schedule payments and receive email notifications.

If you plan to mail a payment, consider the electronic options at IRS.gov/payments first.

If you pay by check, money order, or cashier's check, make sure it's payable to the U.S. Treasury.

Can't pay it all now?
- Apply for a payment plan (installment agreement) at IRS.gov/OPA
- Consider an offer in compromise at IRS.gov/OIC
- Request a temporary collection delay at IRS.gov/tempcollectiondelay

---

## If we don't hear from you

If you have not paid the debt already, a federal tax lien has arisen as a claim against all your property.  If you don't pay the amount due immediately or make payment arrangements, we can file a Notice of Federal Tax Lien (NFTL) publicly establishing our priority with your creditors and we may levy (subject to any applicable Collection Due Process rights).

If we file the NFTL, it may be difficult to sell or borrow against your property.  The NFTL may also appear on your credit report.

---

## Additional information

- Visit irs.gov/cp504b
- You may find the following publications helpful:
  - Publication 1, Your Rights as a Taxpayer
  - Publication 1660, Collection Appeal Rights
- For tax forms, instructions, and publications, visit irs.gov/forms-pubs or call 800-TAX-FORM (800-829-3676).
- Review the enclosed IRS Collection Process (Publication 594).
- Paying online is convenient, secure, and ensures timely receipt of your payment.  To pay your taxes online or for more information, go to eftps.gov.
- You can contact us by mail at the following address.  Be sure to include your employer ID number, the tax year, and the form number you are writing about.
    Internal Revenue Service
    Cincinnati, OH 45999-0039
- Keep this notice for your records.

If you need assistance, please don't hesitate to contact us.




| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2013 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 5 of 5** | |

027135

## Interest

(Internal Revenue Code Section 6601)

We are required by law to charge interest when you don't pay your liability on time. Unlike penalties, we cannot reduce or remove interest due to reasonable cause. Interest accumulates daily, so the longer you wait to pay, the more interest we add to your account. Visit irs.gov/interest for more information.

Note: The interest amount in Billing Summary reflects accruals from your previous balance due notice, the amounts shown below are total interest charges.

| Period | Days accrued | Unpaid balance | Interest rate | Interest factor | Interest charge |
|---|---|---|---|---|---|
| 11/13/2023 - 12/28/2023 | 45 | 1,103,515.00 | 8.0% | 0.009910722 | 10,936.63 |
| 12/28/2023 - 12/31/2023 | 3 | 948,451.63 | 8.0% | 0.000657678 | 623.78 |
| 12/31/2023 - 04/22/2024 | 113 | 949,075.41 | 8.0% | 0.025004246 | 23,730.91 |
| **Total Interest** | | | | | **$35,291.32** |



LM

**IRS Notice** CP504B


Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0030

IRS



027131.576071.109363.15768 1 SP 0.680 692



HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

027131

## Notice of intent to seize (levy) your property or rights to property
# Amount due: $1,343,267.75

This is a notice of intent to levy your property or rights to property. As we notified you before, our records show you have unpaid taxes for the tax period ending December 31, 2014 (Form CIVPEN). If you don't call us immediately to make payment arrangements or we don't receive the amount due within 30 days from the date of this notice, we may levy your property or rights to property and apply it to the $1,343,267.75 you owe.

### Billing Summary

| | |
|---|---|
| Amount you owed | $1,294,539.00 |
| Interest charges | 48,728.75 |
| **Amount due immediately** | **$1,343,267.75** |

Continued on back...


IRS

## Payment

INTERNAL REVENUE SERVICE
P.O. BOX 742562
CINCINNATI, OH 45280-2562

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

| | |
|---|---|
| **Notice** | CP504B |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |

- Make your check or money order payable to the "United States Treasury".
- Write your employer ID number            the tax period (December 31, 2014), and the form number (CIVPEN) on your payment and any correspondence.

**Amount due immediately**          $1,343,267.75

| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2014 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 2 of 6** | |

| What you need to do immediately | **If you agree with the amount due and you're not working with an IRS representative** |
|---|---|

- Pay the amount due of $1,343,267.75 immediately or we may file a Notice of Federal Tax Lien, the amount of interest will increase, and additional penalties may apply.
- Pay online or by phone or mail a check or money order with the attached payment stub.  You can pay online now at eftps.gov.
- When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.  When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

**If you disagree with the amount due**

Call us at 833-678-7020 to review your account with a representative.  Be sure to have your account information available when you call.

We'll assume you agree with the information in this notice if we don't hear from you.

| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2014 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 3 of 6** | |



027131

## What you need to know

**Notice of Intent to Levy**

This notice is your Notice of Intent to Levy (Internal Revenue Code Section 6331(d)). If we don't receive the amount due within 30 days from the date of this notice, we may serve a Disqualified Employment Tax Levy or a Federal Contractor Levy, as explained in the enclosed Publication 594, IRS Collection Process. In most other situations, before we levy on your property or rights to property, we'll send you a notice that gives you the opportunity to request a Collection Due Process hearing, unless you have already received one.

Property or rights to property includes:
- Accounts receivable and other income
- Bank accounts
- Business assets

Continued on back...

| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2014 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 4 of 6** | |

What you need to know—**continued**

**Right to request an appeal**

If you don't agree with our intent to levy or file a Notice of Federal Tax Lien, you have the right to request an appeal under the Collection Appeals Program (CAP) before the collection action takes place. Please call 833-678-7020 or send us a Collection Appeal Request (Form 9423). Note: The (CAP) is different from the Collection Due Process (CDP) Program. Please call 833-678-7020 if you have questions about either of these programs. For more information about your appeal rights, see Publication 1660 (Collection Appeal Rights).

Send us your documents using the Documentation Upload Tool **within 30 days from the date of this notice**. To use the tool, scan the QR Code below or visit IRS.gov/dutreply and enter access code 59519-824u7.



Scan here to reply and upload documentation

**Denial or revocation of United States passport**

On December 4, 2015, as part of the Fixing America's Surface Transportation (FAST) Act, Congress enacted section 7345 of the Internal Revenue Code, which requires the Internal Revenue Service to notify the State Department of taxpayers certified as owing a seriously delinquent tax debt. The FAST Act generally prohibits the State Department from issuing or renewing a passport to a taxpayer with seriously delinquent tax debt.

Seriously delinquent tax debt means an unpaid, legally enforceable federal tax debt of an individual totaling more than $62,000 that has been assessed and for which a Notice of Federal Tax Lien has been filed and all administrative remedies under IRC Section 6320 have lapsed or been exhausted, or a levy has been issued. If you are individually liable for tax debt (including penalties and interest) totaling more than $62,000 and you do not pay the amount you owe or make alternate arrangements to pay, we may notify the State Department that your tax debt is seriously delinquent. The State Department generally will not issue or renew a passport to you after you make this notification. If you currently have a valid passport, the State Department may revoke your passport or limit your ability to travel outside of the United States. Additional information on passport certification is available at irs.gov/passports.





| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2014 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 5 of 6** | |

027131

## Payment options

Pay online or by phone using the Electronic Federal Tax Payment System (EFTPS). Enroll at IRS.gov/eftps. Once enrolled, you can also schedule payments and receive email notifications.

If you plan to mail a payment, consider the electronic options at IRS.gov/payments first.

If you pay by check, money order, or cashier's check, make sure it's payable to the U.S. Treasury.

Can't pay it all now?
- Apply for a payment plan (installment agreement) at IRS.gov/OPA
- Consider an offer in compromise at IRS.gov/OIC
- Request a temporary collection delay at IRS.gov/tempcollectiondelay

## If we don't hear from you

If you have not paid the debt already, a federal tax lien has arisen as a claim against all your property. If you don't pay the amount due immediately or make payment arrangements, we can file a Notice of Federal Tax Lien (NFTL) publicly establishing our priority with your creditors and we may levy (subject to any applicable Collection Due Process rights).

If we file the NFTL, it may be difficult to sell or borrow against your property. The NFTL may also appear on your credit report.

## Additional information

- Visit irs.gov/cp504b
- You may find the following publications helpful:
  - Publication 1, Your Rights as a Taxpayer
  - Publication 1660, Collection Appeal Rights
- For tax forms, instructions, and publications, visit irs.gov/forms-pubs or call 800-TAX-FORM (800-829-3676).
- Review the enclosed IRS Collection Process (Publication 594).
- Paying online is convenient, secure, and ensures timely receipt of your payment. To pay your taxes online or for more information, go to eftps.gov.
- You can contact us by mail at the following address. Be sure to include your employer ID number, the tax year, and the form number you are writing about.
    Internal Revenue Service
    Cincinnati, OH 45999-0039
- Keep this notice for your records.

If you need assistance, please don't hesitate to contact us.

Continued on back...

| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2014 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 6 of 6** | |

---

## Interest

(Internal Revenue Code Section 6601)

We are required by law to charge interest when you don't pay your liability on time. Unlike penalties, we cannot reduce or remove interest due to reasonable cause. Interest accumulates daily, so the longer you wait to pay, the more interest we add to your account. Visit irs.gov/interest for more information.

Note: The interest amount in Billing Summary reflects accruals from your previous balance due notice, the amounts shown below are total interest charges.

| Period | Days accrued | Unpaid balance | Interest rate | Interest factor | Interest charge |
|---|---|---|---|---|---|
| 11/13/2023 - 12/28/2023 | 45 | 1,523,539.00 | 8.0% | 0.009910722 | 15,099.37 |
| 12/28/2023 - 12/31/2023 | 3 | 1,309,638.37 | 8.0% | 0.000657678 | 861.32 |
| 12/31/2023 - 04/22/2024 | 113 | 1,310,499.69 | 8.0% | 0.025004246 | 32,768.06 |
| **Total Interest** | | | | | **$48,728.75** |


LM

**IRS Notice** CP504B



Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0030





027137.576071.109363.15768 1 SP 0.680 692

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

027137

## Notice of intent to seize (levy) your property or rights to property
# Amount due: $1,258,008.10

This is a notice of intent to levy your property or rights to property.  As we notified you before, our records show you have unpaid taxes for the tax period ending December 31, 2015 (Form CIVPEN).  If you don't call us immediately to make payment arrangements or we don't receive the amount due within 30 days from the date of this notice, we may levy your property or rights to property and apply it to the $1,258,008.10 you owe.

### Billing Summary

| | |
|---|---|
| Amount you owed | $1,212,367.00 |
| Interest charges | 45,641.10 |
| **Amount due immediately** | **$1,258,008.10** |

Continued on back...



# Payment

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

| | |
|---|---|
| **Notice** | CP504B |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |

- Make your check or money order payable to the "United States Treasury".
- Write your employer ID number            , the tax period (December 31, 2015), and the form number (CIVPEN) on your payment and any correspondence.

### Amount due immediately

| |
|---|
| **$1,258,008.10** |

INTERNAL REVENUE SERVICE
P.O. BOX 742562
CINCINNATI, OH 45280-2562

| | |
|---|---|
| | LM |
| **Notice** | CP504B |
| **Tax Period** | December 31, 2015 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 2 of 6** | |

**What you need to do immediately**

**If you agree with the amount due and you're not working with an IRS representative**

- Pay the amount due of $1,258,008.10 immediately or we may file a Notice of Federal Tax Lien, the amount of interest will increase, and additional penalties may apply.
- Pay online or by phone or mail a check or money order with the attached payment stub.  You can pay online now at eftps.gov.
- When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.  When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

**If you disagree with the amount due**

Call us at 833-678-7020 to review your account with a representative.  Be sure to have your account information available when you call.

We'll assume you agree with the information in this notice if we don't hear from you.

| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2015 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 3 of 6** | |

## What you need to know



027137

### Notice of Intent to Levy

This notice is your Notice of Intent to Levy (Internal Revenue Code Section 6331(d)). If we don't receive the amount due within 30 days from the date of this notice, we may serve a Disqualified Employment Tax Levy or a Federal Contractor Levy, as explained in the enclosed Publication 594, IRS Collection Process. In most other situations, before we levy on your property or rights to property, we'll send you a notice that gives you the opportunity to request a Collection Due Process hearing, unless you have already received one.

Property or rights to property includes:
- Accounts receivable and other income
- Bank accounts
- Business assets

Continued on back...

| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2015 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 4 of 6** | |

What you need to know—**continued**

**Right to request an appeal**

If you don't agree with our intent to levy or file a Notice of Federal Tax Lien, you have the right to request an appeal under the Collection Appeals Program (CAP) before the collection action takes place.  Please call 833-678-7020 or send us a Collection Appeal Request (Form 9423).  Note: The (CAP) is different from the Collection Due Process (CDP) Program.  Please call 833-678-7020 if you have questions about either of these programs.  For more information about your appeal rights, see Publication 1660 (Collection Appeal Rights).

Send us your documents using the Documentation Upload Tool **within 30 days from the date of this notice**. To use the tool, scan the QR Code below or visit IRS.gov/dutreply and enter access code 59519-824u7.



Scan here to reply and upload documentation

**Denial or revocation of United States passport**

On December 4, 2015, as part of the Fixing America's Surface Transportation (FAST) Act, Congress enacted section 7345 of the Internal Revenue Code, which requires the Internal Revenue Service to notify the State Department of taxpayers certified as owing a seriously delinquent tax debt.  The FAST Act generally prohibits the State Department from issuing or renewing a passport to a taxpayer with seriously delinquent tax debt.

Seriously delinquent tax debt means an unpaid, legally enforceable federal tax debt of an individual totaling more than $62,000 that has been assessed and for which a Notice of Federal Tax Lien has been filed and all administrative remedies under IRC Section 6320 have lapsed or been exhausted, or a levy has been issued.  If you are individually liable for tax debt (including penalties and interest) totaling more than $62,000 and you do not pay the amount you owe or make alternate arrangements to pay, we may notify the State Department that your tax debt is seriously delinquent. The State Department generally will not issue or renew a passport to you after we make this notification.  If you currently have a valid passport, the State Department may revoke your passport or limit your ability to travel outside of the United States. Additional information on passport certification is available at irs.gov/passports.




027137

| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2015 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 5 of 6** | |

## Payment options

Pay online or by phone using the Electronic Federal Tax Payment System (EFTPS). Enroll at IRS.gov/eftps. Once enrolled, you can also schedule payments and receive email notifications.

If you plan to mail a payment, consider the electronic options at IRS.gov/payments first.

If you pay by check, money order, or cashier's check, make sure it's payable to the U.S. Treasury.

Can't pay it all now?
- Apply for a payment plan (installment agreement) at IRS.gov/OPA
- Consider an offer in compromise at IRS.gov/OIC
- Request a temporary collection delay at IRS.gov/tempcollectiondelay

## If we don't hear from you

If you have not paid the debt already, a federal tax lien has arisen as a claim against all your property. If you don't pay the amount due immediately or make payment arrangements, we can file a Notice of Federal Tax Lien (NFTL) publicly establishing our priority with your creditors and we may levy (subject to any applicable Collection Due Process rights).

If we file the NFTL, it may be difficult to sell or borrow against your property. The NFTL may also appear on your credit report.

## Additional information

- Visit irs.gov/cp504b
- You may find the following publications helpful:
  - Publication 1, Your Rights as a Taxpayer
  - Publication 1660, Collection Appeal Rights
- For tax forms, instructions, and publications, visit irs.gov/forms-pubs or call 800-TAX-FORM (800-829-3676).
- Review the enclosed IRS Collection Process (Publication 594).
- Paying online is convenient, secure, and ensures timely receipt of your payment. To pay your taxes online or for more information, go to eftps.gov.
- You can contact us by mail at the following address. Be sure to include your employer ID number, the tax year, and the form number you are writing about.
  Internal Revenue Service
  Cincinnati, OH 45999-0039
- Keep this notice for your records.

If you need assistance, please don't hesitate to contact us.

Continued on back...

|  | LM |
| --- | --- |
| **Notice** | CP504B |
| **Tax Period** | December 31, 2015 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 6 of 6** | |

---

### Interest

(Internal Revenue Code Section 6601)

We are required by law to charge interest when you don't pay your liability on time. Unlike penalties, we cannot reduce or remove interest due to reasonable cause. Interest accumulates daily, so the longer you wait to pay, the more interest we add to your account. Visit irs.gov/interest for more information.

Note: The interest amount in Billing Summary reflects accruals from your previous balance due notice, the amounts shown below are total interest charges.

| Period | Days accrued | Unpaid balance | Interest rate | Interest factor | Interest charge |
| --- | --- | --- | --- | --- | --- |
| 11/13/2023 - 12/28/2023 | 45 | 1,427,367.00 | 8.0% | 0.009910722 | 14,146.24 |
| 12/28/2023 - 12/31/2023 | 3 | 1,226,513.24 | 8.0% | 0.000657678 | 806.65 |
| 12/31/2023 - 04/22/2024 | 113 | 1,227,319.89 | 8.0% | 0.025004246 | 30,688.21 |
| **Total Interest** | | | | | **$45,641.10** |



Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0030

LM
**IRS Notice** CP504B




027133.576071.109363.15768 1 SP 0.680 692

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

027133

Notice of intent to seize (levy) your property or rights to property
# Amount due: $1,344,577.06

This is a notice of intent to levy your property or rights to property. As we notified you before, our records show you have unpaid taxes for the tax period ending December 31, 2016 (Form CIVPEN). If you don't call us immediately to make payment arrangements or we don't receive the amount due within 30 days from the date of this notice, we may levy your property or rights to property and apply it to the $1,344,577.06 you owe.

### Billing Summary

| | |
|---|---|
| Amount you owed | $1,295,803.00 |
| Interest charges | 48,774.06 |
| **Amount due immediately** | **$1,344,577.06** |

Continued on back...



# Payment

INTERNAL REVENUE SERVICE
P.O. BOX 742562
CINCINNATI, OH 45280-2562

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

| Notice | CP504B |
|---|---|
| Notice date | April 22, 2024 |
| Employer ID number | |

- Make your check or money order payable to the "United States Treasury".
- Write your employer ID number , the tax period (December 31, 2016), and the form number (CIVPEN) on your payment and any correspondence.

Amount due immediately | $1,344,577.06

|  | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2016 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 2 of 6** | |

## What you need to do immediately

**If you agree with the amount due and you're not working with an IRS representative**

- Pay the amount due of $1,344,577.06 immediately or we may file a Notice of Federal Tax Lien, the amount of interest will increase, and additional penalties may apply.
- Pay online or by phone or mail a check or money order with the attached payment stub. You can pay online now at eftps.gov.
- When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

**If you disagree with the amount due**

Call us at 833-678-7020 to review your account with a representative. Be sure to have your account information available when you call.

We'll assume you agree with the information in this notice if we don't hear from you.

| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2016 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 3 of 6** | |

## What you need to know



027133

### Notice of Intent to Levy

This notice is your Notice of Intent to Levy (Internal Revenue Code Section 6331(d)). If we don't receive the amount due within 30 days from the date of this notice, we may serve a Disqualified Employment Tax Levy or a Federal Contractor Levy, as explained in the enclosed Publication 594, IRS Collection Process. In most other situations, before we levy on your property or rights to property, we'll send you a notice that gives you the opportunity to request a Collection Due Process hearing, unless you have already received one.

Property or rights to property includes:
- Accounts receivable and other income
- Bank accounts
- Business assets

Continued on back...

| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2016 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 4 of 6** | |

---

What you need to know—**continued**

### Right to request an appeal

If you don't agree with our intent to levy or file a Notice of Federal Tax Lien, you have the right to request an appeal under the Collection Appeals Program (CAP) before the collection action takes place. Please call 833-678-7020 or send us a Collection Appeal Request (Form 9423). Note: The (CAP) is different from the Collection Due Process (CDP) Program. Please call 833-678-7020 if you have questions about either of these programs. For more information about your appeal rights, see Publication 1660 (Collection Appeal Rights).

Send us your documents using the Documentation Upload Tool **within 30 days from the date of this notice**. To use the tool, scan the QR Code below or visit IRS.gov/dutreply and enter access code 59519-824u7.



Scan here to reply and upload documentation

### Denial or revocation of United States passport

On December 4, 2015, as part of the Fixing America's Surface Transportation (FAST) Act, Congress enacted section 7345 of the Internal Revenue Code, which requires the Internal Revenue Service to notify the State Department of taxpayers certified as owing a seriously delinquent tax debt. The FAST Act generally prohibits the State Department from issuing or renewing a passport to a taxpayer with seriously delinquent tax debt.

Seriously delinquent tax debt means an unpaid, legally enforceable federal tax debt of an individual totaling more than $62,000 that has been assessed and for which a Notice of Federal Tax Lien has been filed and all administrative remedies under IRC Section 6320 have lapsed or been exhausted, or a levy has been issued. If you are individually liable for tax debt (including penalties and interest) totaling more than $62,000 and you do not pay the amount you owe or make alternate arrangements to pay, we may notify the State Department that your tax debt is seriously delinquent. The State Department generally will not issue or renew a passport to you after we make this notification. If you currently have a valid passport, the State Department may revoke your passport or limit your ability to travel outside of the United States. Additional information on passport certification is available at irs.gov/passports.



| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2016 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 5 of 6** | |





027133

## Payment options

Pay online or by phone using the Electronic Federal Tax Payment System (EFTPS). Enroll at IRS.gov/eftps. Once enrolled, you can also schedule payments and receive email notifications.

If you plan to mail a payment, consider the electronic options at IRS.gov/payments first.

If you pay by check, money order, or cashier's check, make sure it's payable to the U.S. Treasury.

Can't pay it all now?
- Apply for a payment plan (installment agreement) at IRS.gov/OPA
- Consider an offer in compromise at IRS.gov/OIC
- Request a temporary collection delay at IRS.gov/tempcollectiondelay

## If we don't hear from you

If you have not paid the debt already, a federal tax lien has arisen as a claim against all your property. If you don't pay the amount due immediately or make payment arrangements, we can file a Notice of Federal Tax Lien (NFTL) publicly establishing our priority with your creditors and we may levy (subject to any applicable Collection Due Process rights).

If we file the NFTL, it may be difficult to sell or borrow against your property. The NFTL may also appear on your credit report.

## Additional information

- Visit irs.gov/cp504b
- You may find the following publications helpful:
  - Publication 1, Your Rights as a Taxpayer
  - Publication 1660, Collection Appeal Rights
- For tax forms, instructions, and publications, visit irs.gov/forms-pubs or call 800-TAX-FORM (800-829-3676).
- Review the enclosed IRS Collection Process (Publication 594).
- Paying online is convenient, secure, and ensures timely receipt of your payment. To pay your taxes online or for more information, go to eftps.gov.
- You can contact us by mail at the following address. Be sure to include your employer ID number, the tax year, and the form number you are writing about.
    Internal Revenue Service
    Cincinnati, OH 45999-0039
- Keep this notice for your records.

If you need assistance, please don't hesitate to contact us.

Continued on back...

| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2016 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 6 of 6** | |

## Interest

(Internal Revenue Code Section 6601)

We are required by law to charge interest when you don't pay your liability on time. Unlike penalties, we cannot reduce or remove interest due to reasonable cause. Interest accumulates daily, so the longer you wait to pay, the more interest we add to your account. Visit irs.gov/interest for more information.

Note: The interest amount in Billing Summary reflects accruals from your previous balance due notice, the amounts shown below are total interest charges.

| Period | Days accrued | Unpaid balance | Interest rate | Interest factor | Interest charge |
|---|---|---|---|---|---|
| 11/13/2023 - 12/28/2023 | 45 | 1,524,803.00 | 8.0% | 0.009910722 | 15,111.90 |
| 12/28/2023 - 12/31/2023 | 3 | 1,310,914.90 | 8.0% | 0.000657678 | 862.16 |
| 12/31/2023 - 04/22/2024 | 113 | 1,311,777.06 | 8.0% | 0.025004246 | 32,800.00 |
| **Total Interest** | | | | | **$48,774.06** |

 

LM



Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0030

**IRS Notice** CP504B



027138.576071.109363.15768 1 SP 0.680 692

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

027138

## Notice of intent to seize (levy) your property or rights to property
# Amount due: $615,949.08

This is a notice of intent to levy your property or rights to property. As we notified you before, our records show you have unpaid taxes for the tax period ending December 31, 2017 (Form CIVPEN). If you don't call us immediately to make payment arrangements or we don't receive the amount due within 30 days from the date of this notice, we may levy your property or rights to property and apply it to the $615,949.08 you owe.

### Billing Summary

| | |
|---|---|
| Amount you owed | $593,595.00 |
| Interest charges | 22,354.08 |
| **Amount due immediately** | **$615,949.08** |

Continued on back...



# Payment

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

| | |
|---|---|
| **Notice** | CP504B |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |

- Make your check or money order payable to the "United States Treasury".
- Write your employer ID number                    , the tax period (December 31, 2017), and the form number (CIVPEN) on your payment and any correspondence.

**Amount due immediately**          $615,949.08

INTERNAL REVENUE SERVICE
P.O. BOX 742562
CINCINNATI, OH 45280-2562

| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2017 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 2 of 5** | |

| **What you need to do immediately** | **If you agree with the amount due and you're not working with an IRS representative** |
|---|---|

- Pay the amount due of $615,949.08 immediately or we may file a Notice of Federal Tax Lien, the amount of interest will increase, and additional penalties may apply.
- Pay online or by phone or mail a check or money order with the attached payment stub. You can pay online now at eftps.gov.
- When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

**If you disagree with the amount due**

Call us at 833-678-7020 to review your account with a representative. Be sure to have your account information available when you call.

We'll assume you agree with the information in this notice if we don't hear from you.

| **What you need to know** | **Notice of Intent to Levy** |
|---|---|

This notice is your Notice of Intent to Levy (Internal Revenue Code Section 6331(d)). If we don't receive the amount due within 30 days from the date of this notice, we may serve a Disqualified Employment Tax Levy or a Federal Contractor Levy, as explained in the enclosed Publication 594, IRS Collection Process. In most other situations, before we levy on your property or rights to property, we'll send you a notice that gives you the opportunity to request a Collection Due Process hearing, unless you have already received one.

Property or rights to property includes:
- Accounts receivable and other income
- Bank accounts
- Business assets



| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2017 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 3 of 5** | |



027138

What you need to know—**continued**

### Right to request an appeal

If you don't agree with our intent to levy or file a Notice of Federal Tax Lien, you have the right to request an appeal under the Collection Appeals Program (CAP) before the collection action takes place. Please call 833-678-7020 or send us a Collection Appeal Request (Form 9423). Note: The (CAP) is different from the Collection Due Process (CDP) Program. Please call 833-678-7020 if you have questions about either of these programs. For more information about your appeal rights, see Publication 1660 (Collection Appeal Rights).

Send us your documents using the Documentation Upload Tool **within 30 days from the date of this notice**. To use the tool, scan the QR Code below or visit IRS.gov/dutreply and enter access code 59519-824u7.



Scan here to reply and upload documentation

### Denial or revocation of United States passport

On December 4, 2015, as part of the Fixing America's Surface Transportation (FAST) Act, Congress enacted section 7345 of the Internal Revenue Code, which requires the Internal Revenue Service to notify the State Department of taxpayers certified as owing a seriously delinquent tax debt. The FAST Act generally prohibits the State Department from issuing or renewing a passport to a taxpayer with seriously delinquent tax debt.

Seriously delinquent tax debt means an unpaid, legally enforceable federal tax debt of an individual totaling more than $62,000 that has been assessed and for which a Notice of Federal Tax Lien has been filed and all administrative remedies under IRC Section 6320 have lapsed or been exhausted, or a levy has been issued. If you are individually liable for tax debt (including penalties and interest) totaling more than $62,000 and you do not pay the amount you owe or make alternate arrangements to pay, we may notify the State Department that your tax debt is seriously delinquent. The State Department generally will not issue or renew a passport to you after we make this notification. If you currently have a valid passport, the State Department may revoke your passport or limit your ability to travel outside of the United States. Additional information on passport certification is available at irs.gov/passports.

Continued on back...

| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2017 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 4 of 5** | |

---

## Payment options

Pay online or by phone using the Electronic Federal Tax Payment System (EFTPS). Enroll at IRS.gov/eftps. Once enrolled, you can also schedule payments and receive email notifications.

If you plan to mail a payment, consider the electronic options at IRS.gov/payments first.

If you pay by check, money order, or cashier's check, make sure it's payable to the U.S. Treasury.

Can't pay it all now?
- Apply for a payment plan (installment agreement) at IRS.gov/OPA
- Consider an offer in compromise at IRS.gov/OIC
- Request a temporary collection delay at IRS.gov/tempcollectiondelay

---

## If we don't hear from you

If you have not paid the debt already, a federal tax lien has arisen as a claim against all your property. If you don't pay the amount due immediately or make payment arrangements, we can file a Notice of Federal Tax Lien (NFTL) publicly establishing our priority with your creditors and we may levy (subject to any applicable Collection Due Process rights).

If we file the NFTL, it may be difficult to sell or borrow against your property. The NFTL may also appear on your credit report.

---

## Additional information

- Visit irs.gov/cp504b
- You may find the following publications helpful:
  - Publication 1, Your Rights as a Taxpayer
  - Publication 1660, Collection Appeal Rights
- For tax forms, instructions, and publications, visit irs.gov/forms-pubs or call 800-TAX-FORM (800-829-3676).
- Review the enclosed IRS Collection Process (Publication 594).
- Paying online is convenient, secure, and ensures timely receipt of your payment. To pay your taxes online or for more information, go to eftps.gov.
- You can contact us by mail at the following address. Be sure to include your employer ID number, the tax year, and the form number you are writing about.
  Internal Revenue Service
  Cincinnati, OH 45999-0039
- Keep this notice for your records.

If you need assistance, please don't hesitate to contact us.

| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2017 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 5 of 5** | |



027138

## Interest

(Internal Revenue Code Section 6601)

We are required by law to charge interest when you don't pay your liability on time. Unlike penalties, we cannot reduce or remove interest due to reasonable cause. Interest accumulates daily, so the longer you wait to pay, the more interest we add to your account. Visit irs.gov/interest for more information.

Note: The interest amount in Billing Summary reflects accruals from your previous balance due notice, the amounts shown below are total interest charges.

| Period | Days accrued | Unpaid balance | Interest rate | Interest factor | Interest charge |
|---|---|---|---|---|---|
| 11/13/2023 - 12/28/2023 | 45 | 699,595.00 | 8.0% | 0.009910722 | 6,933.49 |
| 12/28/2023 - 12/31/2023 | 3 | 600,528.49 | 8.0% | 0.000657678 | 394.95 |
| 12/31/2023 - 04/22/2024 | 113 | 600,923.44 | 8.0% | 0.025004246 | 15,025.64 |
| **Total Interest** | | | | | **$22,354.08** |





Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0030

LM

**IRS Notice** CP504B





027129.576071.109363.15768 1 SP 0.680 692

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

027129

## Notice of intent to seize (levy) your property or rights to property
# Amount due: $250,738.16

This is a notice of intent to levy your property or
rights to property. As we notified you before,
our records show you have unpaid taxes for the
tax period ending December 31, 2018 (Form
CIVPEN). If you don't call us immediately to
make payment arrangements or we don't receive
the amount due within 30 days from the date of
this notice, we may levy your property or rights to
property and apply it to the $250,738.16 you
owe.

### Billing Summary

| | |
|---|---|
| Amount you owed | $241,630.00 |
| Interest charges | 9,108.16 |
| **Amount due immediately** | **$250,738.16** |

Continued on back...



# Payment

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

| | |
|---|---|
| **Notice** | CP504B |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |

- Make your check or money order payable to the "United States Treasury".
- Write your employer ID number          , the tax period (December 31, 2018),
  and the form number (CIVPEN) on your payment and any correspondence.

INTERNAL REVENUE SERVICE
P.O. BOX 742562
CINCINNATI, OH 45280-2562

**Amount due immediately**

$250,738.16



| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2018 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 2 of 5** | |

| What you need to do immediately | **If you agree with the amount due and you're not working with an IRS representative** |
|---|---|

- Pay the amount due of $250,738.16 immediately or we may file a Notice of Federal Tax Lien, the amount of interest will increase, and additional penalties may apply.
- Pay online or by phone or mail a check or money order with the attached payment stub. You can pay online now at eftps.gov.
- When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

**If you disagree with the amount due**

Call us at 833-678-7020 to review your account with a representative. Be sure to have your account information available when you call.

We'll assume you agree with the information in this notice if we don't hear from you.

| What you need to know | **Notice of Intent to Levy** |
|---|---|

This notice is your Notice of Intent to Levy (Internal Revenue Code Section 6331(d)). If we don't receive the amount due within 30 days from the date of this notice, we may serve a Disqualified Employment Tax Levy or a Federal Contractor Levy, as explained in the enclosed Publication 594, IRS Collection Process. In most other situations, before we levy on your property or rights to property, we'll send you a notice that gives you the opportunity to request a Collection Due Process hearing, unless you have already received one.

Property or rights to property includes:
- Accounts receivable and other income
- Bank accounts
- Business assets

| | LM |
|---|---|
| Notice | CP504B |
| Tax Period | December 31, 2018 |
| Notice date | April 22, 2024 |
| Employer ID number | |
| Page 3 of 5 | |



027129

What you need to know—**continued**

### Right to request an appeal

If you don't agree with our intent to levy or file a Notice of Federal Tax Lien, you have the right to request an appeal under the Collection Appeals Program (CAP) before the collection action takes place. Please call 833-678-7020 or send us a Collection Appeal Request (Form 9423). Note: The (CAP) is different from the Collection Due Process (CDP) Program. Please call 833-678-7020 if you have questions about either of these programs. For more information about your appeal rights, see Publication 1660 (Collection Appeal Rights).

Send us your documents using the Documentation Upload Tool **within 30 days from the date of this notice**. To use the tool, scan the QR Code below or visit IRS.gov/dutreply and enter access code 59519-824u7.



Scan here to reply and upload documentation

### Denial or revocation of United States passport

On December 4, 2015, as part of the Fixing America's Surface Transportation (FAST) Act, Congress enacted section 7345 of the Internal Revenue Code, which requires the Internal Revenue Service to notify the State Department of taxpayers certified as owing a seriously delinquent tax debt. The FAST Act generally prohibits the State Department from issuing or renewing a passport to a taxpayer with seriously delinquent tax debt.

Seriously delinquent tax debt means an unpaid, legally enforceable federal tax debt of an individual totaling more than $62,000 that has been assessed and for which a Notice of Federal Tax Lien has been filed and all administrative remedies under IRC Section 6320 have lapsed or been exhausted, or a levy has been issued. If you are individually liable for tax debt (including penalties and interest) totaling more than $62,000 and you do not pay the amount you owe or make alternate arrangements to pay, we may notify the State Department that your tax debt is seriously delinquent. The State Department generally will not issue or renew a passport to you after we make this notification. If you currently have a valid passport, the State Department may revoke your passport or limit your ability to travel outside of the United States. Additional information on passport certification is available at irs.gov/passports.

Continued on back...

| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2018 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 4 of 5** | |

---

**Payment options**

Pay online or by phone using the Electronic Federal Tax Payment System (EFTPS). Enroll at IRS.gov/eftps. Once enrolled, you can also schedule payments and receive email notifications.

If you plan to mail a payment, consider the electronic options at IRS.gov/payments first.

If you pay by check, money order, or cashier's check, make sure it's payable to the U.S. Treasury.

Can't pay it all now?
- Apply for a payment plan (installment agreement) at IRS.gov/OPA
- Consider an offer in compromise at IRS.gov/OIC
- Request a temporary collection delay at IRS.gov/tempcollectiondelay

---

**If we don't hear from you**

If you have not paid the debt already, a federal tax lien has arisen as a claim against all your property. If you don't pay the amount due immediately or make payment arrangements, we can file a Notice of Federal Tax Lien (NFTL) publicly establishing our priority with your creditors and we may levy (subject to any applicable Collection Due Process rights).

If we file the NFTL, it may be difficult to sell or borrow against your property. The NFTL may also appear on your credit report.

---

**Additional information**

- Visit irs.gov/cp504b
- You may find the following publications helpful:
  - Publication 1, Your Rights as a Taxpayer
  - Publication 1660, Collection Appeal Rights
- For tax forms, instructions, and publications, visit irs.gov/forms-pubs or call 800-TAX-FORM (800-829-3676).
- Review the enclosed IRS Collection Process (Publication 594).
- Paying online is convenient, secure, and ensures timely receipt of your payment. To pay your taxes online or for more information, go to eftps.gov.
- You can contact us by mail at the following address. Be sure to include your employer ID number, the tax year, and the form number you are writing about.
    Internal Revenue Service
    Cincinnati, OH 45999-0039
- Keep this notice for your records.

If you need assistance, please don't hesitate to contact us.




027129

| | LM |
|---|---|
| **Notice** | CP504B |
| **Tax Period** | December 31, 2018 |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |
| **Page 5 of 5** | |

## Interest

(Internal Revenue Code Section 6601)

We are required by law to charge interest when you don't pay your liability on time. Unlike penalties, we cannot reduce or remove interest due to reasonable cause. Interest accumulates daily, so the longer you wait to pay, the more interest we add to your account. Visit irs.gov/interest for more information.

Note: The interest amount in Billing Summary reflects accruals from your previous balance due notice, the amounts shown below are total interest charges.

| Period | Days accrued | Unpaid balance | Interest rate | Interest factor | Interest charge |
|---|---|---|---|---|---|
| 11/13/2023 - 12/28/2023 | 45 | 285,630.00 | 8.0% | 0.009910722 | 2,830.80 |
| 12/28/2023 - 12/31/2023 | 3 | 244,460.80 | 8.0% | 0.000657678 | 160.78 |
| 12/31/2023 - 04/22/2024 | 113 | 244,621.58 | 8.0% | 0.025004246 | 6,116.58 |
| **Total Interest** | | | | | **$9,108.16** |

| Form **9423** (February 2020) | Department of the Treasury - Internal Revenue Service **Collection Appeal Request** (Instructions are on the reverse side of this form) |
|---|---|

| 1. Taxpayer's name<br><br>HDH Group, Inc. | 2. Representative *(attach a copy of Form 2848, Power of Attorney)*<br><br>Ralph Minto, Jr. | | |
|---|---|---|---|
| 3. SSN/EIN | 4. Taxpayer's business phone<br><br>412-391-1823 | 5. Taxpayer's home phone<br><br>N/A | 6. Representative's phone<br><br>412-201-5525 |

7. Taxpayer's street address
210 6th Avenue, 30th Floor

| 8. City<br><br>Pittsburgh | 9. State<br><br>Pennsylvania | 10. ZIP code<br><br>15222 |
|---|---|---|
| 11. Type of tax *(tax form)*<br><br>CIVPEN | 12. Tax periods being appealed<br><br>2013,2014,2015,2016,2017,2018 | 13. Tax due<br><br>-0- |

**Collection Action(s) Appealed**

14. Check the Collection action(s) you are appealing

- [ ] Federal Tax Lien
- [✓] Levy or Proposed Levy
- [ ] Seizure
- [ ] Rejection of Installment Agreement
- [ ] Termination of Installment Agreement
- [ ] Modification of Installment Agreement

**Explanation**

15. Explain why you disagree with the collection action(s) you checked above and explain how you would resolve your tax problem. Attach additional pages if needed. Attach copies of any documents that you think will support your position. Generally, the Internal Revenue Service Independent Office of Appeals will ask the Collection Function to review, verify and provide their opinion on any new information you submit. We will share their comments with you and give you the opportunity to respond

See Statement attached.

Under penalties of perjury, I declare that I have examined this request and any accompanying documents, and to the best of my knowledge and belief, they are true, correct and complete. A submission by a representative, other than the taxpayer, is based on all information of which the representative has any knowledge.

| 16. [ ] Taxpayer's or [✓] Authorized Representative's signature *(only check one box)* | 17. Date signed<br><br>5/9/24 |
|---|---|

### IRS USE ONLY

| 18. Revenue Officer's name | 19. Revenue Officer's signature | 20. Date signed |
|---|---|---|
| 21. Revenue Officer's phone | 22. Revenue Officer's email address | 23. Date received |
| 24. Collection Manager's name | 25. Collection Manager's signature | 26. Date signed |
| 27. Collection Manager's phone | 28. Collection Manager's email address | 29. Date received |

# Collection Appeals Statement to Accompany Form 9423

On April 22, 2024 the Internal Revenue Service ("IRS") issued Notices of Intent to Levy (IRS Notice CP 504B), (Exhibit 1), to HDH Group, Inc. (the "Taxpayer") for the tax years ended December 31, 2013, 2014, 2015, 2016, 2017 and 2018 (the "Notices"). The Notices relate to assessments made against the Taxpayer pertaining to Internal Revenue Code Section 6700, 26 USC section 6700. (Hereinafter all references to the sections shall be to the Internal Revenue Code of 1986, 26 USC section 1, *et seq*, as amended, unless otherwise noted).

The Notices should not have been issued, and all collection activity should be suspended.

**Facts and legal analysis:**

On November 13, 2023 the Taxpayer received notices of assessment of the section 6700 penalties for the years ended December 31, 2013, 2014, 2015, 2016, 2017 and 2018. (Exhibit 2) On December 8, 2023 the Taxpayer paid the required 15% (fifteen percent) of the assessments to the Internal Revenue Service (Exhibit 3) and then, on December 11, 2023 timely filed claims for refund for the amounts so assessed (Exhibit 4).

Section 6703(c)(1) and (2) governs IRS collection power and the time limitations that taxpayers must adhere in section 6700 appeals. Section 6703(c)(1) provides that all collection activity pertaining to the 6700 penalty assessments is suspended if the taxpayer, within 30 days of the date of the assessment, pays 15% or more of the assessment and files a claim for refund. As shown above, the section 6700 penalties were assessed on November 13, 2023, the Taxpayer paid the required 15% on December 8 and, on December 11, 2023, filed its claims for refund, both within the thirty period required by section 6703(c)(1).

Since the Taxpayer has complied with the section 6703(c)(1) requirements, collection of any additional amounts by the IRS, pertaining to the 6700 penalty assessment is barred. Section 6703(c)(2) then goes on to provide that the suspended collection activity may be reinstated only if the taxpayer fails to file an action in the district court within the earlier to occur of 30 days from the date of claim disallowance or, if earlier, within 30 days after the expiration of 6 months after the day on which the taxpayer filed the claim for refund. The IRS has not issued its statutory notice of claim disallowance. However, if no denial

notice is received within 6 months after the date that the claim for refund is filed, the district court appeal must be filed within 30 days of the expiration of that 6 month period.

In the current situation the Taxpayer has met all of the three requirements imposed by section 6703(c)(1), since it timely paid the required 15% of the assessment, timely filed its claims for refund and those claims have not yet been disallowed by the IRS.  Therefore, the attempts to levy by the IRS now are barred by section 6703.

Set forth below is section 6703 in its entirety for your information.

26 U.S. Code § 6703 - Rules applicable to penalties under
sections 6700, 6701, and 6702
(a)BURDEN OF PROOF
In any proceeding involving the issue of whether or not any person is liable for a penalty under section 6700, 6701, or 6702, the burden of proof with respect to such issue shall be on the Secretary.
(b)DEFICIENCY PROCEDURES NOT TO APPLY
Subchapter B of chapter 63 (relating to deficiency procedures) shall not apply with respect to the assessment or collection of the penalties provided by sections 6700, 6701, and 6702.
(c)EXTENSION OF PERIOD OF COLLECTION WHERE PERSON PAYS 15 PERCENT OF PENALTY
(1)IN GENERAL
If, within 30 days after the day on which notice and demand of any penalty under section 6700 or 6701 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of a proceeding begun as provided in paragraph (2). Notwithstanding the provisions of section 7421(a), the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court. Nothing in this paragraph shall be construed to prohibit any counterclaim for the remainder of such penalty in a proceeding begun as provided in paragraph (2).
(2)PERSON MUST BRING SUIT IN DISTRICT COURT TO DETERMINE HIS LIABILITY FOR PENALTY
If, within 30 days after the day on which his claim for refund of any partial payment of any penalty under section 6700 or 6701 is denied (or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund), the person fails to begin a proceeding in the appropriate United States

district court for the determination of his liability for such penalty, paragraph (1) shall cease to apply with respect to such penalty, effective on the day following the close of the applicable 30-day period referred to in this paragraph.

(3)SUSPENSION OF RUNNING OF PERIOD OF LIMITATIONS ON COLLECTION The running of the period of limitations provided in section 6502 on the collection by levy or by a proceeding in court in respect of any penalty described in paragraph (1) shall be suspended for the period during which the Secretary is prohibited from collecting by levy or a proceeding in court.

(Added Pub. L. 97–248, title III, § 322(a), Sept. 3, 1982, 96 Stat. 612; amended Pub. L. 101–239, title VII, §§ 7736(a), 7737(a), Dec. 19, 1989, 103 Stat. 2404.)

Form **2848**
(Rev. July 2014)
Department of the Treasury
Internal Revenue Service

## Power of Attorney
## and Declaration of Representative

▶ Information about Form 2848 and its instructions is at *www.irs.gov/form2848.*

OMB No. 1545-0150

| For IRS Use Only |
|---|
| Received by: |
| Name _____ |
| Telephone _____ |
| Function _____ |
| Date     /     / |

| **Part I** | **Power of Attorney** |
|---|---|

**Caution:** *A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.*

**1    Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

| Taxpayer name and address<br>HDH Group, Inc.<br>210 Sixth Avenue, 30th Floor<br>Pittsburgh, PA  15222 | Taxpayer identification number(s) | |
|---|---|---|
| | Daytime telephone number<br>(312) 279-4696 | Plan number (if applicable) |

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2    Representative(s)** must sign and date this form on page 2, Part II.

| Name and address<br>Ralph Minto, Jr., Minto Law Group, LLC, 811 Camp Horne Road, Suite 320, Pittsburgh, PA 15237 | CAF No.    6505-20831R |
|---|---|
| | PTIN ---------------------------------- |
| | Telephone No.    412-201-5525 |
| | Fax No.    412-201-5526 |
| Check if to be sent copies of notices and communications  ☑ | Check if new: Address ☒    Telephone No. ☐    Fax No. ☐ |

| Name and address<br>Michelle L. Kopnski, Minto Law Group, LLC, 811 Camp Horne Road, Suite 320, Pittsburgh, PA 15237 | CAF No.    2605-42505R |
|---|---|
| | PTIN ---------------------------------- |
| | Telephone No.    412-201-5525 |
| | Fax No.    412-201-5526 |
| Check if to be sent copies of notices and communications  ☑ | Check if new: Address ☒    Telephone No. ☐    Fax No. ☐ |

| Name and address | CAF No. |
|---|---|
| | PTIN ---------------------------------- |
| | Telephone No. |
| | Fax No. |
| (Note. IRS sends notices and communications to only two representatives.) | Check if new: Address ☐    Telephone No. ☐    Fax No. ☐ |

| Name and address | CAF No. |
|---|---|
| | PTIN ---------------------------------- |
| | Telephone No. |
| | Fax No. |
| (Note. IRS sends notices and communications to only two representatives.) | Check if new: Address ☐    Telephone No. ☐    Fax No. ☐ |

to represent the taxpayer before the Internal Revenue Service and perform the following acts:

**3    Acts authorized (you are required to complete line 3).** With the exception of the acts described in line 5b, I authorize my representative(s) to receive and inspect my confidential tax information and to perform acts that I can perform with respect to the tax matters described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return).

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, Sec. 5000A Shared Responsibility Payment, Sec. 4980H Shared Responsibility Payment, etc.) (see instructions) | Tax Form Number<br>(1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable)<br>(see instructions) |
|---|---|---|
| CVL PEN - Promoter - IRC Section 6700 | Form 6118 Claim for Refund | 2013 2014 2015 2016 2017 2018 |
| | | |
| | | |

**4    Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. Specific Use Not Recorded on CAF  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   . ▶ ☐

**5a  Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information):

☐ Authorize disclosure to third parties;   ☐ Substitute or add representative(s);   ☐ Sign a return; _____

_____

_____

☐ Other acts authorized: _____        _____

_____

For Privacy Act and Paperwork Reduction Act Notice, see the instructions.                    Form **2848** (Rev. 7-2014)

Form 2848 (Rev. 7-2014)

b   Specific acts not authorized. My representative(s) is (are) not authorized to endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the representative(s) or any firm or other entity with whom the representative(s) is (are) associated) issued by the government in respect of a federal tax liability.
List any specific deletions to the acts otherwise authorized in this power of attorney (see instructions for line 5b): ....................................

6   Retention/revocation of prior power(s) of attorney. The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here .................................................................... ▶ ☐
    **YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

7   Signature of taxpayer. If a tax matter concerns a year in which a joint return was filed, each spouse must file a separate power of attorney even if they are appointing the same representative(s). If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.
    ▶ **IF NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THIS POWER OF ATTORNEY TO THE TAXPAYER.**

| | | |
|---|---|---|
| _(signature)_ | 12-6-23 | VP of Tax |
| Signature | Date | Title (if applicable) |
| James M. Vogdes IV | | HDH Group, Inc. |
| Print Name | | Print name of taxpayer from line 1 if other than individual |

## Part II    Declaration of Representative

Under penalties of perjury, by my signature below I declare that:
*  I am not currently suspended or disbarred from practice before the Internal Revenue Service;
*  I am subject to regulations contained in Circular 230 (31 CFR, Subtitle A, Part 10), as amended, governing practice before the Internal Revenue Service;
*  I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and
*  I am one of the following:

a   Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
b   Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c   Enrolled Agent—enrolled as an agent by the Internal Revenue Service per the requirements of Circular 230.
d   Officer—a bona fide officer of the taxpayer organization.
e   Full-Time Employee—a full-time employee of the taxpayer.
f   Family Member—a member of the taxpayer's immediate family (for example, spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).
g   Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Internal Revenue Service is limited by section 10.3(d) of Circular 230).
h   Unenrolled Return Preparer—Your authority to practice before the Internal Revenue Service is limited. You must have been eligible to sign the return under examination and have prepared and signed the return. See Notice 2011-6 and *Special rules for registered tax return preparers and unenrolled return preparers* in the instructions (PTIN required for designation h).
i   Registered Tax Return Preparer—registered as a tax return preparer under the requirements of section 10.4 of Circular 230. Your authority to practice before the Internal Revenue Service is limited. You must have been eligible to sign the return under examination and have prepared and signed the return. See Notice 2011-6 and *Special rules for registered tax return preparers and unenrolled return preparers* in the instructions (PTIN required for designation i).
k   Student Attorney or CPA—receives permission to represent taxpayers before the IRS by virtue of his/her status as a law, business, or accounting student working in an LITC or STCP. See instructions for Part II for additional information and requirements.
r   Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THE POWER OF ATTORNEY. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN PART I, LINE 2.** See the instructions for Part II.

Note. For designations d-f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column. See the instructions for Part II for more information.

| Designation— Insert above letter (a-r) | Licensing jurisdiction (state) or other licensing authority (if applicable) | Bar, license, certification, registration, or enrollment number (if applicable). See instructions for Part II for more information. | Signature | Date |
|---|---|---|---|---|
| a | PA | 51746 | _(signature) Ralph Mundy_ | 12/6/23 |
| a | PA | 52096 | _Michelle L. Lozinski_ | 12/6/23 |
| | | | | |
| | | | | |
| | | | | |

Form **2848** (Rev. 7-2014)

CAF Copy



LM

**IRS Notice** CP504B



**IRS**

Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0030



027135.576071.109363.15768 1 SP 0.680 692

||||ₗ||ₗ|ₗₗₗₗ|ₗₗₗₗ|ₗₗₗ|ₗ|ₗ|ₗₗₗₗₗ||ₗ|||ₗ|ₗ|ₗₗ|ₗ|ₗₗ|ₗ

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

027135

## Notice of intent to seize (levy) your property or rights to property
# Amount due: $972,806.32

This is a notice of intent to levy your property or rights to property.  As we notified you before, our records show you have unpaid taxes for the tax period ending December 31, 2013  (Form CIVPEN).  If you don't call us immediately to make payment arrangements or we don't receive the amount due within 30 days from the date of this notice, we may levy your property or rights to property and apply it to the $972,806.32 you owe.

### Billing Summary

| | |
|---|---|
| Amount you owed | $937,515.00 |
| Interest charges | 35,291.32 |
| **Amount due immediately** | **$972,806.32** |

Continued on back...

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .



**IRS**

# Payment

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

| | |
|---|---|
| **Notice** | CP504B |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |

- Make your check or money order payable to the "United States Treasury".
- Write your employer ID number              the tax period (December 31, 2013), and the form number (CIVPEN) on your payment and any correspondence.

**Amount due immediately**

**$972,806.32**

INTERNAL REVENUE SERVICE
P.O. BOX 742562
CINCINNATI, OH 45280-2562

ᵢₗ|ₗₗₗ||ₗ|ₗₗₗ|ₗ|ₗₗ|ₗₗₗ||ₗₗₗ|ₗₗₗₗ||ₗ|ₗₗₗ|ₗₗₗ|ₗₗ||ₗₗ|ₗₗ|ₗ



EXHIBIT
1

CAF Copy




LM
**IRS Notice** CP504B



Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0030



027131.576071.109363.15768 1 SP 0.680 692

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

027131

## Notice of intent to seize (levy) your property or rights to property
# Amount due: $1,343,267.75

This is a notice of intent to levy your property or rights to property. As we notified you before, our records show you have unpaid taxes for the tax period ending December 31, 2014 (Form CIVPEN). If you don't call us immediately to make payment arrangements or we don't receive the amount due within 30 days from the date of this notice, we may levy your property or rights to property and apply it to the $1,343,267.75 you owe.

### Billing Summary

| | |
|---|---|
| Amount you owed | $1,294,539.00 |
| Interest charges | 48,728.75 |
| **Amount due immediately** | **$1,343,267.75** |

Continued on back...

....................



HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

| | |
|---|---|
| **Notice** | CP504B |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |

- Make your check or money order payable to the "United States Treasury".
- Write your employer ID number          the tax period (December 31, 2014), and the form number (CIVPEN) on your payment and any correspondence.

# Payment

INTERNAL REVENUE SERVICE
P.O. BOX 742562
CINCINNATI, OH 45280-2562

**Amount due immediately**

$1,343,267.75

CAF Copy



LM
**IRS Notice** CP504B



Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0030



027137.576071.109363.15768 1 SP 0.680 692



HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

027137

## Notice of intent to seize (levy) your property or rights to property
# Amount due: $1,258,008.10

This is a notice of intent to levy your property or rights to property.  As we notified you before, our records show you have unpaid taxes for the tax period ending December 31, 2015  (Form CIVPEN).  If you don't call us immediately to make payment arrangements or we don't receive the amount due within 30 days from the date of this notice, we may levy your property or rights to property and apply it to the $1,258,008.10 you owe.

**Billing Summary**

| | |
|---|---|
| Amount you owed | $1,212,367.00 |
| Interest charges | 45,641.10 |
| **Amount due immediately** | **$1,258,008.10** |

Continued on back...



# Payment

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

| | |
|---|---|
| **Notice** | CP504B |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |

- Make your check or money order payable to the "United States Treasury".
- Write your employer ID number          the tax period (December 31, 2015), and the form number (CIVPEN) on your payment and any correspondence.

**Amount due immediately**

| |
|---|
| $1,258,008.10 |

INTERNAL REVENUE SERVICE
P.O. BOX 742562
CINCINNATI, OH 45280-2562

CAF Copy



LM
IRS Notice CP504B



Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0030



027133.576071.109363.15768 1 SP 0.680 692
ԿլիլիլիլիիլիՈրդիլիլիլիՈրդիլիլՈրդիլ



HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

027133

## Notice of intent to seize (levy) your property or rights to property
# Amount due: $1,344,577.06

This is a notice of intent to levy your property or
rights to property. As we notified you before,
our records show you have unpaid taxes for the
tax period ending December 31, 2016 (Form
CIVPEN). If you don't call us immediately to
make payment arrangements or we don't receive
the amount due within 30 days from the date of
this notice, we may levy your property or rights to
property and apply it to the $1,344,577.06 you
owe.

**Billing Summary**

| | |
|---|---|
| Amount you owed | $1,295,803.00 |
| Interest charges | 48,774.06 |
| **Amount due immediately** | **$1,344,577.06** |

Continued on back...



# Payment

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

| | |
|---|---|
| Notice | CP504B |
| Notice date | April 22, 2024 |
| Employer ID number | |

• Make your check or money order payable to the "United States Treasury".
• Write your employer ID number          the tax period (December 31, 2016),
  and the form number (CIVPEN) on your payment and any correspondence.

**Amount due immediately**

$1,344,577.06

INTERNAL REVENUE SERVICE
P.O. BOX 742562
CINCINNATI, OH 45280-2562

ԱլիիլիՈիլիՈրդիլիլՈրդիլիլիիլՈրդիՈրդ


CAF Copy



LM
**IRS Notice** CP504B



Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0030

027138.576071.109363.15768 1 SP 0.680 692
հՈՈւ|ԱԱիաելիՈւ||||||ելիելԱ|ել|ԱՈւ|Ա||Ա|

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

027138

## Notice of intent to seize (levy) your property or rights to property
# Amount due: $615,949.08

This is a notice of intent to levy your property or rights to property.  As we notified you before, our records show you have unpaid taxes for the tax period ending December 31, 2017  (Form CIVPEN).  If you don't call us immediately to make payment arrangements or we don't receive the amount due within 30 days from the date of this notice, we may levy your property or rights to property and apply it to the $615,949.08 you owe.

**Billing Summary**

| | |
|---|---|
| Amount you owed | $593,595.00 |
| Interest charges | 22,354.08 |
| **Amount due immediately** | **$615,949.08** |

Continued on back...

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



# Payment

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

| Notice | CP504B |
|---|---|
| Notice date | April 22, 2024 |
| **Employer ID number** | |

- Make your check or money order payable to the "United States Treasury".
- Write your employer ID number          the tax period (December 31, 2017), and the form number (CIVPEN) on your payment and any correspondence.

**Amount due immediately**          $615,949.08

INTERNAL REVENUE SERVICE
P.O. BOX 742562
CINCINNATI, OH 45280-2562

CAF Copy



LM

**IRS Notice** CP504B

Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0030



027129.576071.109363.15768 1 SP 0.680 692

HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

027129

## Notice of intent to seize (levy) your property or rights to property

# Amount due: $250,738.16

This is a notice of intent to levy your property or rights to property. As we notified you before, our records show you have unpaid taxes for the tax period ending December 31, 2018 (Form CIVPEN). If you don't call us immediately to make payment arrangements or we don't receive the amount due within 30 days from the date of this notice, we may levy your property or rights to property and apply it to the $250,738.16 you owe.

**Billing Summary**

| | |
|---|---|
| Amount you owed | $241,630.00 |
| Interest charges | 9,108.16 |
| **Amount due immediately** | **$250,738.16** |

Continued on back...



HDH GROUP INC
MINTO LAW GROUP LLC
%RALPH MINTO JR
2 GATEWAY CTR 603 STANWIX ST 2025
PITTSBURGH PA 15222-2800

| | |
|---|---|
| **Notice** | CP504B |
| **Notice date** | April 22, 2024 |
| **Employer ID number** | |

# Payment

- Make your check or money order payable to the "United States Treasury".
- Write your employer ID number          the tax period (December 31, 2018), and the form number (CIVPEN) on your payment and any correspondence.

**Amount due immediately**

$250,738.16

INTERNAL REVENUE SERVICE
P.O. BOX 742562
CINCINNATI, OH 45280-2562



Department of the Treasury
Internal Revenue Service
Cincinnati, OH  45999-0038

| Notice | CP215 |
|---|---|
| Tax period | December 31, 2018 |
| Notice date | November 13, 2023 |
| Employer ID number | |
| To contact us | Phone 800-829-0115 |
| Page 1 of 2 | |

002213.540053.478500.11580 1 AB 0.537 542



HDH GROUP INC
210 SIXTH AVE 30TH FLOOR
PITTSBURGH  PA  15222-2602

002213

**We Charged You a Penalty**                    **628**

We charged you a penalty under Section 6700 of the Internal Revenue Code for the following reason:

Promoting an Abusive Tax Shelter

Tax Statement

| | |
|---|---|
| Prior Balance | $0.00 |
| Penalty Assessment | $285,630.00 |
| Interest Charged | $0.00 |
| Other Charges | $0.00 |
| | |
| Total Amount You Owe | $285,630.00 |

Continued on back...



HDH GROUP INC
210 SIXTH AVE 30TH FLOOR
PITTSBURGH  PA  15222-2602

| Notice | CP215 |
|---|---|
| Notice date | November 13, 2023 |
| Employer ID number | |

**Payment**

- Make your check or money order payable to the United States Treasury.
- Write your Employer ID number          the tax period (December 31, 2018), and the form number (CVL PEN) on your payment and any correspondence.

INTERNAL REVENUE SERVICE
OGDEN, UT  84201-0102

**Amount due by**
**November 29, 2023**

| $285,630.00 |
|---|



EXHIBIT
2

| Notice | CP215 |
|---|---|
| Tax period | December 31, 2018 |
| Notice date | November 13, 2023 |
| Employer ID number | |
| Page 2 of 2 | |

We charged you a penalty for promoting an abusive tax shelter. The penalty for activity described in IRC section 6700(a)(1) is the lesser of $1,000 or 100 percent of the gross income derived (or to be derived) from the activity.

The penalty for making or furnishing (or causing another person to make or furnish) a statement described in IRC section 6700(a)(2)(A) is 50 percent of the gross income derived (or to be derived) from the activity.

There is no maximum amount of penalty.

For a detailed calculation of the penalty, please refer to the penalty calculation worksheet provided to you at the conclusion of the penalty investigation.

If you want to contest the IRC section 6700 penalty we assessed, you must follow one of the two procedures below:

(i)     Pay the entire amount assessed and file a claim for refund of the amount paid using a Form 6118 at any time not later than 2 years after the date of payment. If we deny your claim or 6 months passes from the date you file your claim, you may file a refund suit in United States district court or the Court of Federal Claims. Any refund suit must be filed within two years of denial of your refund claim. Alternatively,

(ii)    (ii) Within 30 days after the date of this Notice and Demand, pay an amount which is not less than 15 percent of the penalty and file a claim for refund on a Form 6118 for the amount paid. You may file suit in United States district court within 30 days after the date we deny your claim, or if earlier, within 30 days after the expiration of six months from the date you filed your claim. Forms 6118 are available at most IRS offices, on the IRS website at www.irs.gov, or you can order one by calling toll-free 1-800-829-3676

For tax forms, instructions and information visit **www.irs.gov**.  (Access to this site will not provide you with your specific taxpayer account information.)

You can contact us by mail at the address at the top of the first page of this notice.  Be sure to include your employer ID number and the tax year and form number you are writing about.



Department of the Treasury
Internal Revenue Service
Cincinnati, OH  45999-0038



| Notice | CP215 |
|---|---|
| Tax period | December 31, 2017 |
| Notice date | November 13, 2023 |
| Employer ID number | |
| To contact us | Phone 800-829-0115 |
| Page 1 of 2 | |

002216.540053.478500.11580 1 AB 0.537 542



HDH GROUP INC
210 SIXTH AVE 30TH FLOOR
PITTSBURGH  PA  15222-2602

002216

## We Charged You a Penalty                    628

We charged you a penalty under Section 6700 of the Internal Revenue Code for the following reason:

Promoting an Abusive Tax Shelter

Tax Statement

| | |
|---|---|
| Prior Balance | $0.00 |
| Penalty Assessment | $699,595.00 |
| Interest Charged | $0.00 |
| Other Charges | $0.00 |
| Total Amount You Owe | $699,595.00 |

Continued on back...

........................................................................................................................



HDH GROUP INC
210 SIXTH AVE 30TH FLOOR
PITTSBURGH  PA  15222-2602

| Notice | CP215 |
|---|---|
| Notice date | November 13, 2023 |
| Employer ID number | |

# Payment

- Make your check or money order payable to the United States Treasury.
- Write your Employer ID number        the tax period (December 31, 2017), and the form number (CVL PEN) on your payment and any correspondence.

INTERNAL REVENUE SERVICE
OGDEN, UT  84201-0102

**Amount due by**
**November 29, 2023**

$699,595.00

| Notice | CP215 |
|---|---|
| Tax period | December 31, 2017 |
| Notice date | November 13, 2023 |
| Employer ID number | |
| Page 2 of 2 | |

We charged you a penalty for promoting an abusive tax shelter. The penalty for activity described in IRC section 6700(a)(1) is the lesser of $1,000 or 100 percent of the gross income derived (or to be derived) from the activity.

The penalty for making or furnishing (or causing another person to make or furnish) a statement described in IRC section 6700(a)(2)(A) is 50 percent of the gross income derived (or to be derived) from the activity.

There is no maximum amount of penalty.

For a detailed calculation of the penalty, please refer to the penalty calculation worksheet provided to you at the conclusion of the penalty investigation.

If you want to contest the IRC section 6700 penalty we assessed, you must follow one of the two procedures below:

(i)   Pay the entire amount assessed and file a claim for refund of the amount paid using a Form 6118 at any time not later than 2 years after the date of payment. If we deny your claim or 6 months passes from the date you file your claim, you may file a refund suit in United States district court or the Court of Federal Claims. Any refund suit must be filed within two years of denial of your refund claim. Alternatively,

(ii)  (ii) Within 30 days after the date of this Notice and Demand, pay an amount which is not less than 15 percent of the penalty and file a claim for refund on a Form 6118 for the amount paid. You may file suit in United States district court within 30 days after the date we deny your claim, or if earlier, within 30 days after the expiration of six months from the date you filed your claim. Forms 6118 are available at most IRS offices, on the IRS website at www.irs.gov, or you can order one by calling toll-free 1-800-829-3676

For tax forms, instructions and information visit **www.irs.gov**.  (Access to this site will not provide you with your specific taxpayer account information.)

You can contact us by mail at the address at the top of the first page of this notice.  Be sure to include your employer ID number and the tax year and form number you are writing about.



Department of the Treasury
Internal Revenue Service
Cincinnati, OH  45999-0038

| Notice | CP215 |
|---|---|
| Tax period | December 31, 2016 |
| Notice date | November 13, 2023 |
| Employer ID number | |
| To contact us | Phone 800-829-0115 |
| Page 1 of 2 | |

002217.540053.478500.11580 1 AB 0.537 542



HDH GROUP INC
210 SIXTH AVE 30TH FLOOR
PITTSBURGH  PA  15222-2602

002217

## We Charged You a Penalty                 628

We charged you a penalty under Section 6700 of the Internal Revenue Code for the following reason:

Promoting an Abusive Tax Shelter

Tax Statement

| | |
|---|---|
| Prior Balance | $0.00 |
| Penalty Assessment | $1,524,803.00 |
| Interest Charged | $0.00 |
| Other Charges | $0.00 |
| Total Amount You Owe | $1,524,803.00 |

Continued on back...

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



HDH GROUP INC
210 SIXTH AVE 30TH FLOOR
PITTSBURGH  PA  15222-2602

| Notice | CP215 |
|---|---|
| Notice date | November 13, 2023 |
| Employer ID number | |

## Payment

- Make your check or money order payable to the United States Treasury.
- Write your Employer ID number              , the tax period (December 31, 2016), and the form number (CVL PEN) on your payment and any correspondence.

INTERNAL REVENUE SERVICE
OGDEN, UT  84201-0102

**Amount due by
November 29, 2023**

| $1,524,803.00 |
|---|

| Notice | CP215 |
|---|---|
| Tax period | December 31, 2016 |
| Notice date | November 13, 2023 |
| Employer ID number | |
| Page 2 of 2 | |

We charged you a penalty for promoting an abusive tax shelter. The penalty for activity described in IRC section 6700(a)(1) is the lesser of $1,000 or 100 percent of the gross income derived (or to be derived) from the activity.

The penalty for making or furnishing (or causing another person to make or furnish) a statement described in IRC section 6700(a)(2)(A) is 50 percent of the gross income derived (or to be derived) from the activity.

There is no maximum amount of penalty.

For a detailed calculation of the penalty, please refer to the penalty calculation worksheet provided to you at the conclusion of the penalty investigation.

If you want to contest the IRC section 6700 penalty we assessed, you must follow one of the two procedures below:

(i)     Pay the entire amount assessed and file a claim for refund of the amount paid using a Form 6118 at any time not later than 2 years after the date of payment. If we deny your claim or 6 months passes from the date you file your claim, you may file a refund suit in United States district court or the Court of Federal Claims. Any refund suit must be filed within two years of denial of your refund claim. Alternatively,

(ii)    (ii) Within 30 days after the date of this Notice and Demand, pay an amount which is not less than 15 percent of the penalty and file a claim for refund on a Form 6118 for the amount paid. You may file suit in United States district court within 30 days after the date we deny your claim, or if earlier, within 30 days after the expiration of six months from the date you filed your claim. Forms 6118 are available at most IRS offices, on the IRS website at www.irs.gov, or you can order one by calling toll-free 1-800-829-3676

For tax forms, instructions and information visit **www.irs.gov**.  (Access to this site will not provide you with your specific taxpayer account information.)

You can contact us by mail at the address at the top of the first page of this notice.  Be sure to include your employer ID number and the tax year and form number you are writing about.



Department of the Treasury
Internal Revenue Service
Cincinnati, OH  45999-0038



| Notice | CP215 |
|---|---|
| Tax period | December 31, 2015 |
| Notice date | November 13, 2023 |
| Employer ID number | |
| To contact us | Phone 800-829-0115 |
| Page 1 of 2 | |

002218.540053.478500.11580 1 AB 0.537 542

HDH GROUP INC
210 SIXTH AVE 30TH FLOOR
PITTSBURGH  PA  15222-2602

002218

## We Charged You a Penalty                    628

We charged you a penalty under Section 6700 of the Internal Revenue Code for the following reason:

Promoting an Abusive Tax Shelter

Tax Statement

| | |
|---|---|
| Prior Balance | $0.00 |
| Penalty Assessment | $1,427,367.00 |
| Interest Charged | $0.00 |
| Other Charges | $0.00 |
| Total Amount You Owe | $1,427,367.00 |

Continued on back...



HDH GROUP INC
210 SIXTH AVE 30TH FLOOR
PITTSBURGH  PA  15222-2602

| Notice | CP215 |
|---|---|
| Notice date | November 13, 2023 |
| Employer ID number | |

## Payment

- Make your check or money order payable to the United States Treasury.
- Write your Employer ID number                the tax period (December 31, 2015), and the form number (CVL PEN) on your payment and any correspondence.

INTERNAL REVENUE SERVICE
OGDEN, UT  84201-0102

**Amount due by**
**November 29, 2023**

| $1,427,367.00 |
|---|

| Notice | CP215 |
|---|---|
| Tax period | December 31, 2015 |
| Notice date | November 13, 2023 |
| Employer ID number | |
| Page 2 of 2 | |

We charged you a penalty for promoting an abusive tax shelter. The penalty for activity described in IRC section 6700(a)(1) is the lesser of $1,000 or 100 percent of the gross income derived (or to be derived) from the activity.

The penalty for making or furnishing (or causing another person to make or furnish) a statement described in IRC section 6700(a)(2)(A) is 50 percent of the gross income derived (or to be derived) from the activity.

There is no maximum amount of penalty.

For a detailed calculation of the penalty, please refer to the penalty calculation worksheet provided to you at the conclusion of the penalty investigation.

If you want to contest the IRC section 6700 penalty we assessed, you must follow one of the two procedures below:

(i)     Pay the entire amount assessed and file a claim for refund of the amount paid using a Form 6118 at any time not later than 2 years after the date of payment. If we deny your claim or 6 months passes from the date you file your claim, you may file a refund suit in United States district court or the Court of Federal Claims. Any refund suit must be filed within two years of denial of your refund claim. Alternatively,

(ii)    (ii) Within 30 days after the date of this Notice and Demand, pay an amount which is not less than 15 percent of the penalty and file a claim for refund on a Form 6118 for the amount paid. You may file suit in United States district court within 30 days after the date we deny your claim, or if earlier, within 30 days after the expiration of six months from the date you filed your claim. Forms 6118 are available at most IRS offices, on the IRS website at www.irs.gov, or you can order one by calling toll-free 1-800-829-3676

For tax forms, instructions and information visit **www.irs.gov**.  (Access to this site will not provide you with your specific taxpayer account information.)

You can contact us by mail at the address at the top of the first page of this notice.  Be sure to include your employer ID number and the tax year and form number you are writing about.



Department of the Treasury
Internal Revenue Service
Cincinnati, OH  45999-0038

| Notice | CP215 |
|---|---|
| Tax period | December 31, 2014 |
| Notice date | November 13, 2023 |
| Employer ID number | |
| To contact us | Phone 800-829-0115 |
| Page 1 of 2 | |



002214.540053.478500.11580 1 AB 0.537 542

HDH GROUP INC
210 SIXTH AVE 30TH FLOOR
PITTSBURGH  PA  15222-2602

002214

## We Charged You a Penalty                     628

We charged you a penalty under Section 6700 of the Internal Revenue Code for the following reason:

Promoting an Abusive Tax Shelter

Tax Statement

| | |
|---|---|
| Prior Balance | $0.00 |
| Penalty Assessment | $1,523,539.00 |
| Interest Charged | $0.00 |
| Other Charges | $0.00 |
| Total Amount You Owe | $1,523,539.00 |

Continued on back...



HDH GROUP INC
210 SIXTH AVE 30TH FLOOR
PITTSBURGH  PA  15222-2602

| Notice | CP215 |
|---|---|
| Notice date | November 13, 2023 |
| Employer ID number | |

## Payment

- Make your check or money order payable to the United States Treasury.
- Write your Employer ID number         the tax period (December 31, 2014), and the form number (CVL PEN) on your payment and any correspondence.

INTERNAL REVENUE SERVICE
OGDEN, UT  84201-0102

**Amount due by**
**November 29, 2023**

$1,523,539.00

| Notice | CP215 |
|---|---|
| Tax period | December 31, 2014 |
| Notice date | November 13, 2023 |
| Employer ID number | |
| Page 2 of 2 | |

We charged you a penalty for promoting an abusive tax shelter. The penalty for activity described in IRC section 6700(a)(1) is the lesser of $1,000 or 100 percent of the gross income derived (or to be derived) from the activity.

The penalty for making or furnishing (or causing another person to make or furnish) a statement described in IRC section 6700(a)(2)(A) is 50 percent of the gross income derived (or to be derived) from the activity.

There is no maximum amount of penalty.

For a detailed calculation of the penalty, please refer to the penalty calculation worksheet provided to you at the conclusion of the penalty investigation.

If you want to contest the IRC section 6700 penalty we assessed, you must follow one of the two procedures below:

(i)     Pay the entire amount assessed and file a claim for refund of the amount paid using a Form 6118 at any time not later than 2 years after the date of payment. If we deny your claim or 6 months passes from the date you file your claim, you may file a refund suit in United States district court or the Court of Federal Claims. Any refund suit must be filed within two years of denial of your refund claim. Alternatively,

(ii)    (ii) Within 30 days after the date of this Notice and Demand, pay an amount which is not less than 15 percent of the penalty and file a claim for refund on a Form 6118 for the amount paid. You may file suit in United States district court within 30 days after the date we deny your claim, or if earlier, within 30 days after the expiration of six months from the date you filed your claim. Forms 6118 are available at most IRS offices, on the IRS website at www.irs.gov, or you can order one by calling toll-free 1-800-829-3676

For tax forms, instructions and information visit **www.irs.gov**.  (Access to this site will not provide you with your specific taxpayer account information.)

You can contact us by mail at the address at the top of the first page of this notice.  Be sure to include your employer ID number and the tax year and form number you are writing about.



Department of the Treasury
Internal Revenue Service
Cincinnati, OH  45999-0038

| Notice | CP215 |
| --- | --- |
| Tax period | December 31, 2013 |
| Notice date | November 13, 2023 |
| Employer ID number | |
| To contact us | Phone 800-829-0115 |
| Page 1 of 2 | |

002215.540053.478500.11580 1 AB 0.537 542

HDH GROUP INC
210 SIXTH AVE 30TH FLOOR
PITTSBURGH  PA  15222-2602



002215

## We Charged You a Penalty                    628

We charged you a penalty under Section 6700 of the Internal Revenue Code for the following reason:

Promoting an Abusive Tax Shelter

Tax Statement

| | |
| --- | --- |
| Prior Balance | $0.00 |
| Penalty Assessment | $1,103,515.00 |
| Interest Charged | $0.00 |
| Other Charges | $0.00 |
| Total Amount You Owe | $1,103,515.00 |

Continued on back...

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



HDH GROUP INC
210 SIXTH AVE 30TH FLOOR
PITTSBURGH  PA  15222-2602

| Notice | CP215 |
| --- | --- |
| Notice date | November 13, 2023 |
| Employer ID number | |

## Payment

- Make your check or money order payable to the United States Treasury.
- Write your Employer ID number          the tax period (December 31, 2013),
  and the form number (CVL PEN) on your payment and any correspondence.

INTERNAL REVENUE SERVICE
OGDEN, UT  84201-0102

**Amount due by**
**November 29, 2023**

| $1,103,515.00 |
| --- |

| Notice | CP215 |
|---|---|
| Tax period | December 31, 2013 |
| Notice date | November 13, 2023 |
| Employer ID number | |
| Page 2 of 2 | |

We charged you a penalty for promoting an abusive tax shelter. The penalty for activity described in IRC section 6700(a)(1) is the lesser of $1,000 or 100 percent of the gross income derived (or to be derived) from the activity.

The penalty for making or furnishing (or causing another person to make or furnish) a statement described in IRC section 6700(a)(2)(A) is 50 percent of the gross income derived (or to be derived) from the activity.

There is no maximum amount of penalty.

For a detailed calculation of the penalty, please refer to the penalty calculation worksheet provided to you at the conclusion of the penalty investigation.

If you want to contest the IRC section 6700 penalty we assessed, you must follow one of the two procedures below:

(i)     Pay the entire amount assessed and file a claim for refund of the amount paid using a Form 6118 at any time not later than 2 years after the date of payment. If we deny your claim or 6 months passes from the date you file your claim, you may file a refund suit in United States district court or the Court of Federal Claims. Any refund suit must be filed within two years of denial of your refund claim. Alternatively,

(ii)    (ii) Within 30 days after the date of this Notice and Demand, pay an amount which is not less than 15 percent of the penalty and file a claim for refund on a Form 6118 for the amount paid. You may file suit in United States district court within 30 days after the date we deny your claim, or if earlier, within 30 days after the expiration of six months from the date you filed your claim. Forms 6118 are available at most IRS offices, on the IRS website at www.irs.gov, or you can order one by calling toll-free 1-800-829-3676

For tax forms, instructions and information visit **www.irs.gov**.  (Access to this site will not provide you with your specific taxpayer account information.)

You can contact us by mail at the address at the top of the first page of this notice.  Be sure to include your employer ID number and the tax year and form number you are writing about.

Stone Quarry Crossing
811 Camp Horne Road, Suite 320
Pittsburgh, PA 15237

# MINTO LAW GROUP, LLC
### ATTORNEYS AT LAW

Tel 412-201-5525

Fax 412-201-5526

www.mintolaw.com

December 8, 2023

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**
Internal Revenue Service
Ogden, UT 84201-0102

Re:    HDH Group, Inc.
        210 Sixth Avenue, 30th Floor
        Pittsburgh, PA 15222-2602
        EIN:
        Notice CP215 Dated November 13, 2023 for Tax Years 2013-2018

Dear Sir or Madam:

Enclosed herewith are Payment Vouchers and checks in the amounts shown below in partial payment of the Civil Penalty (Promoter) assessed against HDH Group, Inc. for each tax year 2013-2018.

| Tax Year | Check Number | Amount |
|---|---|---|
| 2013 | 28128 | $166,000 |
| 2014 | 28129 | $229,000 |
| 2015 | 28130 | $215,000 |
| 2016 | 28131 | $229,000 |
| 2017 | 28132 | $106,000 |
| 2018 | 28136 | $ 44,000 |

Please contact me if you have any questions.  Also enclosed herewith is a copy of Form 2848 Power of Attorney signed by the taxpayer.

Very truly yours,

MINTO LAW GROUP, LLC

Ralph Minto, Jr.

Enclosures

EXHIBIT
3



**IRS**

HDH GROUP INC
210 SIXTH AVE 30TH FLOOR
PITTSBURGH  PA  15222-2602

| Notice | CP215 |
|---|---|
| Notice date | November 13, 2023 |
| Employer ID number | |

## Payment

- Make your check or money order payable to the United States Treasury.
- Write your Employer ID number          the tax period (December 31, 2013), and the form number (CVL PEN) on your payment and any correspondence.

INTERNAL REVENUE SERVICE
OGDEN, UT  84201-0102

**Amount due by**
**November 29, 2023**

$1,103,515.00



իլրպքքIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIII

---

HUB International Limited

○ HUB

000028128
Nov 30, 2023

70-2328 / 719
VOID AFTER 90 DAYS

Amount:        **One Hundred Sixty-Six Thousand Dollars And  Zero Cents*******

**$ 166,000.00**

Pay to
the
order of

UNITED STATES TREASURY
INTERNAL REVENUE SERVICE
OGDEN,UT 84201-0038

Joseph Hyde
Authorized Signature

BANK OF AMERICA N.A.
Northbrook  Il

Vendor No. 22042        Dec 31, 2013
                              CTV PEN

---

Nov 30, 2023                            United States Treasury              22042

        Nov 22, 2023              the tax period 12/31/13 Form CVI PEN         .00          166,000.00

                                                                              .00          166,000.00

United States Treasury
Internal Revenue Service
Ogden,UT 84201-0038
United States



**IRS**

HDH GROUP INC
210 SIXTH AVE 30TH FLOOR
PITTSBURGH  PA  15222-2602

| Notice | CP215 |
|---|---|
| Notice date | November 13, 2023 |
| Employer ID number | |

## Payment

- Make your check or money order payable to the United States Treasury.
- Write your Employer ID number          the tax period (December 31, 2014), and the form number (CVL PEN) on your payment and any correspondence.

INTERNAL REVENUE SERVICE
OGDEN, UT  84201-0102

**Amount due by
November 29, 2023**

$1,523,539.00

ɪɭɪɭɪɭɪɪɪɪɪɪɭɪɪɭɪɭɪɪɪɪɪɭɪɪɭɪɪɭɪɪɭɪɪɪɭɪɭɪɪɭɪɪɪɪɭɪɭɪɪ



---

HUB International Limited

⊙ **HUB**

**000028129**
Nov 30, 2023

70-2328 / 719
VOID AFTER 90 DAYS

Amount:        **Two Hundred Twenty-Nine Thousand Dollars And  Zero Cents*******

**$ 229,000.00**

Pay to
the
order of

UNITED STATES TREASURY
INTERNAL REVENUE SERVICE
OGDEN,UT 84201-0038

*Joseph Hyde*

Authorized Signature

**BANK OF AMERICA N.A.**
**Northbrook, IL**

Vendor No. 22042    Dec 31, 2014
                    CIV PEN

---

| Nov 30, 2023 | | United States Treasury | 22042 | |
|---|---|---|---|---|
| Nov 22, 2023 | the tax period 12/31/14 Form CVI PEN | | .00 | 229,000.00 |
| | | | .00 | 229,000.00 |

United States Treasury
Internal Revenue Service
Ogden,UT 84201-0038
United States


**IRS**

HDH GROUP INC
210 SIXTH AVE 30TH FLOOR
PITTSBURGH  PA  15222-2602

| Notice | CP215 |
|---|---|
| Notice date | November 13, 2023 |
| Employer ID number | |

# Payment

- Make your check or money order payable to the United States Treasury.
- Write your Employer ID number        the tax period (December 31, 2015), and the form number (CVL PEN) on your payment and any correspondence.

INTERNAL REVENUE SERVICE
OGDEN, UT  84201-0102

Amount due by
**November 29, 2023**

$1,427,367.00

COPY

---

HUB International Limited

○ **HUB**

000028130
Nov 30, 2023

70-2328 / 719
VOID AFTER 90 DAYS

Amount:      **Two Hundred Fifteen Thousand Dollars And  Zero Cents*******

**$ 215,000.00**

Pay to
the
order of

UNITED STATES TREASURY
INTERNAL REVENUE SERVICE
OGDEN,UT 84201-0038

*Joseph Hyde*
Authorized Signature

BANK OF AMERICA N.A.
Northbrook, Il

Vendor No. 22042   *CVL PEN Dec 31, 2015*

| Nov 30, 2023 | | United States Treasury | 22042 | |
|---|---|---|---|---|
| | Nov 22, 2023 | the tax period 12/31/15 Form CVI PEN | .00 | 215,000.0( |
| | | | .00 | 215,000.0( |

United States Treasury
Internal Revenue Service
Ogden,UT 84201-0038
United States

**IRS**

HDH GROUP INC
210 SIXTH AVE 30TH FLOOR
PITTSBURGH  PA  15222-2602

| Notice | CP215 |
|---|---|
| Notice date | November 13, 2023 |
| Employer ID number | |

## Payment

- Make your check or money order payable to the United States Treasury.
- Write your Employer ID number          the tax period (December 31, 2016), and the form number (CVL PEN) on your payment and any correspondence.

INTERNAL REVENUE SERVICE
OGDEN, UT  84201-0102

| Amount due by November 29, 2023 | $1,524,803.00 |
|---|---|

COPY

---

HUB International Limited

**⭕ HUB**

000028131
Nov 30, 2023

70-2328 / 719
VOID AFTER 90 DAYS

Amount:    **Two Hundred Twenty-Nine Thousand Dollars And  Zero Cents*******

**$ 229,000.00**

Pay to
the
order of

UNITED STATES TREASURY
INTERNAL REVENUE SERVICE
OGDEN,UT 84201-0038

*Joseph Hyde*
Authorized Signature

BANK OF AMERICA N.A.
~~Northbrook, IL~~

Vendor No. 22042     Dec 31, 2016   CVL PEN

---

Nov 30, 2023

| Nov 22, 2023 | United States Treasury | 22042 | | |
|---|---|---|---|---|
| | the tax period 12/31/16 Form CVl PEN | | .00 | 229,000.00 |
| | | | .00 | 229,000.00 |

United States Treasury
Internal Revenue Service
Ogden,UT 84201-0038
United States



**IRS**

HDH GROUP INC
210 SIXTH AVE 30TH FLOOR
PITTSBURGH  PA  15222-2602

| Notice | CP215 |
|---|---|
| Notice date | November 13, 2023 |
| Employer ID number | |

## Payment

- Make your check or money order payable to the United States Treasury.
- Write your Employer ID number         the tax period (December 31, 2017), and the form number (CVL PEN) on your payment and any correspondence.

INTERNAL REVENUE SERVICE
OGDEN, UT  84201-0102

| Amount due by<br>November 29, 2023 | $699,595.00 |
|---|---|

ḽịḷḷịḷḷḷịḷ·ḽḷḷḷḷ·ḷḷ·ḷịḷḷḷ·ḷḷ·ḷḷḷḷḷ

COPY

---

HUB International Limited

**O HUB**

000028132
Nov 30, 2023

70-2328 / 719
VOID AFTER 90 DAYS

Amount:    **One Hundred Six Thousand Dollars And  Zero Cents*******

**$ 106,000.00**

Pay to
the
order of

UNITED STATES TREASURY
INTERNAL REVENUE SERVICE
OGDEN,UT 84201-0038

*Joseph Hyde*
Authorized Signature

BANK OF AMERICA N.A.
Northbrook, IL.

Vendor No. 22042    Dec 31, 2017
CVL PEN

---

Nov 30, 2023                      United States Treasury                  22042

    Nov 22, 2023        the tax period 12/31/17 Form CVI PEN          .00         106,000.00

                                                                       .00         106,000.00

United States Treasury
Internal Revenue Service
Ogden,UT 84201-0038
United States



IRS

HDH GROUP INC
210 SIXTH AVE 30TH FLOOR
PITTSBURGH  PA  15222-2602

| Notice | CP215 |
|---|---|
| Notice date | November 13, 2023 |
| Employer ID number | |

# Payment

- Make your check or money order payable to the United States Treasury.
- Write your Employer ID number, the tax period (December 31, 2018), and the form number (CVL PEN) on your payment and any correspondence.

INTERNAL REVENUE SERVICE
OGDEN, UT  84201-0102

Amount due by
November 29, 2023

$285,630.00

|ldlıudllloldbolulloldbhılolllıopoldlı

COPY

---

HUB International Limited

⊙ HUB

**000028136**
Dec 1, 2023

70-2328 / 719
VOID AFTER 90 DAYS

Amount:      **Forty-Four Thousand Dollars And  Zero Cents*******

**$ 44,000.00**

Pay to
the
order of

UNITED STATES TREASURY
INTERNAL REVENUE SERVICE
OGDEN,UT 84201-0038

*Joseph Hyde*
Authorized Signature

BANK OF AMERICA N.A.
Northbrook, Il

Vendor No. 22042      Dec 31, 2018
                      CVL PEN

---

| Dec 1, 2023 | | United States Treasury | 22042 | |
|---|---|---|---|---|
| | Nov 30, 2023 | the tax period 12/31/18 Form CVI PEN | .00 | 44,000.00 |
| | | | .00 | 44,000.00 |

United States Treasury
Internal Revenue Service
Ogden,UT 84201-0038
United States

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee
$ 4.35

Extra Services & Fees *(check box, add fee as appropriate)*
☑ Return Receipt (hardcopy)     $ 3.55
☐ Return Receipt (electronic)     $
☐ Certified Mail Restricted Delivery     $
☐ Adult Signature Required     $
☐ Adult Signature Restricted Delivery     $

Postage
$ 2.07

Total Postage and Fees
$ 9.97

Postmark Here
12/8/23
Ltr to IRS
sending 2013-
2018 partial
payments of
Civil Penalty
Promoter

Sent To
*Internal Revenue Service*

Street and Apt. No., or PO Box No.

City, State, ZIP+4®
*Ogden, UT 84201-0102*

PS Form 3800, January 2023 PSN 7530-02-000-9047     See Reverse for Instructions

9589 0710 5270 0648 0757 95

2992784

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Internal Revenue Service*
*Ogden, UT 84201-0102*

9590 9401 0029 5168 9278 42

2. Article Number *(Transfer from service label)*

9589 0710 5270 0648 0757 95

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____     ☐ Agent   ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053     Domestic Return Receipt





**CERTIFIED MAIL**

9589 0710 5270 0648 0757 95
9589 0710 5270 0648 0757 95

$ 009.97⁰

**NTO LAW GROUP, LLC**

ᴛ ᴏ ʀ ɴ ᴇ ʏ s  ᴀ ᴛ  ʟ ᴀ ᴡ

Quarry Crossing
mp Home Road, Suite 320
rgh, PA 15237

Ogden, UT 84201-0102

Internal Revenue Service

12/8/23
Ltr to IRS
sending 2013-
2018 Portal
payments of
Civil Penalty
Blander

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Internal Revenue Service
Ogden, UT 84201-0102

U.S. Postal Service
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

Stone Quarry Crossing
811 Camp Horne Road, Suite 320
Pittsburgh, PA 15237

# MINTO LAW GROUP, LLC
### ATTORNEYS AT LAW

Tel 412-201-5525

Fax 412-201-5526

www.mintolaw.com

December 11, 2023

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**
Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0038

Re:    HDH Group, Inc. Claim for Refund Pursuant to Internal Revenue Code § 6703

Dear Sir or Madam:

Enclosed herewith are the following items with regard to the 2013 tax year of HDH Group, Inc. ("HDH") which are being submitted pursuant to IRC § 6703 and are being submitted prior to thirty (30) days from November 13, 2023, which is the date of the CP215 Notice:

1.  A copy of a check in the amount of $166,000 [an amount slightly higher than the fifteen percent (15%) required payment] which was forwarded to the IRS on December 8, 2023;

2.  An executed Form 6118, including attachments;

3.  A copy of the CP215 Notice dated November 13, 2023; and

4.  A copy of Form 2848 Power of Attorney authorizing us to represent HDH in this matter which was filed with the IRS on December 7, 2023.

Please contact me if you have any questions.

Very truly yours,

Ralph Minto, Jr.

Enclosures



EXHIBIT
4

Stone Quarry Crossing
811 Camp Horne Road, Suite 320
Pittsburgh, PA  15237

# MINTO LAW GROUP, LLC
### ATTORNEYS AT LAW

Tel 412-201-5525

Fax 412-201-5526

www.mintolaw.com

December 11, 2023

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**
Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0038

Re:    HDH Group, Inc. Claim for Refund Pursuant to Internal Revenue Code § 6703

Dear Sir or Madam:

Enclosed herewith are the following items with regard to the 2014 tax year of HDH Group, Inc. ("HDH") which are being submitted pursuant to IRC § 6703 and are being submitted prior to thirty (30) days from November 13, 2023, which is the date of the CP215 Notice:

1. A copy of a check in the amount of $229,000 [an amount slightly higher than the fifteen percent (15%) required payment] which was forwarded to the IRS on December 8, 2023;

2. An executed Form 6118, including attachments;

3. A copy of the CP215 Notice dated November 13, 2023; and

4. A copy of Form 2848 Power of Attorney authorizing us to represent HDH in this matter which was filed with the IRS on December 7, 2023.

Please contact me if you have any questions.

Very truly yours,

Ralph Minto, Jr.

Enclosures

# MINTO LAW GROUP, LLC
### ATTORNEYS AT LAW

Stone Quarry Crossing
811 Camp Horne Road, Suite 320
Pittsburgh, PA 15237

Tel 412-201-5525

Fax 412-201-5526

www.mintolaw.com

December 11, 2023

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**
Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0038

Re:    HDH Group, Inc. Claim for Refund Pursuant to Internal Revenue Code § 6703

Dear Sir or Madam:

Enclosed herewith are the following items with regard to the 2015 tax year of HDH Group, Inc. ("HDH") which are being submitted pursuant to IRC § 6703 and are being submitted prior to thirty (30) days from November 13, 2023, which is the date of the CP215 Notice:

1.  A copy of a check in the amount of $215,000 [an amount slightly higher than the fifteen percent (15%) required payment] which was forwarded to the IRS on December 8, 2023;

2.  An executed Form 6118, including attachments;

3.  A copy of the CP215 Notice dated November 13, 2023; and

4.  A copy of Form 2848 Power of Attorney authorizing us to represent HDH in this matter which was filed with the IRS on December 7, 2023.

Please contact me if you have any questions.

Very truly yours,

Ralph Minto, Jr.

Enclosures

Stone Quarry Crossing
811 Camp Horne Road, Suite 320
Pittsburgh, PA 15237

# MINTO LAW GROUP, LLC
### ATTORNEYS AT LAW

Tel 412-201-5525

Fax 412-201-5526

www.mintolaw.com

December 11, 2023

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**
Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0038

Re:    HDH Group, Inc. Claim for Refund Pursuant to Internal Revenue Code § 6703

Dear Sir or Madam:

Enclosed herewith are the following items with regard to the 2016 tax year of HDH Group, Inc. ("HDH") which are being submitted pursuant to IRC § 6703 and are being submitted prior to thirty (30) days from November 13, 2023, which is the date of the CP215 Notice:

1. A copy of a check in the amount of $229,000 [an amount slightly higher than the fifteen percent (15%) required payment] which was forwarded to the IRS on December 8, 2023;

2. An executed Form 6118, including attachments;

3. A copy of the CP215 Notice dated November 13, 2023; and

4. A copy of Form 2848 Power of Attorney authorizing us to represent HDH in this matter which was filed with the IRS on December 7, 2023.

Please contact me if you have any questions.

Very truly yours,

Ralph Minto, Jr.

Enclosures

Stone Quarry Crossing
811 Camp Horne Road, Suite 320
Pittsburgh, PA  15237

# MINTO LAW GROUP, LLC
### ATTORNEYS AT LAW

Tel 412-201-5525

Fax 412-201-5526

www.mintolaw.com

December 11, 2023

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**
Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0038

Re:      HDH Group, Inc. Claim for Refund Pursuant to Internal Revenue Code § 6703

Dear Sir or Madam:

Enclosed herewith are the following items with regard to the 2017 tax year of HDH Group, Inc. ("HDH") which are being submitted pursuant to IRC § 6703 and are being submitted prior to thirty (30) days from November 13, 2023, which is the date of the CP215 Notice:

1. A copy of a check in the amount of $106,000 [an amount slightly higher than the fifteen percent (15%) required payment] which was forwarded to the IRS on December 8, 2023;

2. An executed Form 6118, including attachments;

3. A copy of the CP215 Notice dated November 13, 2023; and

4. A copy of Form 2848 Power of Attorney authorizing us to represent HDH in this matter which was filed with the IRS on December 7, 2023.

Please contact me if you have any questions.

Very truly yours,

Ralph Minto, Jr.

Enclosures

Stone Quarry Crossing
811 Camp Horne Road, Suite 320
Pittsburgh, PA 15237

# MINTO LAW GROUP, LLC
### ATTORNEYS AT LAW

Tel 412-201-5525

Fax 412-201-5526

www.mintolaw.com

December 11, 2023

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**
Department of the Treasury
Internal Revenue Service
Cincinnati, OH 45999-0038

Re:     HDH Group, Inc. Claim for Refund Pursuant to Internal Revenue Code § 6703

Dear Sir or Madam:

Enclosed herewith are the following items with regard to the 2018 tax year of HDH Group, Inc. ("HDH") which are being submitted pursuant to IRC § 6703 and are being submitted prior to thirty (30) days from November 13, 2023, which is the date of the CP215 Notice:

1.  A copy of a check in the amount of $44,000 [an amount slightly higher than the fifteen percent (15%) required payment] which was forwarded to the IRS on December 8, 2023;

2.  An executed Form 6118, including attachments;

3.  A copy of the CP215 Notice dated November 13, 2023; and

4.  A copy of Form 2848 Power of Attorney authorizing us to represent HDH in this matter which was filed with the IRS on December 7, 2023.

Please contact me if you have any questions.

Very truly yours,

Ralph Minto, Jr.

Enclosures



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Cincinnati, OH 45999

| Certified Mail Fee | $4.35 | |
| $ | | $3.55 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ | $0.00 |
| ☐ Return Receipt (electronic) | $ | $0.00 |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 |
| ☐ Adult Signature Required | $ | $0.00 |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $34.80 | |
| $ | | |
| Total Postage and Fees | $42.70 | |
| $ | | |

12/11/23 0033
Lttrs to IRS
NON-Claims
For Refund
2013-2018
12/11/2023

Sent To
Dept. of the Treasury - IRS
Street and Apt. No., or PO Box No.
Cincinnati, OH 45999-0038
City, State, ZIP+4®

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HDH GROUP, INC.,** | ) | **Civil Acton No.:** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA and** | ) | |
| **INTERNAL REVENUE SERVICE,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

### I.  INTRODUCTION

Plaintiff, HDH Group, Inc. ("HDH" or "Plaintiff"), brings this civil action for refund of its partial payment of penalties pursuant to 26 U.S.C. § 6703(c)(1) that Defendant United States of America, through its agency, Defendant Internal Revenue Service (the "IRS"), improperly assessed against it for tax years 2013–2018 pursuant to 26 U.S.C. § 6700 (the "IRC § 6700 Penalty"). Plaintiff also seeks a finding that the penalties in the total amount of $6,564,449 were improperly assessed against Plaintiff for its role in operating a captive insurance program for its clients, a part of which involved providing advice and assistance to its clients in establishing captive insurance companies pursuant to 26 U.S.C. § 831(b).

### II.  PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff, HDH, is a corporation organized under the laws of the Commonwealth of Pennsylvania with an address of 210 Sixth Avenue, 30th Floor, Pittsburgh, PA 15222.  The last four digits of its employer identification number are 8002.



2.      Defendants are the United States of America and its agency, the IRS (hereinafter sometimes referred to as "Defendants" or "Government").  The IRS is the revenue service for the United States federal government, which is responsible for collecting U.S. federal taxes and administering the Internal Revenue Code (the "IRC"), the main body of federal statutory tax law.

3.      This is a civil action against the United States for a refund of amounts paid to the IRS pursuant to 26 U.S.C. § 7422(a) as required by the improper determination by the IRS that Plaintiff is liable for the IRS § 6700 Penalty.

4.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1340, and 1346(a)(1).

5.      Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1402 (a)(2) because this is a civil action against the United States pursuant to 28 U.S.C. § 1346(a) and Plaintiff is a corporation with its principal place of business located in Pittsburgh Pennsylvania.

### III.    STATEMENT OF CLAIM

6.      Plaintiff is in the business of selling, designing, operating, implementing, and managing insurance and other products, including until the end of 2018, the operation of a captive insurance program.

7.      At all times during the years 2013-2018, Plaintiff properly advised and assisted its clients in establishing captive insurance companies pursuant to 26 U.S.C. § 831(b).

8.      Captive insurance companies have been explicitly encouraged and promoted by Congress by conferring upon them favorable tax treatment pursuant to 26 U.S.C. § 831(b).

9.    The IRS did not issue any guidance in the form of treasury regulations regarding the formation or operation of captive insurance companies or any guidance on what would be considered insurance for federal income tax purposes.

10.    To the present time, the IRS has not provided such guidance.

11.    At the time Plaintiff began managing captives under its captive program, the only IRS guidance in existence was Revenue Ruling 2002-89.

12.    Revenue Ruling 2002-89 set forth the requirements for a captive insurance arrangement to constitute insurance for federal income tax purposes.

13.    All captives managed by Plaintiff met the requirements of Revenue Ruling 2002-89 to constitute insurance for federal income tax purposes.

14.    This action arises under 26 U.S.C. § 6700 for recovery of $989,000 ($166,000, $229,000, $215,000, $229,000, $106,000, and $44,000) for tax years 2013, 2014, 2015, 2016, 2017, and 2018, respectively), in total penalties paid by Plaintiff and collected by Defendants pursuant to the assessment by Defendants of the 26 U.S.C. § 6700 penalty (the "IRC § 6700 Penalty") for each of those tax years.

15.    By Letter dated November 13, 2023, the IRS asserted the IRC § 6700 Penalty against Plaintiff in the amount of $1,103,515 for tax year 2013.

16.    By Letter dated November 13, 2023, the IRS asserted the IRC § 6700 Penalty against Plaintiff in the amount of $1,523,539 for tax year 2014.

17.    By Letter dated November 13, 2023, the IRS asserted the IRC § 6700 Penalty against Plaintiff in the amount of $1,427,367 for tax year 2015.

18.    By Letter dated November 13, 2023, the IRS asserted the IRC § 6700 Penalty against Plaintiff in the amount of $1,524,803 for tax year 2016.

19.     By Letter dated November 13, 2023, the IRS asserted the IRC § 6700 Penalty against Plaintiff in the amount of $699,595 for tax year 2017.

20.     By Letter dated November 13, 2023, the IRS asserted the IRC § 6700 Penalty against Plaintiff in the amount of $285,630 for tax year 2018.

21.     Pursuant to IRC § 6703(c), if, within 30 days after the day on which notice and demand of any penalty under IRC § 6700 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, then the person may file suit in District Court within 30 days following denial of the claim (or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund), and no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of the District Court proceeding.

22.     By letter dated December 8, 2023, Plaintiff timely submitted to the IRS partial payments of the penalties demanded (which amounts exceeded the required 15 percent as set forth in IRC § 6703(c)) as follows:

    a.     in the amount of $166,000 for tax year 2013;

    b.     in the amount of $229,000 for tax year 2014;

    c.     in the amount of $215,000 for tax year 2015;

    d.     in the amount of $229,000 for tax year 2016;

    e.     in the amount of $106,000 for tax year 2017

    f.     in the amount of $44,000 for tax year 2018.

23.     Plaintiff timely filed IRS Forms 6118, Claim for Refund of Tax Return Preparer and Promoter Penalties as follows:

a.  On December 11, 2023, Plaintiff filed IRS Form 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties for tax year 2013;

b.  On December 11, 2023, Plaintiff filed IRS Form 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties for tax year 2014;

c.  On December 11, 2023, Plaintiff filed IRS Form 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties for tax year 2015;

d.  On December 11, 2023, Plaintiff filed IRS Form 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties for tax year 2016;

e.  On December 11, 2023, Plaintiff filed IRS From 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties for tax year 2017;

f.  On December 11, 2023, Plaintiff filed IRS From 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties for tax year 2018;

24.  By letter dated June 10, 2024, the IRS disallowed all of Plaintiff's claims for refund for each tax year 2013, 2014, 2015, 2016, 2017, and 2018.

25.  26 U.S.C. § 6700 imposes a so called "promoter penalty" on any person (promoters, salespersons, marketers, and their assistants) who (1) (A) organizes (or assists in the organization of) (i) a partnership or other entity, (ii) any investment plan or arrangement, or (iii) any other plan or arrangement; or (B) participates (directly or indirectly) in the sale of any interest in an entity or plan or arrangement referred to in subparagraph A, and (2) makes or furnishes or causes another person to make or furnish (in connection with such organization or sale)--

(A) a statement regarding the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by holding an interest in the entity or participating in the plan or arrangement, which the

5

person knows, or has reason to know, is false or fraudulent as to any material matter…

26.     The Government bears the burden of proof with respect to each element required under IRC § 6700 to show that a "promoter" made a false or fraudulent statement, and therefore, is liable for the IRC § 6700 Penalty.

27.     The Government cannot meet its burden of proof because it cannot show that all five elements required for an IRC § 6700 violation are present.

28.     The five elements that must be present for a finding of an IRC § 6700 violation are:

> a.     There must be a person.
>
> b.     The person must organize (or assist in the organization of) or participate (directly or indirectly) in the sale of a partnership, entity, investment plan or arrangement, or any other plan or arrangement (hereinafter collectively, "plan or arrangement").
>
> c.     The person (or assistant) must make a false or fraudulent statement of the tax benefit (deduction, credit, income exclusion) for which the arrangement or plan is designed to provide.
>
> d.     The person must know or have reason to know that the statement is false.
>
> e.     The statement must be with respect to a material matter.

29.     The IRS conducted an audit of Plaintiff's captive insurance program which began by notice to plaintiff dated September 28, 2015 (the "Audit").

30.     The Audit concluded over eight years later with the November 13, 2023 assertion of the IRC § 6700 Penalty against Plaintiff.

31.     Plaintiff waited over eight years for clarity from the IRS on its administrative review.

32.     The IRS conducted an exhaustive examination of Plaintiff with regard to its activities in forming and operating Mt. Washington Group ("MWG") (formerly Grant Street Assurance, LLC), a subsidiary of HDH, which administered a contractual quota share reinsurance risk pool (the "Mt. Washington Pool") for approximately eighty (80) captive insurance companies.

33.     During the Audit, Plaintiff provided the IRS over a million of pages of documents and at all times fully cooperated with the IRS.

34.     Simultaneously with its investigation of Plaintiff, the IRS investigated the tax liabilities of the captive insurance companies which were part of the Mt. Washington Pool, the tax liabilities of the businesses insured by those captives, and the tax liabilities of the owners of the captive insurance companies and businesses.

35.     At the conclusion of the Audit, by letter dated March 22, 2023, Plaintiff received Form 886-A from the IRS (the "Audit Report").

36.     The IRS concluded in the Audit Report that the captive insurance companies in the Mt. Washington Pool were not legitimate insurance companies qualifying for IRC § 831(b) status, and thus, any statements made by Plaintiff to its captive clients were false and misleading.

37.     As a result of the Audit, the IRS determined that Plaintiff's involvement with its captive insurance program is that of a tax shelter promoter which engaged in tax shelter transactions as defined by the IRC supporting the imposition of the IRC § 6700 Penalty.

38.     The IRS took the position that Plaintiff made false tax statements to clients in setting up captives under its captive program because the Plaintiff sold its captive program to clients as legitimate insurance.

39.     The foundation of the IRS's position is that the captive insurance companies being managed by Plaintiff were not legitimate insurance companies that qualified for IRC § 831(b) status, and that Plaintiff knew that they did not so qualify.

40.     It follows then, that if those captive insurance companies were legitimate insurance companies that qualified for IRC § 831(b) status, there could be no IRC § 6700 violation by Plaintiff.

41.     The captive insurance companies managed by Plaintiff were legitimate insurance companies that qualified for IRC § 831(b) status.

42.     In its audit of several of the captive insurance companies which were part of the Mt. Washington Pool, the IRS admitted that those companies were legitimate insurance companies that qualified for IRC § 831(b) status by issuing "no change" letters and allowed those companies to continue to operate as captive insurance companies, with some of them still operating as such at the present time.

43.     This admission by the IRS makes it inconsistent for the IRS to now contend that the captive insurance companies managed by Plaintiff were not legitimate insurance companies that qualified for IRC § 831(b) status.

44.     Plaintiff relied on these admissions by the IRS during the long more than eight-year Audit period as confirmation that its captive insurance arrangements were acceptable to the IRS.

45.     Nevertheless, when Plaintiff learned that its captive insurance arrangements were not acceptable to the IRS, Plaintiff closed its captive program in 2018 to comply with the wishes of the IRS.

46.     The facts, legal arguments, and conclusions presented by the IRS in the Audit Report do not support a finding that Plaintiff met the following required elements required for the imposition of the IRC § 6700 Penalty: (i) that Plaintiff; (ii) organized or participated in the sale of a plan or arrangement; (iii) that statements were made by Plaintiff about the allowability of any deduction or other tax benefit of the plan or arrangement and that such statements allegedly made were false or fraudulent, (iv) that Plaintiff knew of had reason to know that such statements allegedly made were false or fraudulent; and (v) that such statements allegedly made were made as to any material matter.

47.     The IRS cannot meet its burden of proof that Plaintiff organized or participated in the sale of a plan or arrangement.

48.     Again, there has never been any guidance from the IRS as to what constitutes a "plan or arrangement".

49.     The captives managed by Plaintiff were separate companies with separate owners, director, officers, and insureds.

50.     Plaintiff's captive insurance program did not equate to the sale of a plan or arrangement that constituted a "tax shelter" which is a requirement for the imposition of the IRC § 6700 Penalty.

51.     The IRS cannot meet its burden of proof that statements were made by Plaintiff about the allowability of any deduction or other tax benefit of the plan or arrangement and that such statements allegedly made were false or fraudulent.

52.     Specifically, Plaintiff did not at any time make any false or fraudulent statement with regard to the allowability of any deduction or other tax benefit.

53.     At all times, Plaintiff engaged in the legitimate business of managing legitimate captive insurance companies qualifying for IRC § 831(b) status that participated in the Mt. Washington Pool. Therefore, on their face, none of its statements could have been false or fraudulent.

54.     During its discussions with potential clients of its captive insurance program, Plaintiff spoke about the benefits of forming a captive insurance company and participating in the Mt. Washington Pool, but only if the client had a substantial degree of uninsurable risk, meaning either economically unavailable or simply not offered in the marketplace.

55.     During those discussions, Plaintiff focused only upon insurance matters, its only area of expertise.

56.     Plaintiff occasionally spoke to potential clients in general terms about possible tax benefits of forming an IRC § 831(b) captive, but only if their insurance needs were real.

57.     At the time that Plaintiff made those statements, they were true, and continue to be true, because it was legal (and continues to be legal) for insured companies to take a deduction for premiums paid into their captive insurance company if other criteria were met.

58.     Plaintiff did not at any time function as a tax advisor to any of its clients.

59.     Plaintiff did not at any time make any statement regarding the specific allowability to any client of any deduction or credit, the excludability of any income, or the securing of any tax benefit by holding an interest in an entity (captive insurance company) or participating in any plan or arrangement.

60.    Plaintiff did not have a marketing department; Plaintiff did not advertise; Plaintiff did not conduct or participate in seminars; Plaintiff did not have a website dealing with captives; Plaintiff did not have any videos dealing with captives.

61.    Plaintiff's marketing material consisted of only one four-page general overview of captives.

62.    Plaintiff did not provide its clients with any promotional materials containing any statements regarding any possible tax benefits to forming a captive.

63.    Plaintiff, by specific contractual provisions between Plaintiff and its clients, left the determination of any possible tax benefit up to the tax advisors of the individual captives and their insured.

64.    The IRS cannot meet its burden of proof that Plaintiff knew of had reason to know that Plaintiff's statements allegedly made were false or fraudulent.

65.    The IRS recognizes that Congress explicitly encouraged and promoted captive insurance companies by conferring upon them favorable tax treatment under IRC § 831(b), but nevertheless, sought to eliminate captive insurance arrangements as being tax shelters.

66.    In the Audit Report, the IRS makes an after the fact determination that the captive insurance companies established by Plaintiff did not qualify as legitimate insurance companies that qualified for IRC § 831(b) status.

67.    The IRS used this after the fact determination to make its further finding that any statements made by Plaintiff to its captive clients were false and misleading at the time they were made, notwithstanding the fact that the IRS permitted after the Audit many of Plaintiff's clients to continue to use their § 831(b) captives.

11

68.     The captive insurance companies established by Plaintiff were legitimate insurance companies that qualified for IRC § 831(b) status, so no statements made by Plaintiff regarding the establishment of the captive insurance companies were false or misleading at the time they were made.

69.     Without its after the fact determination that the captive insurance companies did not qualify as legitimate insurance companies, the IRS could not have asserted that any statements made by Plaintiff were knowingly false or misleading at the time they were made.

70.     The final decision of the IRS in late 2023 that the captive insurance companies did not qualify as legitimate insurance companies simply could not have impacted the knowledge of Plaintiff from 2013-2018 the years of the penalty assessments in this case.

71.     Any statements made by Plaintiff to its captive clients regarding its captive insurance program were true at the time they were made and continue to be true at this time.

72.     The IRS cannot meet it burden of proof that Plaintiff's statements allegedly made were made as to any material matter.

73.     In this instance, a material matter is a statement regarding the allowability of any deduction or other tax benefit.

74.     As stated above, Plaintiff did not make any statements regarding the specific allowability to any client of any deduction or credit, the excludability of any income, or the securing of any tax benefit by holding an interest in and entity (captive insurance company) or participating in any plan or arrangement.

## **COUNT I**

(Tax Refund under IRC § 6700)

75.     Plaintiff incorporates paragraphs 1–74 of its Complaint as if set forth in full.

76.     For the reasons described in this Complaint and for the reasons set forth in Plaintiffs Claims for Refund, Plaintiff owes no penalty under 26 U.S.C. § 6700 for tax year 2013.

77.     Plaintiff made a timely Claim for Refund on December 11, 2023.

78.     The IRS denied the claim by letter dated June 10, 2024.

79.     Accordingly, Plaintiff is entitled to a refund of the penalty amount of $166,000 that it paid pursuant to 26 U.S.C. § 6703 for tax year 2013.

80.     As a result, Plaintiff is entitled to judgment in its favor and against the United States of $166,000 plus prejudgment interest.

## **COUNT II**

(Tax Refund under IRC § 6700)

81.     Plaintiff incorporates paragraphs 1–80 of its Complaint as if set forth in full.

82.     For the reasons described in this Complaint and for the reasons set forth in Plaintiffs Claims for Refund, Plaintiff owes no penalty under 26 U.S.C. § 6700 for tax year 2014.

83.     Plaintiff made a timely Claim for Refund on December 11, 2023.

84.     The IRS denied the claim by letter dated June 10, 2024.

85.     Accordingly, Plaintiff is entitled to a refund of the penalty amount of $229,000 that it paid pursuant to 26 U.S.C. § 6703 for tax year 2014.

86.     As a result, Plaintiff is entitled to judgment in its favor and against the United States of $229,000 plus prejudgment interest.

## COUNT III

(Tax Refund Under IRC § 6700)

87.     Plaintiff incorporates paragraphs 1–86 of its Complaint as if set forth in full.

88.     For the reasons described in this Complaint and for the reasons set forth in Plaintiffs Claims for Refund, Plaintiff owes no penalty under 26 U.S.C. § 6700 for tax year 2015.

89.     Plaintiff made a timely Claim for Refund on December 11, 2023.

90.     The IRS denied the claim by letter dated June 10, 2024.

91.     Accordingly, Plaintiff is entitled to a refund of the penalty amount of $215,000 that it paid pursuant to 26 U.S.C. § 6703 for tax year 2015.

92.     As a result, Plaintiff is entitled to judgment in its favor and against the United States of $215,000 plus prejudgment interest.

## COUNT IV

(Tax Refund Under IRC § 6700)

93.     Plaintiff incorporates paragraphs 1–92 of its Complaint as if set forth in full.

94.     For the reasons described in this Complaint and for the reasons set forth in Plaintiffs Claims for Refund, Plaintiff owes no penalty under 26 U.S.C. § 6700 for tax year 2016.

95.     Plaintiff made a timely Claim for Refund on December 11, 2023.

96.     The IRS denied the claim by letter dated June 10, 2024.

97.     Accordingly, Plaintiff is entitled to a refund of the penalty amount of $229,000 that it paid pursuant to 26 U.S.C. § 6703 for tax year 2016.

98.     As a result, Plaintiff is entitled to judgment in its favor and against the United States of $229,000 plus prejudgment interest.

## COUNT V

(Tax Refund Under IRC § 6700)

99.     Plaintiff incorporates paragraphs 1–98 of its Complaint as if set forth in full.

100.    For the reasons described in this Complaint and for the reasons set forth in Plaintiffs Claims for Refund, Plaintiff owes no penalty under 26 U.S.C. § 6700 for tax year 2017.

101.    Plaintiff made a timely Claim for Refund on December 11, 2023.

102.    The IRS denied the claim by letter dated June 10, 2024.

103.    Accordingly, Plaintiff is entitled to a refund of the penalty amount of $106,000 that it paid pursuant to 26 U.S.C. § 6703 for tax year 2017.

104.    Accordingly, Plaintiff is entitled to judgment in its favor and against the United States of $106,000 plus prejudgment interest.

## COUNT VI

(Tax Refund Under IRC § 6700)

105.    Plaintiff incorporates paragraphs 1–104 of its Complaint as if set forth in full.

106.    For the reasons described in this Complaint and for the reasons set forth in Plaintiffs Claims for Refund, Plaintiff owes no penalty under 26 U.S.C. § 6700 for tax year 2018.

107.    Plaintiff made a timely Claim for Refund on December 11, 2023.

108.    The IRS denied the claim by letter dated June 10, 2024.

109.    Accordingly, Plaintiff is entitled to a refund of the penalty amount of $44,000 that it paid pursuant to 26 U.S.C. § 6703 for tax year 2018.

110.    As a result, Plaintiff is entitled to judgment in its favor and against the United States of $44,000 plus prejudgment interest.

## COUNT VII

### (Laches)

111.    Plaintiff incorporates paragraphs 1-110 of its Complaint as if set forth in full.

112.    The IRS waited more than eight years after initiating its audit of Plaintiff to impose the IRC § 6700 Penalty against HDH Group, which was inexcusable.

113.    Plaintiff suffered severe prejudice from Defendants' inexcusable delay in the form of the likely unavailability of relevant witnesses, the likely loss of key files, and due to witnesses' memories fading over time.

114.    Due to Defendants' conduct as described above, Plaintiff has suffered damages as noted above and below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court will:

1.    find that no penalty should be imposed against Plaintiff pursuant to IRC § 6700;

2.    find and order that the partial payment by Plaintiff of the penalty imposed against Plaintiff pursuant to IRC § 6700 must be refunded to Plaintiff in the amounts of $166,000 for tax year 2013, $229,000 for tax year 2014, $215,000 for tax year 2015, $229,000 for tax year 2016, $106,000 for tax year 2017, and $44,000 for tax year 2018, together with an increase in such amounts for applicable interest;

3.    find that Plaintiff is entitled to its recoverable costs of court and attorneys' fees; and

4.    grant such other relief to Plaintiff as this Court may deem fitting and proper.

Respectfully Submitted,

**JURY TRIAL DEMANDED**

s/ *David B. Spear*
David B. Spear
PA Id. No. 62133

s/ *Ralph Minto, Jr.*
Ralph Minto, Jr.
PA Id. No. 51746

s/ *Michelle L. Kopnski*
Michelle L. Kopnski
PA Id. No. 52096

Minto Law Group, LLC
Stone Quarry Crossing
811 Camp Horne Road, Suite 320
Pittsburgh, PA 15237
412-201-5525
dspear@mintolaw.com
rminto@mintolaw.com
mkopnski@mintolaw.com
Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Complaint was served upon the following in accordance with the applicable rules of court, this 9th day of July, 2024:

United States of America
c/o Merrick B. Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States of America
c/o Eric G. Olshan, United States Attorney
United States Attorney's Office for the Western District of Pennsylvania
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

Internal Revenue Service
c/o Daniel I. Werfel
Commissioner of the IRS
1111 Constitution Avenue NW
Washington, DC 20002

s/ *David B. Spear*
David B. Spear

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

HDH GROUP, INC.,                    )
                                    )
          Plaintiff,                )
                                    )
               v.                   )      Case No. 2:24-CV-00988
                                    )
UNITED STATES OF AMERICA,           )
                                    )
          Defendant.                )
                                    )
_____    )
                                    )
UNITED STATES OF AMERICA,           )
                                    )
          Counter-Claimant,         )
                                    )
               v.                   )
                                    )
HDH GROUP, INC.,                    )
                                    )
          Counterclaim Defendant.   )
_____    )

**DEFENDANT UNITED STATES' ANSWER AND COUNTERCLAIM**

The United States of America answers Plaintiff's complaint as follows:

1.      *Plaintiff, HDH, is a corporation organized under the laws of the Commonwealth of Pennsylvania with an address of 210 Sixth Avenue, 30th Floor, Pittsburgh, PA 15222. The last four digits of its employer identification number are 8002.*

**ANSWER**: Admit.

2.      *Defendants are the United States of America and its agency, the IRS (hereinafter sometimes referred to as "Defendants" or "Government"). The IRS is the revenue service for the United States federal government, which is responsible for collecting U.S. federal taxes and administering the Internal Revenue Code (the "IRC"), the main body of federal statutory tax law.*

*EXHIBIT*
**3**

**ANSWER**: The United States admits that the United States is a proper defendant in this case. The United States denies that the IRS is a proper party to this case. The IRS is an agency of the United States, and as such, is not authorized to sue or be sued *eo nomine* absent explicit authorization. *Blackmar v. Guerre*, 342 U.S. 512, 514-515 (1952); *Beneficial Consumer Discount Co. v. Poltonowicz*, 47 F.3d 91, 94 (3d Cir. 1995). Accordingly, "a suit purporting to bring claims against the IRS is deemed to be a suit against the United States." *Abell v. Sothen*, 214 Fed. Appx. 743, 750-51 (10th Cir. 2007); *Bosset v. United States,* No. 07-cv-967, 2007 WL 3034656, at * 3 (M.D. Fla. October 16, 2007) ("The Internal Revenue Service is likewise not a proper party…because a federal agency may not be sued in its own name without express congressional authority. It is clearly established that the Internal Revenue Service is among those agencies for which such authority has not been given. The proper party in this action, therefore, is the United States.") (internal citations omitted). Additionally, IRC (26 U.S.C.) § 7422(f)(1), which governs actions for refunds of tax penalties, states that a proceeding for such a refund "may be maintained only against the United States…."

3.　　　*This is a civil action against the United States for a refund of amounts paid to the IRS pursuant to 26 U.S.C. § 7422(a) as required by the improper determination by the IRS that Plaintiff is liable for the IRS § 6700 Penalty.*

**ANSWER**: The United States admits that HDH Group, Inc. seeks a refund in this action pursuant to 26 U.S.C. § 7422(a). The United States denies all other allegations in paragraph 3. By way of further response, HDH Group, Inc. has not paid in full the penalties assessed against it.

4.      *This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1340, and 1346(a)(1).*

**ANSWER**: The United States admits that the cited statutes may confer this Court with jurisdiction. The United States lacks knowledge or information sufficient to form a belief as to whether all jurisdictional prerequisites have been satisfied.

5.      *Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1402 (a)(2) because this is a civil action against the United States pursuant to 28 U.S.C. § 1346(a) and Plaintiff is a corporation with its principal place of business located in Pittsburgh Pennsylvania.*

**ANSWER**: Admit.

6.      *Plaintiff is in the business of selling, designing, operating, implementing, and managing insurance and other products, including until the end of 2018, the operation of a captive insurance program.*

**ANSWER**: The United States admits Plaintiff sold, designed, operated, implemented, and managed what it claimed to be valid captive insurance through its purported captive insurance program until the end of 2018. The United States denies that Plaintiff's program involved valid captive insurance. The United States lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in paragraph 6.

7.      *At all times during the years 2013-2018, Plaintiff properly advised and assisted its clients in establishing captive insurance companies pursuant to 26 U.S.C. § 831(b).*

**ANSWER**: Deny.

3

8.     *Captive insurance companies have been explicitly encouraged and promoted by Congress by conferring upon them favorable tax treatment pursuant to 26 U.S.C. § 831(b).*

**ANSWER**: The United States admits that the Tax Reform Act of 1986 amended the Internal Revenue Code to add 26 U.S.C. § 831(b), which permits smaller "microcaptive" insurance companies to elect favorable tax treatment, provided that certain requirements are met. The United States lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in paragraph 8.

9.     *The IRS did not issue any guidance in the form of treasury regulations regarding the formation or operation of captive insurance companies or any guidance on what would be considered insurance for federal income tax purposes.*

**ANSWER**: The United States admits that there were no specific Treasury Regulations regarding the formation or operation of captive insurance companies or providing a definition of insurance for federal income tax purposes during the years at issue. The United States denies any remaining allegations in paragraph 9, including any express or implied allegation that no guidance regarding what constituted insurance for federal income tax purposes existed during the years at issue.

10.     *To the present time, the IRS has not provided such guidance.*

**ANSWER**: The United States admits that, as of the date of this answer, there are no specific Treasury Regulations addressing captive insurance companies or the definition of insurance. The United States denies all other allegations in paragraph 10, including any express or implied allegation that no guidance regarding what constituted insurance for federal income tax purposes existed during the years at issue.

4

11.    *At the time Plaintiff began managing captives under its captive program, the only IRS guidance in existence was Revenue Ruling 2002-89.*

**ANSWER**: The United States admits that Revenue Ruling 2002-89 was published on December 30, 2002. The United States denies that this was the only guidance in existence as to what constituted insurance for federal income tax purposes at the time Plaintiff began managing captives under its captive program. The United States denies that the purported captives managed under Plaintiff's program were valid captive insurance companies or issued valid captive insurance. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11.

12.    *Revenue Ruling 2002-89 set forth the requirements for a captive insurance arrangement to constitute insurance for federal income tax purposes.*

**ANSWER**: The United States admits that Revenue Ruling 2002-89 considered two arrangements between a theoretical domestic parent corporation and its wholly owned domestic insurance subsidiary and analyzed whether each arrangement would constitute insurance for federal income tax purposes, but denies any express or implied allegation that Revenue Ruling 2002-89 was the only operative guidance or authority regarding what constituted valid captive insurance for federal income tax purposes during the years at issue. The United States denies all other allegations in paragraph 12.

13.    *All captives managed by Plaintiff met the requirements of Revenue Ruling 2002- 89 to constitute insurance for federal income tax purposes.*

**ANSWER**: Deny.

14.    *This action arises under 26 U.S.C. § 6700 for recovery of $989,000 ($166,000, $229,000, $215,000, $229,000, $106,000, and $44,000) for tax years 2013, 2014, 2015, 2016,*

*2017, and 2018, respectively), in total penalties paid by Plaintiff and collected by Defendants pursuant to the assessment by Defendants of the 26 U.S.C. § 6700 penalty (the "IRC § 6700 Penalty") for each of those tax years.*

**ANSWER**: The United States admits that a delegate of the Secretary of the Treasury assessed penalties against Plaintiff in accordance with 26 U.S.C. § 6700(a) for the tax years listed, and that Plaintiff made partial payments of the assessed penalties in the amounts listed. The balance of paragraph 14 is denied, including any express or implied allegation that Plaintiff has paid in full the § 6700 penalties assessed against it.

15.     *By Letter dated November 13, 2023, the IRS asserted the IRC § 6700 Penalty against Plaintiff in the amount of $1,103,515 for tax year 2013.*

**ANSWER**: The United States admits that on November 13, 2023 the Internal Revenue Service assessed a penalty against Plaintiff pursuant to 26 U.S.C. § 6700 in the amount of $1,103,515 with respect to the 2013 tax year and provided notice and demand to Plaintiff for payment of the penalty. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.

16.     *By Letter dated November 13, 2023, the IRS asserted the IRC § 6700 Penalty against Plaintiff in the amount of $1,523,539 for tax year 2014.*

**ANSWER**: The United States admits that on November 13, 2023 the Internal Revenue Service assessed a penalty against Plaintiff pursuant to 26 U.S.C. § 6700 in the amount of $1,523,539 with respect to the 2014 tax year and provided notice and demand to Plaintiff for payment of the penalty. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17.    *By Letter dated November 13, 2023, the IRS asserted the IRC § 6700 Penalty against Plaintiff in the amount of $1,427,367 for tax year 2015.*

**ANSWER**: The United States admits that on November 13, 2023 the Internal Revenue Service assessed a penalty against Plaintiff pursuant to 26 U.S.C. § 6700 in the amount of $1,427,367 with respect to the 2015 tax year and provided notice and demand to Plaintiff for payment of the penalty. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17.

18.    *By Letter dated November 13, 2023, the IRS asserted the IRC § 6700 Penalty against Plaintiff in the amount of $1,524,803 for tax year 2016.*

**ANSWER**: The United States admits that on November 13, 2023 the Internal Revenue Service assessed a penalty against Plaintiff pursuant to 26 U.S.C. § 6700 in the amount of $1,524,803 with respect to the 2016 tax year and provided notice and demand for payment of the penalty. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18.

19.    *By Letter dated November 13, 2023, the IRS asserted the IRC § 6700 Penalty against Plaintiff in the amount of $699,595 for tax year 2017.*

**ANSWER**: The United States admits that on November 13, 2023 the Internal Revenue Service assessed a penalty against Plaintiff pursuant to 26 U.S.C. § 6700 in the amount of $699,595 with respect to the 2017 tax year and provided notice and demand for payment of the penalty. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19.

20. *By Letter dated November 13, 2023, the IRS asserted the IRC § 6700 Penalty against Plaintiff in the amount of $285,630 for tax year 2018.*

**ANSWER**: The United States admits that on November 13, 2023 the Internal Revenue Service assessed a penalty against Plaintiff pursuant to 26 U.S.C. § 6700 in the amount of $285,630 with respect to the 2018 tax year and provided notice and demand for payment of the penalty. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20.

21. *Pursuant to IRC § 6703(c), if, within 30 days after the day on which notice and demand of any penalty under IRC § 6700 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, then the person may file suit in District Court within 30 days following denial of the claim (or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund), and no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of the District Court proceeding.*

**ANSWER**: Admit. By way of further response, 26 U.S.C. § 6703(c)(1) states that the restrictions on collection described by Plaintiff in paragraph 21 do not apply to a counterclaim filed by the United States for the unpaid balance of a penalty assessed under 26 U.S.C. § 6700.

22. *By letter dated December 8, 2023, Plaintiff timely submitted to the IRS partial payments of the penalties demanded (which amounts exceeded the required 15 percent as set forth in IRC § 6703(c)) as follows:*

      *a.  in the amount of $166,000 for tax year 2013;*

      *b.  in the amount of $229,000 for tax year 2014;*

8

    *c.  in the amount of $215,000 for tax year 2015;*

    *d.  in the amount of $229,000 for tax year 2016;*

    *e.  in the amount of $106,000 for tax year 2017*

    *f.  in the amount of $44,000 for tax year 2018.*

**ANSWER**: The United States admits that payments in the amounts listed in subparagraphs 22(a) through 22(f) were sent to the IRS via correspondence postmarked December 11, 2023; received by the IRS on December 13, 2023; and posted on December 28, 2023, and that such amounts were not less than 15 percent of the penalty assessments for each year. The United States denies all other allegations in paragraph 22.

23.    *Plaintiff timely filed IRS Forms 6118, Claim for Refund of Tax Return Preparer and Promoter Penalties as follows:*

    *a.  On December 11, 2023, Plaintiff filed IRS Form 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties for tax year 2013;*

    *b.  On December 11, 2023, Plaintiff filed IRS Form 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties for tax year 2014;*

    *c.  On December 11, 2023, Plaintiff filed IRS Form 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties for tax year 2015;*

    *d.  On December 11, 2023, Plaintiff filed IRS Form 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties for tax year 2016;*

    *e.  On December 11, 2023, Plaintiff filed IRS From 6118 Claim for Refund of Tax Return Preparer and Promoter Penalties for tax year 2017;*

9

> f.   On December 11, 2023, Plaintiff filed IRS From 6118 Claim for Refund of Tax
>     Return Preparer and Promoter Penalties for tax year 2018;

**ANSWER**: The United States admits that Plaintiff filed IRS Forms 6118 on the dates and for the tax years listed in paragraphs 23(a) through 23(f). The United States denies the remaining the allegations in paragraph 23.

24.   *By letter dated June 10, 2024, the IRS disallowed all of Plaintiff's claims for refund for each tax year 2013, 2014, 2015, 2016, 2017, and 2018.*

**ANSWER**: The United States admits that by letter dated June 10, 2024, the IRS disallowed the claims for refund referenced in paragraph 23 but lacks sufficient knowledge or information to determine whether this constituted "all" of Plaintiff's claims for refund for each tax year, and therefore denies all other allegations in paragraph 24.

25.   *26 U.S.C. § 6700 imposes a so called "promoter penalty" on any person (promoters, salespersons, marketers, and their assistants) who (1) (A) organizes (or assists in the organization of) (i) a partnership or other entity, (ii) any investment plan or arrangement, or (iii) any other plan or arrangement; or (B) participates (directly or indirectly) in the sale of any interest in an entity or plan or arrangement referred to in subparagraph A, and (2) makes or furnishes or causes another person to make or furnish (in connection with such organization or sale)--*

*(A) a statement regarding the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by holding an interest in the entity or participating in the plan or arrangement, which the person knows, or has reason to know, is false or fraudulent as to any material matter…*

**ANSWER**: The United States admits that 26 U.S.C. § 6700 imposes a penalty on organizers of or participants in the sale of abusive tax shelter plans or arrangements and that

Plaintiff's purported captive insurance program constituted such an abusive tax shelter plan or arrangement. The United States further admits that paragraph 25 accurately quotes a portion of 26 U.S.C. § 6700. The United States denies the remaining allegations in paragraph 25.

26.    *The Government bears the burden of proof with respect to each element required under IRC § 6700 to show that a "promoter" made a false or fraudulent statement, and therefore, is liable for the IRC § 6700 Penalty.*

**ANSWER**: The United States admits that it bears the burden of proof on the issue of whether any person is liable for a penalty under 26 U.S.C. § 6700. The United States denies the remaining allegations in paragraph 26.

27.    *The Government cannot meet its burden of proof because it cannot show that all five elements required for an IRC § 6700 violation are present.*

**ANSWER**: Deny.

28.    *The five elements that must be present for a finding of an IRC § 6700 violation are:*

a.   *There must be a person.*

b.   *The person must organize (or assist in the organization of) or participate (directly or indirectly) in the sale of a partnership, entity, investment plan or arrangement, or any other plan or arrangement (hereinafter collectively, "plan or arrangement").*

c.   *The person (or assistant) must make a false or fraudulent statement of the tax benefit (deduction, credit, income exclusion) for which the arrangement or plan is designed to provide.*

11

     *d.   The person must know or have reason to know that the statement is false.*

     *e.   The statement must be with respect to a material matter.*

**ANSWER**: The United States denies that Plaintiff has accurately listed the elements which must be established to sustain a penalty assessed under 26 U.S.C. § 6700.

29.    *The IRS conducted an audit of Plaintiff's captive insurance program which began by notice to plaintiff dated September 28, 2015 (the "Audit").*

**ANSWER**: The United States admits that the IRS examined Plaintiff's purported captive insurance program and provided notice of the examination to Plaintiff on September 28, 2015. The United States denies the remaining allegations in paragraph 29.

30.    *The Audit concluded over eight years later with the November 13, 2023 assertion of the IRC § 6700 Penalty against Plaintiff.*

**ANSWER**: The United States admits that it assessed penalties under 26 U.S.C. § 6700 against Plaintiff on November 13, 2023. The United States denies the remaining allegations in paragraph 30.

31.    *Plaintiff waited over eight years for clarity from the IRS on its administrative review.*

**ANSWER**: The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32.    *The IRS conducted an exhaustive examination of Plaintiff with regard to its activities in forming and operating Mt. Washington Group ("MWG") (formerly Grant Street Assurance, LLC), a subsidiary of HDH, which administered a contractual quota share reinsurance risk pool (the "Mt. Washington Pool") for approximately eighty (80) captive insurance companies.*

**ANSWER**: The United States admits that Mt. Washington Group was a subsidiary of Plaintiff through which Plaintiff administered what it purported to be a contractual quota share reinsurance risk pool for approximately 80 entities which Plaintiff asserts were captive insurance companies. The United States denies any express or implied allegations that Mt. Washington Group was a valid reinsurance risk pool or that any of the approximately 80 captive insurance companies referenced in paragraph 32 were valid captive insurance companies. The United States lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 32.

33. *During the Audit, Plaintiff provided the IRS over a million of pages of documents and at all times fully cooperated with the IRS.*

**ANSWER**: The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33. By way of further response, this tax refund suit is a de novo proceeding, not a proceeding to review an agency action, so the IRS's examination of Plaintiff (or the volume of documents produced therein) has no bearing on this proceeding. *See, e.g., Samango v. United States,* No. 17-2484, 2019 WL 2525741, at * 7 (E.D. Pa. June 18, 2019) (explaining that "in tax refund suits, factual issues are tried de novo…with no weight given to the subsidiary factual findings made by the Service in its internal administrative proceedings" and, further, that in a de novo proceeding "the district court is ordinarily not permitted to delve into the [IRS's] reasoning at the administrative decision-making level.") (internal citations and quotations omitted).

34. *Simultaneously with its investigation of Plaintiff, the IRS investigated the tax liabilities of the captive insurance companies which were part of the Mt. Washington Pool, the tax*

13

*liabilities of the businesses insured by those captives, and the tax liabilities of the owners of the*

*captive insurance companies and businesses.*

    **ANSWER**: The United States admits that the IRS examined some of the participants in

Plaintiff's scheme, including clients of Plaintiff who owned entities which were purported to be

captive insurance companies, such entities' owners, and the purported captive insurance

companies themselves, and uniformly concluded that Plaintiff's purported captive insurance

arrangement did not result in the creation of valid insurance or valid captive insurance

arrangements.

    35.    *At the conclusion of the Audit, by letter dated March 22, 2023, Plaintiff received*

*Form 886-A from the IRS (the "Audit Report").*

    **ANSWER**: The United States admits that the IRS sent correspondence to Plaintiff which

included IRS Form 886-A. The remaining allegations in paragraph 35 are denied. By way of

further response, this tax refund suit is a de novo proceeding, not a proceeding to review an agency

action, so the IRS's examination of Plaintiff has no bearing on this proceeding. *See, e.g., Samango*

*v. United States,* No. 17-2484, 2019 WL 2525741, at * 7 (E.D. Pa. June 18, 2019).

    36.    *The IRS concluded in the Audit Report that the captive insurance companies in the*

*Mt. Washington Pool were not legitimate insurance companies qualifying for IRC § 831(b) status,*

*and thus, any statements made by Plaintiff to its captive clients were false and misleading.*

    **ANSWER:** The United States admits that the IRS concluded that the entities which

Plaintiff purported to be legitimate captive insurance companies were not, and that Plaintiff made

false and misleading statements in furtherance of its scheme. The United States denies that

paragraph 36 is comprehensive as to the IRS's conclusions. By way of further response, this tax

refund suit is a de novo proceeding, not a proceeding to review an agency action, so the IRS's

examination of Plaintiff has no bearing on this proceeding. *See, e.g., Samango v. United States,* No. 17-2484, 2019 WL 2525741, at * 7 (E.D. Pa. June 18, 2019).

37.     *As a result of the Audit, the IRS determined that Plaintiff's involvement with its captive insurance program is that of a tax shelter promoter which engaged in tax shelter transactions as defined by the IRC supporting the imposition of the IRC § 6700 Penalty.*

**ANSWER**: The United States admits that the IRS assessed penalties against Plaintiff pursuant to IRC § 6700 due to its conduct in relation to its purported captive insurance program. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 37. By way of further response, this tax refund suit is a de novo proceeding, not a proceeding to review an agency action, so the IRS's examination of Plaintiff has no bearing on this proceeding. *See, e.g., Samango v. United States,* No. 17-2484, 2019 WL 2525741, at * 7 (E.D. Pa. June 18, 2019).

38.     *The IRS took the position that Plaintiff made false tax statements to clients in setting up captives under its captive program because the Plaintiff sold its captive program to clients as legitimate insurance.*

**ANSWER**: The United States admits that the IRS assessed penalties against Plaintiff pursuant to 26 U.S.C. § 6700 due to Plaintiff's conduct in relation to its purported captive insurance program. The United States denies that Plaintiff has fully articulated the IRS's position as it relates to such penalties. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 38. By way of further response, this tax refund suit is a de novo proceeding, not a proceeding to review an agency action, so the IRS's examination of Plaintiff has no bearing on this proceeding. *See, e.g., Samango v. United States,* No. 17-2484, 2019 WL 2525741, at * 7 (E.D. Pa. June 18, 2019).

39.    *The foundation of the IRS's position is that the captive insurance companies being managed by Plaintiff were not legitimate insurance companies that qualified for IRC § 831(b) status, and that Plaintiff knew that they did not so qualify.*

**ANSWER**: The United States admits that the IRS assessed penalties against Plaintiff pursuant to 26 U.S.C. § 6700 due to Plaintiff's conduct in relation to its purported captive insurance program. The United States denies that Plaintiff has fully articulated the IRS's position as it relates to such penalties. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 39. By way of further response, this tax refund suit is a de novo proceeding, not a proceeding to review an agency action, so the IRS's examination of Plaintiff has no bearing on this proceeding. *See, e.g., Samango v. United States,* No. 17-2484, 2019 WL 2525741, at * 7 (E.D. Pa. June 18, 2019).

40.    *It follows then, that if those captive insurance companies were legitimate insurance companies that qualified for IRC § 831(b) status, there could be no IRC § 6700 violation by Plaintiff.*

**ANSWER**: Deny.

41.    *The captive insurance companies managed by Plaintiff were legitimate insurance companies that qualified for IRC § 831(b) status.*

**ANSWER**: Deny.

42.    *In its audit of several of the captive insurance companies which were part of the Mt. Washington Pool, the IRS admitted that those companies were legitimate insurance companies that qualified for IRC § 831(b) status by issuing "no change" letters and allowed those companies*

16

to continue to operate as captive insurance companies, with some of them still operating as such at the present time.

**ANSWER**: Deny.

43.     *This admission by the IRS makes it inconsistent for the IRS to now contend that the captive insurance companies managed by Plaintiff were not legitimate insurance companies that qualified for IRC § 831(b) status.*

**ANSWER**: Deny.

44.     *Plaintiff relied on these admissions by the IRS during the long more than eight-year Audit period as confirmation that its captive insurance arrangements were acceptable to the IRS.*

**ANSWER**: Deny.

45.     *Nevertheless, when Plaintiff learned that its captive insurance arrangements were not acceptable to the IRS, Plaintiff closed its captive program in 2018 to comply with the wishes of the IRS.*

**ANSWER**: The United States admits that Plaintiff ended its captive insurance program scheme in 2018 but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 45.

46.     *The facts, legal arguments, and conclusions presented by the IRS in the Audit Report do not support a finding that Plaintiff met the following required elements required for the imposition of the IRC § 6700 Penalty: (i) that Plaintiff; (ii) organized or participated in the sale of a plan or arrangement; (iii) that statements were made by Plaintiff about the allowability of any deduction or other tax benefit of the plan or arrangement and that such statements allegedly made were false or fraudulent, (iv) that Plaintiff knew of had reason to know that such statements*

17

*allegedly made were false or fraudulent; and (v) that such statements allegedly made were made as to any material matter.*

**ANSWER**: Deny. By way of further response, this tax refund suit is a de novo proceeding, not a proceeding to review an agency action, so the IRS's examination of Plaintiff has no bearing on this proceeding. *See, e.g., Samango v. United States,* No. 17-2484, 2019 WL 2525741, at * 7 (E.D. Pa. June 18, 2019).

47.   *The IRS cannot meet its burden of proof that Plaintiff organized or participated in the sale of a plan or arrangement.*

**ANSWER**: Deny.

48.   *Again, there has never been any guidance from the IRS as to what constitutes a "plan or arrangement".*

**ANSWER**: Deny.

49.   *The captives managed by Plaintiff were separate companies with separate owners, director, officers, and insureds.*

**ANSWER**: The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49.

50.   *Plaintiff's captive insurance program did not equate to the sale of a plan or arrangement that constituted a "tax shelter" which is a requirement for the imposition of the IRC § 6700 Penalty.*

**ANSWER**: Deny.

18

51.     *The IRS cannot meet its burden of proof that statements were made by Plaintiff about the allowability of any deduction or other tax benefit of the plan or arrangement and that such statements allegedly made were false or fraudulent.*

**ANSWER**: Deny.

52.     *Specifically, Plaintiff did not at any time make any false or fraudulent statement with regard to the allowability of any deduction or other tax benefit.*

**ANSWER**: Deny.

53.     *At all times, Plaintiff engaged in the legitimate business of managing legitimate captive insurance companies qualifying for IRC § 831(b) status that participated in the Mt. Washington Pool. Therefore, on their face, none of its statements could have been false or fraudulent.*

**ANSWER**: Deny.

54.     *During its discussions with potential clients of its captive insurance program, Plaintiff spoke about the benefits of forming a captive insurance company and participating in the Mt. Washington Pool, but only if the client had a substantial degree of uninsurable risk, meaning either economically unavailable or simply not offered in the marketplace.*

**ANSWER**: Deny.

55.     *During those discussions, Plaintiff focused only upon insurance matters, its only area of expertise.*

**ANSWER**: Deny.

19

56.     *Plaintiff occasionally spoke to potential clients in general terms about possible tax benefits of forming an IRC § 831(b) captive, but only if their insurance needs were real.*

**ANSWER**: The United States admits that Plaintiff spoke to its clients about the tax benefits of forming a captive insurance company, which it falsely claimed would be compliant with 26 U.S.C. § 831(b). The United States denies the remaining allegations in paragraph 56.

57.     *At the time that Plaintiff made those statements, they were true, and continue to be true, because it was legal (and continues to be legal) for insured companies to take a deduction for premiums paid into their captive insurance company if other criteria were met.*

**ANSWER**: It is unclear which statements Plaintiff refers to in paragraph 57, and thus the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57. By way of further response, the United States agrees that the Internal Revenue Code allows for a deduction for premiums paid to captive insurance companies in certain circumstances. The United States denies that premiums paid to the purported captive insurance companies formed as part of Plaintiff's scheme were deductible.

58.     *Plaintiff did not at any time function as a tax advisor to any of its clients.*

**ANSWER**: The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58.

59.     *Plaintiff did not at any time make any statement regarding the specific allowability to any client of any deduction or credit, the excludability of any income, or the securing of any tax benefit by holding an interest in an entity (captive insurance company) or participating in any plan or arrangement.*

**ANSWER**: Deny.

60.     *Plaintiff did not have a marketing department; Plaintiff did not advertise; Plaintiff did not conduct or participate in seminars; Plaintiff did not have a website dealing with captives; Plaintiff did not have any videos dealing with captives.*

**ANSWER**: The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 as to Plaintiff's marketing department, seminars, or videos. The United States denies the allegations in paragraph 60 as to Plaintiff's website and advertising.

61.     *Plaintiff's marketing material consisted of only one four-page general overview of captives.*

**ANSWER**: Deny.

62.     *Plaintiff did not provide its clients with any promotional materials containing any statements regarding any possible tax benefits to forming a captive.*

**ANSWER**: Deny.

63.     *Plaintiff, by specific contractual provisions between Plaintiff and its clients, left the determination of any possible tax benefit up to the tax advisors of the individual captives and their insured.*

**ANSWER**: Deny.

64.     *The IRS cannot meet its burden of proof that Plaintiff knew or had reason to know that Plaintiff's statements allegedly made were false or fraudulent.*

**ANSWER**: Deny.

65.     *The IRS recognizes that Congress explicitly encouraged and promoted captive insurance companies by conferring upon them favorable tax treatment under IRC § 831(b), but nevertheless, sought to eliminate captive insurance arrangements as being tax shelters.*

21

**ANSWER**: The United States admits 26 U.S.C. § 831(b) permits small captive insurance companies to elect favorable tax treatment provided that certain requirements are met. The United States denies the remaining allegations in paragraph 65.

66.     *In the Audit Report, the IRS makes an after the fact determination that the captive insurance companies established by Plaintiff did not qualify as legitimate insurance companies that qualified for IRC § 831(b) status.*

**ANSWER**: The United States admits that the IRS determined that the captive insurance companies established by Plaintiff were not legitimate insurance companies that qualified for IRC § 831(b) status. By way of further response, the United States admits that IRS examination determinations, as well as Court decisions, are inherently retrospective, and thus made "after the fact." By way of further response, this tax refund suit is a de novo proceeding, not a proceeding to review an agency action, so the IRS's examination of Plaintiff has no bearing on this proceeding. *See, e.g., Samango v. United States,* No. 17-2484, 2019 WL 2525741, at * 7 (E.D. Pa. June 18, 2019)

67.     *The IRS used this after the fact determination to make its further finding that any statements made by Plaintiff to its captive clients were false and misleading at the time they were made, notwithstanding the fact that the IRS permitted after the Audit many of Plaintiff's clients to continue to use their § 831(b) captives.*

**ANSWER**: Deny.

68.     *The captive insurance companies established by Plaintiff were legitimate insurance companies that qualified for IRC § 831(b) status, so no statements made by Plaintiff regarding the*

22

*establishment of the captive insurance companies were false or misleading at the time they were made.*

**ANSWER**: Deny.

69. *Without its after the fact determination that the captive insurance companies did not qualify as legitimate insurance companies, the IRS could not have asserted that any statements made by Plaintiff were knowingly false or misleading at the time they were made.*

**ANSWER**: Deny.

70. *The final decision of the IRS in late 2023 that the captive insurance companies did not qualify as legitimate insurance companies simply could not have impacted the knowledge of Plaintiff from 2013-2018 the years of the penalty assessments in this case.*

**ANSWER**: While the United States admits that a specific IRS decision made in 2023 could not have impacted Plaintiff's knowledge from 2013-2018, the United States denies all remaining allegations of paragraph 70, including any express or implied allegation that Plaintiff had no indication that its captive insurance scheme did not involve legitimate insurance prior to the IRS's assessment of § 6700 penalties against it. For instance, the requirements to qualify as a legitimate insurance company for federal tax purposes have been defined through decades of caselaw, beginning as early as 1941 with *Helvering v. Le Gierse*, 312 U.S. 531, 539 (1941), well before the years of the penalty assessments at issue in this case.

71. *Any statements made by Plaintiff to its captive clients regarding its captive insurance program were true at the time they were made and continue to be true at this time.*

**ANSWER**: Deny.

72.   *The IRS cannot meet it burden of proof that Plaintiff's statements allegedly made were made as to any material matter.*

**ANSWER**: Deny.

73.   *In this instance, a material matter is a statement regarding the allowability of any deduction or other tax benefit.*

**ANSWER**: The United States admits that a statement regarding the allowability of any deduction or other tax benefit may be material for purposes of 26 U.S.C. § 6700 but denies the allegation to the extent it states or implies only such statements may be material under § 6700.

74.   *As stated above, Plaintiff did not make any statements regarding the specific allowability to any client of any deduction or credit, the excludability of any income, or the securing of any tax benefit by holding an interest in and entity (captive insurance company) or participating in any plan or arrangement.*

**ANSWER**: Deny.

## COUNT I

(Tax Refund under IRC § 6700)

75.   *Plaintiff incorporates paragraphs 1–74 of its Complaint as if set forth in full.*

**ANSWER**: The United States incorporates by reference its responses to paragraphs 1-74.

76.   *For the reasons described in this Complaint and for the reasons set forth in Plaintiffs Claims for Refund, Plaintiff owes no penalty under 26 U.S.C. § 6700 for tax year 2013.*

**ANSWER**: Deny.

77.     *Plaintiff made a timely Claim for Refund on December 11, 2023.*

**ANSWER**: The United States admits that Plaintiff filed a claim for refund on December 11, 2023. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 77.

78.     *The IRS denied the claim by letter dated June 10, 2024.*

**ANSWER**: Admit.

79.     *Accordingly, Plaintiff is entitled to a refund of the penalty amount of $166,000 that it paid pursuant to 26 U.S.C. § 6703 for tax year 2013.*

**ANSWER**: Deny.

80.     *As a result, Plaintiff is entitled to judgment in its favor and against the United States of $166,000 plus prejudgment interest.*

**ANSWER**: Deny.

## COUNT II

### (Tax Refund under IRC § 6700)

81.     *Plaintiff incorporates paragraphs 1–80 of its Complaint as if set forth in full.*

**ANSWER**: The United States incorporates by reference its responses to paragraphs 1-80.

82.     *For the reasons described in this Complaint and for the reasons set forth in Plaintiffs Claims for Refund, Plaintiff owes no penalty under 26 U.S.C. § 6700 for tax year 2014.*

**ANSWER**: Deny.

83.     *Plaintiff made a timely Claim for Refund on December 11, 2023.*

**ANSWER**: The United States admits that Plaintiff filed a claim for refund on December 11, 2023. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 83.

84.     *The IRS denied the claim by letter dated June 10, 2024.*

**ANSWER**: Admit.

85.     *Accordingly, Plaintiff is entitled to a refund of the penalty amount of $229,000 that it paid pursuant to 26 U.S.C. § 6703 for tax year 2014.*

**ANSWER**: Deny.

86.     *As a result, Plaintiff is entitled to judgment in its favor and against the United States of $229,000 plus prejudgment interest.*

**ANSWER**: Deny.

## COUNT III

### (Tax Refund Under IRC § 6700)

87.     *Plaintiff incorporates paragraphs 1–86 of its Complaint as if set forth in full.*

**ANSWER**: The United States incorporates by reference its responses to paragraphs 1-86.

88.     *For the reasons described in this Complaint and for the reasons set forth in Plaintiffs Claims for Refund, Plaintiff owes no penalty under 26 U.S.C. § 6700 for tax year 2015.*

**ANSWER**: Deny.

89.     *Plaintiff made a timely Claim for Refund on December 11, 2023.*

**ANSWER**: The United States admits that Plaintiff filed a claim for refund on December 11, 2023. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 89.

90.     *The IRS denied the claim by letter dated June 10, 2024.*

**ANSWER**: Admit.

26

91.    *Accordingly, Plaintiff is entitled to a refund of the penalty amount of $215,000 that it paid pursuant to 26 U.S.C. § 6703 for tax year 2015.*

**ANSWER**: Deny.

92.    *As a result, Plaintiff is entitled to judgment in its favor and against the United States of $215,000 plus prejudgment interest.*

**ANSWER**: Deny.

## COUNT IV

(Tax Refund Under IRC § 6700)

93.    *Plaintiff incorporates paragraphs 1–92 of its Complaint as if set forth in full.*

**ANSWER**: The United States incorporates by reference its responses to paragraphs 1-92.

94.    *For the reasons described in this Complaint and for the reasons set forth in Plaintiff's Claims for Refund, Plaintiff owes no penalty under 26 U.S.C. § 6700 for tax year 2016.*

**ANSWER**: Deny.

95.    *Plaintiff made a timely Claim for Refund on December 11, 2023.*

**ANSWER**: The United States admits that Plaintiff filed a claim for refund on December 11, 2023. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 95.

96.    *The IRS denied the claim by letter dated June 10, 2024.*

**ANSWER**: Admit.

97.    *Accordingly, Plaintiff is entitled to a refund of the penalty amount of $229,000 that it paid pursuant to 26 U.S.C. § 6703 for tax year 2016.*

**ANSWER**: Deny.

98.    *As a result, Plaintiff is entitled to judgment in its favor and against the United States of $229,000 plus prejudgment interest.*

**ANSWER**: Deny.

## COUNT V

### (Tax Refund Under IRC § 6700)

99.    *Plaintiff incorporates paragraphs 1–98 of its Complaint as if set forth in full.*

**ANSWER**: The United States incorporates by reference its responses to paragraphs 1-98.

100.    *For the reasons described in this Complaint and for the reasons set forth in Plaintiffs Claims for Refund, Plaintiff owes no penalty under 26 U.S.C. § 6700 for tax year 2017.*

**ANSWER**: Deny.

101.    *Plaintiff made a timely Claim for Refund on December 11, 2023.*

**ANSWER**: The United States admits that Plaintiff filed a claim for refund on December 11, 2023. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 101.

102.    *The IRS denied the claim by letter dated June 10, 2024.*

**ANSWER**: Admit.

103.    *Accordingly, Plaintiff is entitled to a refund of the penalty amount of $106,000 that it paid pursuant to 26 U.S.C. § 6703 for tax year 2017.*

**ANSWER**: Deny.

104.    *Accordingly, Plaintiff is entitled to judgment in its favor and against the United States of $106,000 plus prejudgment interest.*

**ANSWER**: Deny.

28

## COUNT VI

### (Tax Refund Under IRC § 6700)

105.    *Plaintiff incorporates paragraphs 1–104 of its Complaint as if set forth in full.*

**ANSWER**: The United States incorporates by reference its responses to paragraphs 1-104.

106.    *For the reasons described in this Complaint and for the reasons set forth in Plaintiffs Claims for Refund, Plaintiff owes no penalty under 26 U.S.C. § 6700 for tax year 2018.*

**ANSWER**: Deny.

107.    *Plaintiff made a timely Claim for Refund on December 11, 2023.*

**ANSWER**: The United States admits that Plaintiff filed a claim for refund on December 11, 2023. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 107.

108.    *The IRS denied the claim by letter dated June 10, 2024.*

**ANSWER**: Admit.

109.    *Accordingly, Plaintiff is entitled to a refund of the penalty amount of $44,000 that it paid pursuant to 26 U.S.C. § 6703 for tax year 2018.*

**ANSWER**: Deny.

110.    *As a result, Plaintiff is entitled to judgment in its favor and against the United States of $44,000 plus prejudgment interest.*

**ANSWER**: Deny.

## COUNT VII

### (Laches)

111.    *Plaintiff incorporates paragraphs 1-110 of its Complaint as if set forth in full.*

**ANSWER**: The United States incorporates by reference its responses to paragraphs 1-110.

29

112.    *The IRS waited more than eight years after initiating its audit of Plaintiff to impose the IRC § 6700 Penalty against HDH Group, which was inexcusable.*

**ANSWER**: Deny. By way of further response, Plaintiff is barred from asserting laches in this matter. *See, e.g., United States v. Zarra,* 810 F. Supp. 758, 769 (W.D. Pa. 2011); *Groves v. United States,* No. 16-C-2485, 2017 WL 1806593, at * 6 (N.D. Ill. 2017).

113.    *Plaintiff suffered severe prejudice from Defendants' inexcusable delay in the form of the likely unavailability of relevant witnesses, the likely loss of key files, and due to witnesses' memories fading over time.*

**ANSWER**: Deny. By way of further response, Plaintiff is barred from asserting laches in this matter. *See, e.g., United States v. Zarra*, 810 F. Supp. 758, 769 (W.D. Pa. 2011); *Groves v. United States*, No. 16-C-2485, 2017 WL 1806593, at * 6 (N.D. Ill. 2017).

114.    *Due to Defendants' conduct as described above, Plaintiff has suffered damages as noted above and below*.

**ANSWER**: Deny. By way of further response, Plaintiff is barred from asserting laches in this matter. *See, e.g., United States v. Zarra*, 810 F. Supp. 758, 769 (W.D. Pa. 2011); *Groves v. United States*, No. 16-C-2485, 2017 WL 1806593, at * 6 (N.D. Ill. 2017).

WHEREFORE, the United States respectfully requests the Court deny the relief requested in the Complaint, enter judgment in the United States' favor on each count of the Complaint, and grant it such other and further relief as the Court deems just and proper, including awarding the United States its costs incurred in this proceeding.

## DEFENDANT UNITED STATES' COUNTERCLAIM

The United States of America, for its counterclaim against HDH Group, Inc., ("HDH") alleges as follows:

1.　　This Counterclaim seeks to reduce to judgment the unpaid balance of the penalties assessed against HDH under 26 U.S.C. § 6700 for tax years 2013 through 2018 (the "relevant period").

2.　　The penalties at issue in this Counterclaim are the same penalties at issue in HDH's Complaint.

3.　　This Counterclaim is commenced pursuant to 26 U.S.C. § 7401 at the request and with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General.

4.　　This Court has jurisdiction over the Counterclaim pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402.

5.　　Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396.

## BACKGROUND

6.　　HDH is an insurance agency and brokerage firm located in Pittsburgh, Pennsylvania. In 2015, HDH came under the umbrella of HUB International, another insurance group which is headquartered in Chicago, Illinois.

### Insurance for Federal Income Tax Purposes

7.　　Insurance premiums paid or incurred in carrying on a trade or business are generally a tax-deductible business expense under 26 U.S.C. § 162 and 26 C.F.R. § 1.162-1(a).

8.　　Money set aside for self-insurance is generally not a tax-deductible business expense under 26 U.S.C. § 162.

31

9.      Internal Revenue Code (26 U.S.C) § 816(a) defines an insurance company as "any company more than half of the business of which during the taxable year is the issuing of insurance or annuity contracts or the reinsuring of risks underwritten by insurance companies."

10.      Although neither the Internal Revenue Code nor the Treasury Regulations define the term "insurance," the term has been defined through decades of caselaw, beginning as early as 1941 with *Helvering v. Le Gierse*, 312 U.S. 531, 539 (1941).

11.      To constitute insurance for federal income tax purposes, the arrangement must meet all the following criteria: it must involve risk-shifting (also called risk transfer); it must involve adequate levels of risk distribution; it must involve insurance risk; and it must meet commonly accepted notions of insurance.

12.      Under 26 U.S.C. § 831(b), small insurance companies may elect to exclude from their taxable income insurance premiums received, as long as those premiums do not exceed a threshold set by law and the company meets the diversification requirements outlined in the statute.

13.      The 26 U.S.C. § 831(b) election is only available to bona fide insurance companies.

14.      Generally, a captive insurance company is an insurance company that insures the risks of companies related to it by ownership.

15.      A microcaptive insurance company, or "microcaptive," is a small captive insurance company, usually one with premiums under the thresholds set by 26 U.S.C. § 831(b).

**HDH's Microcaptive Program and Risk Pool**

16.      During the relevant period, HDH helped customers set up purported microcaptives through a program that it referred to as its "831(b) practice."

17.      Each of the purported microcaptives created through HDH's program ("HDH microcaptive") purportedly insured the operating company that owned it.

32

18.     HDH also provided an option for its microcaptives to participate in a risk pool that HDH created and managed through its subsidiary, Mount Washington Group, LLC ("Mt. Washington" or the "HDH risk pool").

19.     The HDH risk pool also operated under the name Grant Street Assurance, LLC.

20.     An HDH microcaptive that chose to participate in the HDH risk pool ("HDH risk pool participant") would contract with the HDH risk pool to both buy, and provide, purported reinsurance.

21.     Each HDH risk pool participant paid purported premiums in exchange for purported reinsurance coverage from the HDH risk pool.

22.     Each HDH risk pool participant agreed to provide purported reinsurance coverage to the other HDH risk pool participants, and, in exchange, received purported premium payments from the HDH risk pool.

## HDH'S MICROCAPTIVE PROGRAM AND RISK POOL WERE NOT INSURANCE FOR FEDERAL TAX PURPOSES

23.     HDH microcaptives, including those who participated in the HDH risk pool, reported on their tax returns that they were insurance companies operating under 26 U.S.C. § 831(b), and therefore did not pay taxes on their purported premium income.

24.     The insured operating companies reported on their tax returns that the amounts purportedly paid to the HDH microcaptives were insurance premiums, and therefore took deductions for those payments under 26 U.S.C. § 162.

25.     Neither the HDH microcaptives nor the HDH risk pool met the necessary criteria to constitute insurance for federal income tax purposes.

33

26.     As a result, HDH's customers improperly excluded purported premium income from their microcaptives' taxable income and claimed improper tax deductions for purported insurance premiums paid by the insured operating companies to their HDH microcaptives.

### Risk-Shifting (Risk Transfer)

27.     HDH's microcaptive program did not shift any real risk from the insured operating companies to their microcaptives.

28.     The HDH microcaptives charged such excessively high purported premiums that there was no realistic chance the microcaptives' losses would be higher than the premiums received.

29.     HDH's risk pool did not shift any real risk between the HDH risk pool participants and the pool.

30.     The HDH risk pool priced purported premiums excessively high for the purported reinsurance coverage it provided participants.

31.     As a result, there was no realistic chance that an HDH risk pool participant would have to cover purported pool losses that exceeded the amount the participant had received in purported premiums.

32.     Correspondingly, there was no realistic chance that the losses of the HDH risk pool as a whole would exceed the amount of purported premiums received by the pool as a whole.

### Risk Distribution

33.     A bona fide insurance arrangement is necessary to adequately distribute risk.

34.     The HDH microcaptives were not bona fide insurance companies because they were not formed for legitimate non-tax reasons; did not charge reasonable and actuarially determined premiums; exhibited circular cash flows; and did not enter into arm's-length contracts.

34

35. The HDH microcaptives were formed to provide a tax shelter for HDH customers.

36. The purported insurance premiums HDH microcaptives charged the insured operating companies were excessive.

37. The purported insurance premiums HDH microcaptives charged the insured operating companies were not commercially reasonable.

38. HDH set the purported premiums for the microcaptives.

39. HDH hired and oversaw actuaries who reviewed its pricing.

40. The actuaries hired by HDH did not conduct an independent review of HDH's pricing.

41. HDH employed a premium pricing mechanism designed to achieve tax benefits under 26 U.S.C. §§ 831(b) and 162.

42. Rather than insureds seeking specific coverage and paying the resulting premium, HDH and its customers adjusted insurance coverage to reach the customer's target premium.

43. Some of the HDH microcaptives exhibited circular cash flows between the operating insured, its owner, and the purported microcaptive.

44. The HDH microcaptives did not enter into arm's-length contracts with the insured operating companies, or with the HDH risk pool.

45. At least one HDH microcaptive allowed the operating company it purportedly insured to pay its purported premium by transferring stock ownership to the captive.

46. At least one HDH client provided purported advances to its microcaptive to pay for the captive's operating costs, with no provision for interest and no fixed repayment terms.

47. The HDH risk pool operated through Mt. Washington was not a bona fide insurance arrangement because it was not formed for legitimate non-tax reasons; it did not charge reasonable

and actuarially determined premiums; it exhibited circular cash flows; and it did not enter into arm's-length contracts.

48.  The HDH risk pool was formed to create the appearance of risk distribution for HDH microcaptives so that HDH customers could claim their microcaptives constituted insurance for federal tax purposes.

49.  The HDH risk pool charged grossly excessive purported premiums.

50.  The purported reinsurance premiums paid in to the HDH risk pool by participants were neither actuarially determined nor commercially reasonable.

51.  The purported reinsurance premiums paid out from the HDH risk pool to participants were neither actuarially determined nor commercially reasonable.

52.  The premium pricing formula and the purported reinsurance coverage offered by the HDH risk pool were the same for all participants.

53.  The purported reinsurance premiums that participants paid to the HDH pool were set by multiplying the participants' written premiums by 53.5% in earlier years and 51% in later years.

54.  The purported reinsurance premiums that the HDH risk pool paid to participants were set to be exactly equal to the amount of purported reinsurance premiums the participants paid into the pool.

55.  Because the purported reinsurance transactions between the HDH risk pool and each participant were in offsetting amounts, the flow of funds was circular.

56.  Reinsurance contracts between participants and the HDH risk pool were not arm's-length contracts.

57.　The HDH risk pool participants were provided with little, if any, information about the risks they were purportedly taking on through the reinsurance contracts.

58.　The HDH risk pool contracts were designed to implicitly or explicitly limit the purported potential losses that a participant in the pool could face at limits below the levels required to achieve adequate risk distribution.

## Commonly Accepted Notions of Insurance

59.　The purported insurance policies that HDH drafted for its microcaptives and its risk pool did not meet commonly accepted notions of insurance.

60.　HDH customers participating in the microcaptive program purchased purported insurance policies covering purported risks for which they had never previously purchased coverage, nor incurred self-insured losses, before creating the microcaptive.

61.　HDH customers participating in the microcaptive program usually maintained all of the commercial insurance policies they held before creating the microcaptive in addition to buying the newly created policies.

62.　The HDH microcaptives were not operated like insurance companies.

63.　The HDH microcaptives did not have employees or physical locations.

64.　The HDH microcaptive policy contracts were often not signed and completed until after the effective date of the policy, sometimes months after.

65.　The actuarial review of the HDH microcaptive pricing was often not completed and provided until after the effective date of the policy, sometimes months after.

66.　As described in paragraphs 36-42, the HDH microcaptives did not charge purported premiums that were reasonable or actuarially determined.

37

67.    As described in paragraphs 49-54, the HDH risk pool did not charge purported premiums that were reasonable or actuarially determined.

68.    The HDH microcaptives did not enter into arm's-length contracts either with the insured operating companies or the HDH risk pool.

### HDH VIOLATED 26 U.S.C. § 6700

69.    Section 6700 of the Internal Revenue Code imposes a penalty on any person who organizes (or assists in the organization of) a partnership or other entity, any investment plan or arrangement, or any other plan or arrangement; or who participates (directly or indirectly) in the sale of any interest in an entity or plan or arrangement; and who makes or furnishes or causes another person to make or furnish (in connection with such organization or sale) a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit by reason of holding an interest in the entity or participating in the plan or arrangement which the person knows or has reason to know is false or fraudulent as to any material matter.

70.    HDH's microcaptive program constituted a plan or arrangement within the meaning of 26 U.S.C. § 6700.

71.    HDH's risk pool constituted a plan or arrangement within the meaning of 26 U.S.C. § 6700.

72.    HDH organized and controlled its microcaptive program.

73.    HDH also organized and controlled the risk pool offered by Mt. Washington.

74.    In connection with organizing and selling its microcaptive program and risk pool, HDH made, furnished, and caused others to make or furnish, false or fraudulent statements regarding the allowability of a deduction or credit, the excludability of any income, or the securing

of any other tax benefit by reason of participating in the HDH microcaptive arrangement and the HDH risk pool.

75.    In connection with organizing and selling its microcaptive program and risk pool, HDH made and furnished false statements with respect to whether the HDH microcaptives and HDH risk pool met the requirements to be considered insurance for federal tax purposes, including whether they met the test criteria for risk transfer, risk distribution, insurable risks, and operating as insurance in the common sense.

76.    HDH advertised the general availability of tax benefits resulting from participation in its microcaptive program.

77.    HDH marketed its microcaptive program by telling its customers that they could save hundreds of thousands of dollars in taxes each year.

78.    HDH made statements communicating to customers and/or their advisors that its captives qualified for the tax benefits provided by 26 U.S.C. § 831(b).

79.    HDH furnished customers with financial statements for their microcaptives which stated that the captives qualified under 26 U.S.C. § 831(b) and therefore did not need to pay income tax.

80.    The statements described in paragraphs 78-79 were false because the HDH microcaptives were not insurance companies for federal tax purposes and thus could not be qualified under 26 U.S.C. § 831(b) or benefit from the associated tax advantages.

81.    HDH made statements communicating to customers and/or their advisors that payments from the customers' operating company to an HDH microcaptive were insurance premium payments that would be tax deductible.

39

82.     The statements described in paragraph 81 were false because the HDH microcaptives were not insurance companies for federal tax purposes and thus the payments to those companies were not deductible as ordinary and necessary expenses under 26 U.S.C. § 162.

83.     HDH made statements communicating to customers and/or their advisors that HDH risk pool participants would satisfy the risk distribution prong of the IRS test for legitimate insurance.

84.     The statements described in paragraph 83 were false because the HDH risk pool did not adequately distribute risk and was not an insurance arrangement for federal tax purposes.

85.     HDH made statements communicating to customers or their advisors that legal opinions, which HDH furnished, endorsed their microcaptive program and the HDH risk pool.

86.     The statements described in paragraph 85 were false because the legal opinions were premised on factual assumptions that did not match the reality of the HDH program.

87.     HDH made and furnished statements to customers and/or their advisors that the premiums the microcaptives charged their operating companies were actuarially determined, had undergone an "independent review" by accredited actuaries, and were commercially reasonable.

88.     The statements described in paragraph 87 were false because the purported premiums the microcaptives charged their operating companies were not actuarially determined, did not undergo an independent actuarial review, and were not commercially reasonable.

89.     HDH created "feasibility studies" for customers and prospective customers. These purported feasibility studies stated that the premiums HDH proposed were within established actuarial rates.

90. HDH furnished customers with statements from consulting actuaries that the assumptions, premiums, and calculations HDH included in its feasibility studies, business plans, and pro forma financial projections were reasonable.

91. The statements described in paragraphs 89-90 were false because the premiums proposed by HDH were not actuarially determined and were not reasonable.

92. The false statements that HDH made and furnished were material because they were likely to substantially impact the decision-making process of a reasonably prudent investor considering whether to participate in the microcaptive program and/or the HDH risk pool.

93. The false statements HDH made and furnished were material because they resulted in the understatement of tax liability for participants.

94. HDH knew or had reason to know that the statements described in paragraphs 78-79, 81, 83, 85, 87, and 89-90 were false or fraudulent.

95. HDH knew or should have known that the purported premiums being charged were not actuarially determined because the premiums were calculated to achieve desired tax benefits for its customers rather than to insure risk.

96. HDH knew or should have known the microcaptives and risk pool it was creating were not bona fide insurance companies based on its decades of experience in the insurance industry.

97. HDH knew or should have known that the microcaptives and risk pool it was creating were not bona fide insurance companies based on the expertise many of its employees hold on topics like risk management and actuarial sciences.

98.    HDH knew or should have known that the microcaptives and risk pool it was creating were not eligible for tax benefits because it tracked changes in law regarding 26 U.S.C. § 831(b) and communicated those changes to its clients.

99.    HDH knew or should have known that the microcaptives and risk pool it created were not eligible for tax benefits because it took steps to notify its clients when 26 U.S.C. § 831(b) transactions were listed as a reportable transaction by the IRS.

100.    At least as early as May 2014, HDH knew or should have known that the IRS had disallowed its customers premium deductions and 26 U.S.C. § 831(b) exclusions because its microcaptive program was not insurance for federal tax purposes.

101.    Additionally, HDH knew that the IRS was investigating its microcaptive practice beginning in 2015 and continued to organize and sell its microcaptive program until at least 2018.

102.    As required by 26 U.S.C. § 6751(b), the immediate supervisor of the individual making the determination personally approved, in writing, the initial determination of assessment before the penalties were assessed.

### THE ASSESSED PENALTY AMOUNTS ARE CORRECT

103.    HDH had gross income from its microcaptive program in the following amounts during the years at issue:

| Year | Gross Income HDH Microcaptives Department |
|------|---------------------------------------------|
| 2013 | $2,207,031 |
| 2014 | $3,047,077 |
| 2015 | $2,854,734 |
| 2016 | $3,049,606 |
| 2017 | $1,399,189 |
| 2018 | $571,260 |

104.    Section 6700 of the Internal Revenue Code provides for a penalty equal to 50 percent of the gross income derived (or to be derived) from the § 6700 activity.

105.    Based on HDH's conduct, and in accordance with 26 U.S.C. § 6700(a), a delegate of the Secretary of the Treasury assessed penalties against HDH equal to 50 percent of the gross income HDH derived from the microcaptive and risk pool programs during the relevant period. Those penalties were assessed by a delegate of the Secretary of the Treasury against HDH on November 13, 2023 as follows:

| Tax Year | Assessment Amount |
|----------|-------------------|
| 2013 | $1,103,515.00 |
| 2014 | $1,523,539.00 |
| 2015 | $1,427,367.00 |
| 2016 | $1,524,803.00 |
| 2017 | $699,595.00 |
| 2018 | $285,630.00 |
| **Total** | **$6,564,449.00** |

106.    Notice of the assessments and demand for payment were given to HDH on or about the date of the assessments.

107.    Despite notice and demand for payment, HDH has not fully paid the balance of these assessments.

108.    The outstanding balance of the assessments remains unpaid, with statutory interest and additions continuing to accrue.

109.    As of November 8, 2024, the outstanding balance for each assessment is as follows:

| Tax Year | Outstanding Balance as of November 8, 2024 |
|----------|--------------------------------------------|
| 2013 | $1,016,271.77 |
| 2014 | $1,403,285.58 |
| 2015 | $1,314,216.49 |
| 2016 | $1,404,653.40 |
| 2017 | $643,469.98 |

| 2018  | $261,941.25    |
|-------|----------------|
| **Total** | **$6,043,838.47** |

WHEREFORE, the United States respectfully requests that the Court enter judgment in its favor and against HDH as follows:

A.  Enter a money judgment the United States and against HDH in the amount of $6,043,838.47 plus statutory interest and additions accruing after November 8, 2024; and

B.  Grant the United States its costs and any other relief that the Court deems just and proper.

[signature page to follow]

44

Dated: November 8, 2024         Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

By      */s/ Elisabeth K. Kryska*
ELISABETH K. KRYSKA
Maryland Bar No. 2211280290
CHRISTOPHER RAJOTTE
Florida Bar No. 107742
ALAN D. BAILEY
Kentucky Bar No. 100427
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-6717 (Kryska)
         (202) 514-6491 (Rajotte)
         (202) 514-6075 (Bailey)
Fax: (202) 514-6770
Elisabeth.K.Kryska@usdoj.gov
Christopher.Rajotte@usdoj.gov
Alan.Bailey@usdoj.gov

*Attorneys for the United States*

45