IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HDH GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. <br><br> ———————————————— <br><br> UNITED STATES OF AMERICA, <br><br> Counter-Claimant, <br><br> v. <br><br> HDH GROUP, INC., <br><br> Counterclaim Defendant. | Case No. 2:24-CV-00988 |

### UNITED STATES' RESPONSE TO HDH GROUP, INC.'S STATEMENT OF MATERIAL FACTS

Pursuant to Fed. R. Civ. P. 56 and L.R. 56C, Defendant and Counterclaim Plaintiff the United States submits its concise statement in response to Plaintiff and Counterclaim Defendant HDH Group, Inc.'s ("HDH" or "Plaintiff") concise statement of material facts in support of its motion for summary judgment (ECF No. 27).

### Response to HDH's Asserted Undisputed and Material Facts

1. On September 28, 2015, Defendant United States of America, through its agency, the Internal Revenue Service ("IRS"), noticed Plaintiff of an audit (the "Audit") of Plaintiff's captive insurance program.

1

**Response:** Undisputed.

2.     The Audit ended on November 13, 2023.

**Response:** Disputed in part. The United States disputes the fact as alleged because HDH has failed to correctly cite record evidence in support of the allegation. Fed. R. Civ. P. 56(c)(1). Specifically, HDH's citation of ¶ 24 of its complaint, ECF No. 1, and the United States' answer and counterclaim, ECF No. 16, does not reference the IRS's examination or its end date. The United States does not dispute that on November 13, 2023, the IRS assessed penalties imposed by IRC § 6700 against HDH for the 2013-2018 tax years and mailed notices of assessment and demands for payment to HDH. HDH's complaint, ECF No. 1 ¶¶ 15-20; United States' answer and counterclaim, ECF No. 16 ¶¶ 15-20.

3.     At the conclusion of the audit, the IRS determined that Plaintiff's involvement with its captive insurance program is that of a tax shelter promoter which engaged in tax shelter transactions.

**Response:** Disputed in part. The United States disputes the fact as alleged because HDH has failed to correctly cite record evidence in support of the allegation. Fed. R. Civ. P. 56(c)(1). Specifically, HDH's citation of ¶ 29 of its complaint, ECF No. 1, and the United States' answer and counterclaim, ECF No. 16, does not reference the conclusion of the IRS's examination or its outcome. The United States does not dispute that the IRS assessed penalties imposed by IRC § 6700 against HDH because of HDH's conduct in relation to its purported captive insurance program. Plaintiff's complaint, ECF No. 1 ¶ 37; United States' answer and counterclaim, ECF No. 16 ¶ 37.

4.     By six separate letters dated November 13, 2023, the IRS asserted penalties under 26 U.S.C. § 6700 against Plaintiff for tax years 2013-2018.

**Response:** Disputed in part. The United States is unclear as to the meaning of "asserted" as used by HDH. The United States does not dispute that it assessed penalties imposed by IRC § 6700 against HDH for tax years 2013-2018 on November 13, 2023, and provided notice of the assessments and demand for payment of the penalties by correspondence dated November 13, 2023. Plaintiff's complaint, ECF No. 1 ¶¶ 15-20; United States' answer and counterclaim, ECF No. 16 ¶¶ 15-20.

5. Prior to the date the assessments were issued by the IRS, Plaintiff was not given the right to a trial by jury.

**Response:** Disputed. The right for any taxpayer in Plaintiff's position, including Plaintiff, to request a jury trial in litigation seeking refunds of IRC § 6700 penalties existed prior to the dates of the assessments at issue. IRC §§ 6703, 7422; 28 U.S.C. §§ 1346(a)(1), 2402. HDH has exercised its right to a jury trial of its refund claims, and consequently its liability for IRC § 6700 penalties, by making a jury demand in this case. HDH's complaint, ECF No. 1 at pp. 1, 17. The United States has not moved to strike Plaintiff's jury demand. Moreover, HDH may still make a jury demand with respect to the United States' counterclaim, Fed. R. Civ. P. 38(b), which the United States would not oppose. At HDH's choosing, this entire case will be tried to a jury. Furthermore, the right to a jury trial is not prerequisite to the IRS making an assessment of tax. *See, e.g.,* IRC § 6201.

6. Before it had the opportunity to obtain a jury trial, Plaintiff paid the IRS at least 15% of the total assessed fraud penalties.

**Response:** Disputed in part. The United States does not dispute that Plaintiff paid at least 15 percent of the penalty assessments for each year at issue prior to filing its complaint. Plaintiff's complaint, ECF No. 1 ¶ 22; United States' answer and counterclaim, ECF No. 16 ¶ 22. Further,

the United States does not dispute that by timely making those payments, timely filing administrative refund claims, and timely filing its complaint after administrative disposition of its refund claims, Plaintiff availed itself of its right to seek a refund of its 15 percent payments in federal district court via a jury trial. IRC § 6703(c). The United States disputes any express or implied assertion that IRC § 6703 provides the only means by which a taxpayer may seek a refund of an IRC § 6700 penalty by jury trial. *See, e.g.,* Plaintiff's Appendix, ECF No. 28 at p. 50 (providing an alternative method by which a taxpayer may seek review of the penalty in federal district court). Additionally, the United States disputes any express or implied assertion that in all circumstances a taxpayer must first pay an IRC § 6700 penalty, or part of it, before seeking court review of the penalty. *See* IRC §§ 6330(c)(2)(B), 6330(d)(1); *Lemay v. Comm'r*, 119 T.C.M. (CCH) 1389 (T.C. 2020), *aff'd*, No. 20-9001, 2021 WL 3930279 (10th Cir. Sept. 2, 2021). For the reasons set forth in the United States' brief in opposition to HDH's motions for summary judgment and to dismiss, the United States also disputes HDH's characterization of IRC § 6700 penalties as fraud penalties. By way of further response, by filing this action HDH preserved its opportunity to recover its 15 percent payments.

7. Plaintiff subsequently filed claims for refund for each of the fraud penalties it paid corresponding to tax years 2013-2018.

**Response:** Disputed in part. The United States assumes for purposes of its response that "subsequently" refers to the letters dated November 13, 2023, referenced in ¶ 4. Subject to that assumption, the United States does not dispute that HDH filed claims for refund with respect to the amounts it paid towards its IRC § 6700 penalties for the 2013-2018 tax years after November 13, 2023. As set forth in its accompanying brief, the United States disputes that IRC § 6700 penalties are "fraud" penalties.

8. The IRS disallowed all of Plaintiff's aforementioned claims for refund by letter dated June 10, 2024.

**Response:** Undisputed.

9. On April 22, 2024, the IRS issued notices of levy to collect the entire balance of the penalties assessed against Plaintiff.

**Response:** Disputed. The United States disputes the asserted fact because it is not material to HDH's motion for summary judgment. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (Material facts are those "facts that might affect the outcome of the suit under the governing law….") To the extent the asserted fact is treated as material, the United States disputes it in part. The United States does not dispute that the IRS mailed computer generated CP504B notices to Plaintiff dated April 22, 2024, which bore the heading "Notice of intent to seize (levy) your property or rights to property." Plaintiff's Appendix, EC 28 at pp. 4-36; United States' Appendix Exhibit A, Declaration of Mary Bailey ("Bailey Decl.") at ¶ 10. The United States disputes that, separate and apart from the prohibitions on collection imposed by IRC § 6703, as of April 22, 2024 the IRS could levy Plaintiff's property or otherwise collect any part of the balance of the penalties assessed against Plaintiff, except in narrow circumstances which HDH has not alleged to have existed. The notices themselves confirm that. *See, e.g.* Plaintiff's Appendix, ECF No. 28, at p. 11 (Explaining that the notice may permit the IRS to "serve a Disqualified Employment Tax Levy or a Federal Contractor Levy, as explained in the enclosed Publication 594," but that in most other situations the IRS would provide a notice of intent to levy providing HDH with collection due process rights before the IRS would levy any of HDH's property); Treas. Reg. § 301.6330-1(a). Further, these notices were computer generated by an IRS service center and sent automatically before HDH's case was assigned to a revenue officer

responsible for collecting the assessments. Bailey Decl. at ¶¶ 11-12. Consequently, the United States disputes any express or implied assertion that the notices sent to HDH had any legal effect on HDH or could have resulted in a levy of HDH's property.

10. On May 16, 2024, HDH Group, Inc. filed an appeal from the notices of levy.

**Response:** Disputed. The United States disputes the asserted fact because it is not material to HDH's motion for summary judgment. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (Material facts are those "facts that might affect the outcome of the suit under the governing law….") To the extent the asserted fact is treated as material, the United States does not dispute that HDH filed an appeal in response to the notices sent to it in April, but HDH has not cited any record evidence establishing the date the appeal was filed. By way of further response, HDH's appeal was filed on IRS Form 9423, which is part of the Collection Appeals Program, and is not a collection due process (CDP) request. Plaintiff's Appendix, ECF No. 28, at p. 37. No collection correspondence has been sent to HDH since the April 2024 notices. Bailey Decl. ¶ 17. Additionally, in July and August 2024, after a revenue officer reviewed HDH's case, entries were made in HDH's civil penalty account transcripts for the 2013-2018 tax years preventing the issuance of further collection correspondence until this case is resolved. Bailey Decl. at ¶¶ 15-16.

### United States' Concise Statement of Additional Material and Undisputed Facts

1. HDH has demanded a jury trial in this case. HDH's Complaint, ECF No. 1 at pp. 1, 17.

2. The United States has not moved to strike HDH's jury demand. *See generally* Docket in Case No. 2:24-CV-00988.

3.      The United States does not dispute HDH's right to a jury trial with respect to its refund claims or with respect to the United States' counterclaim for reduction of the assessments made against HDH of the penalties imposed by IRC § 6700 to judgment, should HDH demand a jury with respect to the United States' counterclaims. *See* United States' Brief in Opposition filed contemporaneously with this Response at pp. 12-14.

4.      Through this case, HDH has the opportunity for all facts which may be relevant to its liability for IRC § 6700 penalties for the 2013-2018 tax years to be determined by a jury, without the need to pay the penalty assessments in full. IRC § 6703(c).

5.      HDH voluntarily invoked and proceeded under IRC § 6703 in seeking Court review of the IRC § 6700 penalties assessed against it, as evidenced by the multiple paths available to HDH to challenge the IRC § 6700 penalties. *See* Plaintiff's Appendix, ECF No. 28, at 49 (Exhibit 2 to Declaration of Evan Muffly, 2013-2018 CP215 notices describing methods of challenging the assessments).

6.      The United States has the burden of proof as to whether HDH is liable for a penalty imposed by IRC § 6700. IRC § 6703(a); Plaintiff's complaint, ECF No. 1 ¶ 26; United States' answer and counterclaim, ECF No. 16 ¶ 26; Plaintiff's Appendix, ECF No. 28, at p. 39 (setting forth the text of IRC § 6703).

7.      Trial of this case will be conducted on a *de novo* basis, and no facts bearing on HDH's liability for a penalty imposed by IRC § 6700 determined in the IRS's examination of HDH's captive insurance program will carry over to, or be entitled to any deference in, the trial of this case. *See, e.g.* United States' answer and counterclaim, ECF No. 16 ¶ 66 (explaining that this tax refund suit is a *de novo* proceeding, not a review of agency action.)

8. The IRS's issuance of notices of levy, Forms CP504B, to HDH with respect to HDH's 2013 to 2018 IRC § 6700 penalties were computer generated by an IRS service center and sent automatically by the IRS, before HDH's case was assigned to a revenue officer responsible for collecting the penalty assessments. Bailey Decl. at ¶¶ 11-12.[1]

9. Separate and apart from the prohibitions on collection imposed by IRC § 6703, except in narrow circumstances which HDH has not alleged to have existed, the notices of levy issued by the IRS in April 2024 could not result in a levy of any of HDH's property. Treas. Reg. § 301.6630-1(a); Bailey Decl. at ¶¶ 18-19.[2]

10. The IRS has not issued any correspondence relating to collection of the IRC § 6700 penalties since the notices in April 2024. Rather, entries precluding collection activity until resolution of this case were made on HDH's 2013 to 2018 penalty account transcripts in July and August 2024. Bailey Decl. at ¶¶ 15-17.[3]

11. HDH has asserted that the IRS's examination of HDH's captive insurance program was "exhaustive" and HDH alone provided the IRS with over a million pages of documents during the examination. Plaintiff's complaint, ECF No. 1 ¶¶ 32-33.

---

[1] The United States considers this fact to be material only if the Court treats the facts included at ¶¶ 9-10 of HDH's statement of facts as material (ECF No. 27).

[2] The United States considers this fact to be material only if the Court treats the facts included at ¶¶ 9-10 of HDH's statement of facts as material (ECF No. 27).

[3] The United States considers this fact to be material only if the Court treats the facts included at ¶¶ 9-10 of HDH's statement of facts as material (ECF No. 27).

12. HDH closed its captive insurance program while the IRS's examination was pending. Plaintiff's complaint, ECF No. 1 ¶ 45; United States' answer and counterclaim, ECF No. 16 ¶ 45.

Dated: April 25, 2025                                   Respectfully submitted,

*/s/* Christopher Rajotte
ELISABETH K. KRYSKA
Maryland Bar No. 2211280290
CHRISTOPHER RAJOTTE
Florida Bar No. 107742
ALAN D. BAILEY
Kentucky Bar No. 100427
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-6717 (Kryska)
                (202) 514-6491 (Rajotte)
                (202) 514-6075 (Bailey)
Fax: (202) 514-6770
Elisabeth.K.Kryska@usdoj.gov
Christopher.Rajotte@usdoj.gov
Alan.Bailey@usdoj.gov
