**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HDH GROUP, INC.,**<br>**Plaintiff,**<br>**vs.**<br>**UNITED STATES OF AMERICA,**<br>**Defendant.** | ) | **Case No.: 2:24-cv-00988-WSS** |
| **UNITED STATES OF AMERICA,**<br>**Counterclaim Plaintiff,**<br>**vs.**<br>**HDH GROUP, INC.,**<br>**Counterclaim Defendant.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF HDH GROUP, INC.'S MOTION FOR RECONSIDERATION OF COURT'S SEPTEMBER 23, 2025 ORDER**

## I. INTRODUCTION

HDH Group, Inc., Plaintiff, requests that the Court, pursuant to Federal Rule of Civil Procedure 54(b), reconsider its decision to deny Plaintiff's 12(b)(6) Motion to Dismiss Defendant's Counterclaim and Motion for Summary Judgment because it failed to address the main issue upon which Plaintiff based its motions, whether it was unconstitutional after *Jarkesy* for the Internal Revenue Service to assess and require payment of a fraud penalty *before* giving HDH the opportunity to have a jury trial.

## II. LEGAL STANDARD

**Motion For Reconsideration**

Rule 54(b) of the Federal Rules of Civil Procedure states in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Rulings on motions to dismiss and motions for summary judgment are interlocutory orders, are not final judgments, and therefore are subject to a motion for reconsideration under Rule 54(b). *Nyamekye v. Mitsubishi Electric Power Products, Inc.*, Civ. A. No. 17-852, 2018 WL 3933504 *3 (W.D. Pa. Aug. 16, 2018).

A motion for reconsideration of any issue should be granted when any one of three situations occurs: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice. *Reinig v. RBS Citizens, N.A.*, 386 F.Supp.3d 602, 607 (W.D. Pa. 2019); *Nyamekye*, No. 17-852, 2018 WL 3933504 (W.D. Pa. Aug. 16, 2018).

When a party seeks reconsideration of an interlocutory order, a court may grant the motion even without the presence of any of the three prongs. As this Court stated in *Nyamekye,* "the court may permit reconsideration whenever 'consonant with justice to do so.'" *Nyamekye* at *3 (quoting *Qazizadeh v. Pinnacle Health Sys.*, 214 F.Supp.3d 292, 290 (M.D. Pa. 2016)). District courts are given more discretion when choosing to reconsider interlocutory orders than reconsidering the revision of final judgments. *Nyamekye* at *3 (citing *Foster v. Westchester Fire Ins. Co.,* No. 09-1459, 2012 WL 2402895 at *4 (W.D. Pa. June 26, 2012)).

The Court in *Nyamekye* further reasoned:

> A motion for reconsideration is not to be used to relitigate or "rehash" issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made. In order to be successful on a motion for reconsideration, the movant must demonstrate a "**definite and firm conviction that a mistake has been committed," or that the court overlooked arguments that were previously made**.

*Nyamekye* at *3 (emphasis added) (internal citations omitted).

## III. ARGUMENT

### A. The Court Should Reconsider its Order Because It Misunderstood Plaintiff's Main Argument and Failed to Rule on the Central Issue of the Case.

HDH's Motion for Reconsideration should be granted because the Court misunderstood Plaintiff's position on a key element of its argument for summary judgment and dismissal of the counterclaim; that the statutory requirement to pay 15 percent of an assessed penalty **prior to** receiving a jury trial is unconstitutional. In footnote 3 of its Opinion, the Court stated that, "The Court does not address whether the statutory requirement to pay 15 percent of the assessed penalty under IRC § 6700 has any implications under the Seventh Amendment" because "HDH does not challenge the requirement of the payment." (ECF No. 49, p. 25). Thus, the Court ended its analysis before reviewing the most crucial aspect of this case. By failing to analyze whether the statutory requirement for prepayment prior to a jury trial implicates the Seventh Amendment, the Court has committed an error of law that must be corrected through reconsideration.

The Court references Plaintiff's position on the prepayment requirement several times in its Opinion, beginning on page 6. (ECF No. 49, pp. 6, 7, 25 fn. 3). The Court cites the following portion of HDH's reply brief:

> The instant case is not about whether full payment of the assessment (or 15% of the Promoter Penalty assessed) is required **for jurisdictional purposes**. HDH does not dispute that Federal District Courts have jurisdiction over refund matters and that

> under 28 U.S.C. § 1345(a)(1) full payment (or 15% of the Promoter Penalty assessed) is required to obtain that jurisdiction The instant case is about whether HDH is entitled to a jury trial before the assessment takes place pursuant to the holding in *Jarkesy*.

(ECF No. 49, p. 7) (citing ECF No. 38, p. 8) (emphasis added).

However, this portion of the Plaintiff's reply brief addressed the United States' argument that HDH sought to overturn *Flora v. United States*, 362 U.S. 145 (1960). (ECF No. 35, p. 4). The *Flora* opinion focused on whether a Federal District Court had jurisdiction to address a taxpayer's suit for refund under 28 U.S.C. § 1346(a)(1) when the taxpayer had not fully paid the amount assessed against him. *Flora*, 362 U.S. 145. The above cited paragraph explained that the facts in *Flora* rendered the case distinguishable from the case at bar.

**Immediately before it distinguished *Flora* in the paragraph quoted above, Plaintiff explains that a jury trial at this stage does not satisfy the rights guaranteed by the Seventh Amendment because Plaintiff has already been unconstitutionally required to pay 15 percent of the Promoter Penalty.** *See* ECF No. 38, pp. 6-8. For example, Plaintiff argued:

> In its Response, the United States recklessly characterized the requirement of only partial payment of the unconstitutionally assessed Promoter Penalty as a 'reprieve' from the full payment requirement giving HDH the 'rare opportunity' to obtain district court review of the alleged 'tax' liability without full payment. **Being forced to pay any part of an unconstitutionally assessed penalty without an initial determination in a jury trial of whether any amount of penalty is actually owed is hardly a reprieve or rare opportunity to get district court intervention without full payment.**

(ECF No. 38, p. 7) (internal citations omitted) (emphasis added).

Plaintiff raised the constitutional implications of the required prepayment in its initial brief, while explaining the applicability of *Jarkesy* to the instant case:

> **To make matters worse for the alleged promoter, the only way the promoter can get to federal court is to pre-pay a substantial portion of the already**

> **assessed penalty** under § 6703(c)(2) or, as explained above, to pay all of the penalty §§ 6532(a) and 7422(a). . . .Unlike many other contested audits and penalties, there is no pre-assessment forum for Promoter penalties, and after assessment, **there is no pre-payment forum to dispute the imposition of the Promoter Penalty.** These are exactly the circumstances that the Supreme Court found untenable in *Jarkesy*.

(ECF No. 29, pp. 11-12) (internal citations omitted) (emphasis added).

Plaintiff's challenge to the required prepayment of 15 percent of the assessed penalty is fundamental to the Seventh Amendment implications of the instant case. If the Court analyzes this argument, it likely will rule differently by applying *Jarkesy*. In its Opinion, the Court already established that the elements of IRC § 6700 are sound in fraud, a "prototypical common law cause of action," thus the Seventh Amendment is implicated. (ECF No. 49, p. 23 fn. 2).

Thus, the Court would next have to consider whether a belated jury trial after partial payment (in this case of close to 1 million dollars) is adequate to protect Plaintiff's Seventh Amendment rights. Further, the Court would then be led to analyze whether the public rights exception applies to the case at bar. *See* ECF 49, pp. 8, 23. In light of the recent Third Circuit decision in *Sun Valley Orchards, LLC v. U.S. Dep't of Labor*, 148 F.4th 121 (3d Cir. 2025), the Court would likely find that the public rights exception does not apply to the case at bar.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiff HDH Group, Inc. requests that the Court grant its Motion for Reconsideration, vacate its Order denying Plaintiff's Motion for Summary Judgment and Motion to Dismiss Counterclaim, examine the issue of whether the statute requiring prepayment of a penalty for a fraud determination violates the Seventh Amendment after the United States Supreme Court's ruling in *Jarkesy.*

Respectfully Submitted,

/s/ David B. Spear

Ralph Minto, Jr.
PA Id. No. 51746

David B. Spear
PA Id. No. 62133

Michelle L. Kopnski
PA Id. No. 52096

Minto Law Group, LLC
Stone Quarry Crossing
811 Camp Horne Road, Suite 320
Pittsburgh, PA 15237
412-201-5525

rminto@mintolaw.com
dspear@mintolaw.com
mkopnski@mintolaw.com

Counsel for Plaintiff