IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HDH GROUP, INC.,

*Plaintiff*,

v.

UNITED STATES OF AMERICA,

*Defendant*.

Civil Action No. 2:24-cv-988

Hon. William S. Stickman IV

**MEMORANDUM ORDER**

On September 23, 2025, the Court issued its Opinion and Order denying Plaintiff HDH Group, Inc.'s ("HDH")'s motions for summary judgment and to dismiss Defendant United States of America's ("the Government") counterclaim. (ECF Nos. 49 and 50). HDH filed a Motion for Reconsideration (ECF No. 53), and the Government filed a response in opposition. (ECF No. 56).

HDH's motion focuses on footnote three of the Court's Opinion. (ECF No. 54, p. 3). There, the Court wrote that, "The Court does not address whether the statutory requirement to pay 15 percent of the assessed penalty under IRC § 6700 has any implications under the Seventh Amendment. HDH does not challenge the requirement of the payment." (ECF No. 49, p. 25). HDH argues that the Court misunderstood its argument and that it did, in fact, raise and preserve the question of whether *Securities and Exchange Comm'n v. Jarkesy*, 603 U.S. 109 (2024) rendered unconstitutional the "prepayment requirement" set forth by 26 U.S.C. § 6703(c) for tax penalties assessed under 26 U.S.C. § 6700. (ECF No. 53, p. 2); (ECF No. 54, p. 5). The Government counters that HDH expressly abandoned that position in its reply brief. (ECF No. 56, p. 2). It also argues that HDH asks the Court, by implication, to overturn *Flora v. U.S.*, 362 U.S. 145 (1960). (*Id.*). For the following reasons, the Court will deny HDH's motion.

Interlocutory orders, like denials of summary judgment and motions to dismiss, may be reconsidered upon a motion pursuant to Federal Rule of Civil Procedure 54(b). *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016). The Court possesses more discretion to disturb an interlocutory order than a final judgment; nevertheless, reconsideration is only appropriate in extraordinary circumstances, and the factors the Court considers "align neatly" with the three grounds justifying reconsideration of final judgments under Federal Rule of Civil Procedure Rule 59(e). *See Foster v. Westchester Fire Ins. Co.*, No. 09–1459, 2012 WL 2402895, at *4, n.1 (W.D. Pa. June 26, 2012). Those grounds include: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or prevent manifest injustice. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). "[M]anifest injustice" is a concept that substantially overlaps with clear error in law or fact. *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018) (citations omitted).

Here, no new evidence has been introduced. There has not been an intervening change in the controlling law. HDH moves the Court to reconsider its Opinion to avoid manifest injustice, and it argues that the Court has committed an error of law. (ECF No. 53, ¶ 9); (ECF No. 54, p. 3). That error is the Court's purported misunderstanding of HDH's argument that, as explained in *Jarkesy*, the prepayment requirement violates the Seventh Amendment. The Court did not misunderstand HDH's position. It recognizes that HDH initially raised *both* the issue of the administrative assessment of the tax penalty *and* the jurisdictional prepayment requirement. (ECF No. 29, p. 4). But in its reply brief, HDH expressly narrowed the issues it was presenting by abandoning the issue of the prepayment requirement and focusing only on the administrative assessment of the penalty without a jury. (ECF No. 38, p. 8). The Court took HDH at its word.

HDH abandoned the issue of the prepayment requirement. The Court will not reconsider that determination.

In addition, HDH expressly stated that it was not asking this Court to overrule *Flora*. (*Id.*) ("HDH is not asking this Court to overrule *Flora* because the issue in *Flora* is not applicable to the instant case"). *Flora* is controlling on the issue of the prepayment requirement. In other words, any argument that the requirement that HDH make the 15% prepayment in order to challenge the penalty in federal court would unavoidably run headlong into the United States Supreme Court's decision in *Flora*. HDH did not ask the Court to do so. Nor, as a district court, would the Court have been able to do so.

AND NOW, this 17 day of December 2025, IT IS HEREBY ORERED that Plaintiff HDH Group, Inc.'s Motion for Reconsideration of Court's September 25, 2025 Order (ECF No. 53) is DENIED.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE