**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HDH GROUP, INC.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant.** | ) | **Case No.: 2:24-cv-00988-WSS** |
| **UNITED STATES OF AMERICA,**<br><br>**Counterclaim Plaintiff,**<br><br>**vs.**<br><br>**HDH GROUP, INC.,**<br><br>**Counterclaim Defendant.** | ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

Plaintiff HDH Group, Inc. ("HDH") respectfully requests that the Court, pursuant to 18 U.S.C. § 1292(b), certify the Court's Order dated September 28, 2026 (the "Order") for Interlocutory Appeal because all the requirements for certifying an interlocutory appeal are present in this case.

## I. INTRODUCTION

This case should be certified for interlocutory appeal because it is just the type of case contemplated by this rule set forth in § 1292. First, this case involves controlling and novel questions of law. No court has addressed the specific statutory framework that governs the assessment of the IRC § 6700 Penalty, including the pre-payment requirement, which is at issue

in this case. This case involves a controlling question of law regarding the application of the second prong of the test set forth in *SEC v. Jarkesy*, 603 U.S. 109 (2024), to determine whether the IRC § 6700 Penalty meets the public rights exception. No court has addressed this issue. Also, the cause of action in this case is a private right, and therefore this case fails the public rights exception. Fourth, there is substantial ground for difference of opinion. *Jarkesy* sets the controlling standard in this case, but there is little case law interpreting *Jarkesy* and the existing cases are in conflict. Finally, immediate appeal could materially advance the ultimate termination of this litigation.

The instant Motion and this accompanying Brief stem from the Court's September 28, 2026 denial of HDH's Motion to Dismiss and Motion for Summary Judgment (ECF Nos. 60 and 61) (the "Motions"). In those Motions, HDH asserted that in violation of the mandates of the Seventh Amendment to the United States Constitution and the United States Supreme Court in *Jarkesy*, Internal Revenue Code ("IRC") Sections 7422(a) and 6703(c)(1) do not provide HDH with a trial by jury before a penalty is imposed as required by the Seventh Amendment and *Jarkesy.* Additionally, HDH asserted that in violation of the Seventh Amendment, pursuant to IRC Section 6703(c)(1), it was required to prepay a portion of the IRC § 6700 Penalty imposed by an agency of the government without a trial by jury in order to obtain a trial by jury.

The Court relied on the statutory framework in *AT&T, Inc. v. Fed. Commc'ns Comm'n,* 149 F.4th 491 (5th Cir. 2026), rev'd, 608 U.S. 531 (2026), to deny HDH's Motions, determining that the statutory framework covering the IRC § 6700 Penalty does not violate the Seventh Amendment. However, the statutory framework in *AT&T,* which the Supreme Court determined did not violate the Seventh Amendment, was based on the issuance by the governmental agency of a forfeiture order which created

absolutely no requirement for the recipient to pay the penalty. Further, the forfeiture order did not provide the agency any power whatsoever to execute on the order in any way, to seize the assets of the recipient of the order, or to obtain liens on the property of the recipient. *AT&T*, 2026 WL 1593357, at *6. It is the governmental agency that must pursue enforcement of the forfeiture order pursuant to the initiation of a de novo jury trial.

The instant case does not involve the same statutory framework as the one in *AT&T*. The statutory framework covering the IRC § 6700 Penalty is an assessment by the IRS, a governmental agency, of such penalty which is immediately enforceable by the IRS and immediately subject to IRS collection action, including placing liens on, or seizure of, the property of the recipient. It is the recipient that is required to take action to stop the governmental agency, including prepayment of 15% of the penalty. If the recipient does nothing, the IRS simply continues its enforcement and collection action that it was entitled to do at the instant the IRC § 6700 Penalty was assessed—no trial required.

The distinctly different statutory framework of the IRC § 6700 Penalty (where payment and collection are immediately enforceable against the recipient of the assessment) has not been addressed by any court, and under these circumstances presents a novel legal question, which, were it resolved in favor of HDH, would terminate this litigation. Therefore, HDH asserts that the September 28, 2026 Order is appropriate for certification for interlocutory appeal. To facilitate the expeditious resolution of this matter and to conserve judicial and party resources, HDH requests that this Court certify the September 28, 2026 Order under 28 U.S.C. § 1292(b).

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order that is not otherwise appealable for interlocutory appeal to the Court of Appeals when the order "involves (1) a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (numbering added).

In determining whether a controlling question of law is present, the court must examine whether the order, if erroneous, would constitute a reversible error on final appeal or whether the question of law is "serious to the conduct of the litigation either practically or legally." *Knopick v. Downey*, 963 F.Supp.2d 378, 398 (M.D. Pa. 2013); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974).

Substantial ground for difference of opinion exists when there is general doubt or conflicting precedent regarding the question of law. *Knopick* at 398 (citing *Cuttic v. Crozer-Chester Med. Ctr.*, 806 F.Supp.2d 796, 804-05 (E.D. Pa. 2011)). There is substantial ground for differing opinions when a matter involves "'one or more difficult and pivotal questions of law not settled by controlling authority.'" *Knopick* at 398 (citing *Knipe v. SmithKline Beecham*, 583 F.Supp.2d 553, 599 (E.D. Pa. 2008)). The clearest example of substantial ground for difference of opinion is when numerous courts have conflicting interpretations of the law. *Beazer E., Inc. v. The Mead Corp.*, No. Civ. A. 91-408, 2006 WL 2927627 at *2 (W.D. Pa. Oct. 12, 2006).

When determining whether an appeal would materially advance the ultimate termination of the litigation, courts frequently look to whether the need for trial would be eliminated, whether trial would be simplified, or whether discovery could be conducted more expeditiously with less cost to the parties. *Knopick* at 398 (citing *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 387

(M.D. Pa. 2007)). Interlocutory appeals are favored when they avoid the possible waste of trial time and litigation expense. *Beazer* at *3.

The issues presented by the Court's September 28, 2026 Order satisfy all three factors.

## III. ARGUMENT

### A. This Court's Order Involves a Controlling Question of Law.

#### 1. No court has addressed the specific statutory framework that governs the assessment of the IRC § 6700 Penalty.

As the Court recognized in its September 23, 2025 Opinion, the question of whether the penalty imposed in this case, including the initial requirement to pay at least fifteen percent of the assessed penalty, "is a matter of first impression that comes on the heels of the United States Supreme Court's decision in *SEC v. Jarkesy*, 603 U.S. 109 (2024)." (ECF No. 49, p. 1). In its September 28, 2026 Opinion, the Court further recognized that the issues presented by HDH have been in a state of rapid development since the Supreme Court's decision in *Jarkesy*. The Court recognized in that Opinion that the Supreme Court decided the *FCC* case (*FCC v. AT&T, Inc.*, 608 U.S. 531 (June 4, 2026)) during the pendency of the Motions. (ECF No. 78, p. 8). The Court stated that the *FCC* matter "squarely" addressed the impact of the Seventh Amendment on cases where a party may be afforded a de novo trial and based its denial of the Motions on the statutory framework in *FCC* instead of on the statutory framework of the IRC § 6700 statutory framework.

Specifically, the *FCC* statutory framework allows the FCC to impose the forfeiture penalty through a totally in-house investigation in a totally administrative process where no jury is available. However, the penalty cannot be enforced or collected by the FCC until after the FCC brings a civil suit and proves its case to a jury in a federal district court trial de novo. 47 U. S. C. § 504(b). The *FCC* statutory framework is not the same as the IRC § 6700 Penalty

statutory framework which creates an immediate obligation to pay and permits the IRS to enforce and collect the penalty immediately after assessment and without having to prove its case to a jury in any trial court proceeding.

The Court simply did not address the novel legal question of the impact of the Seventh Amendment on cases which involve the statutory framework of the IRC § 6700 Penalty. There is no guiding Third Circuit case law. Moreover, no court has addressed this particular controlling question of law in that context. Importantly, however, following the Supreme Court's analysis and holding in *Jarkesy* and analyzing the applicable statutory framework in this case, the Court's resolution of this novel question—a pure legal question—is a controlling question of law that, if erroneous, would constitute reversible order on final appeal.

In *Beazer E., Inc. v. The Mead Corp.*, No. Civ. A. 91-408, 2006 WL 2927627 at *2 (W.D. Pa. Oct. 12, 2006), this Court found that a question related to jurisdiction was "one of the clearest examples of a 'controlling question of law'" because subject matter jurisdiction is a fundamental issue. The defendant in *Beazer* filed a motion seeking certification to appeal the court's denial of its motion for judgment on the pleadings. The defendant argued that the court incorrectly interpreted a recent decision by the Supreme Court of the United States of America. This Court found that if the Third Circuit Court of Appeals agreed with defendant's interpretation, then the case would have to be dismissed. *Id.* Thus, this Court agreed that the issue involved a controlling question of law. *Id.* Like in *Beazer*, if the Third Circuit Court of Appeals agrees with HDH's interpretation of *Jarkesy*, then both HDH's primary claims and the United States' counterclaim would be resolved.

The issue of the specific statutory framework that governs the assessment of the IRC § 6700 Penalty is a question of law which if decided erroneously, would constitute a reversible error on final appeal.

2. **Within a constitutional statutory framework, the recipient of an IRC § 6700 Penalty assessment should not be the party required to make any prepayment.**

In its Opinion, the Court held that the prepayment requirement does not violate the Seventh Amendment. (ECF Doc. 78, p. 13). The Court acknowledged that this is an issue of first impression (ECF No. 78, p. 14).

In order to answer this legal question, the Court presented the history of litigation of actions in English common law courts starting with the year 1066, to determine whether a person in the founding generation when the Seventh Amendment was ratified on December 15, 1791, believed that a prepayment requirement offends the right to a jury trial. (ECF No. 78, p. 16). The Court acknowledged that the IRC § 6703 prepayment requirement is not identical to the common law practices, that such historical precursor is only “indirectly similar” to the prepayment requirement and can only provide an analogue. (ECF No. 78, p. 26).

Ultimately, the Court held that the common law legal process whereby the defendant is subject to arrest and detention until security is posted for the plaintiff’s case is a suitable historical analogue to the IRC § 6703 prepayment penalty to permit a finding that it is acceptable under the Seventh Amendment. (ECF No. 78, p. 16). This holding does not comport with the holding in *Jarkesy* because the analysis ignores the fact that the common law legal process required security to be posted, rather than the IRC § 6703 prepayment requirement which mandates payment of a significant portion of the already assessed, enforceable, and collectible “punishment” before the recipient of such assessment has been tried and found guilty by a jury trial.

The appropriateness of the prepayment requirement is a second controlling question of law which if decided erroneously, would constitute a reversible error on final appeal.

**3. Although this Court held that this case implicates the Seventh Amendment, neither this Court, nor any other court, has addressed the second prong of the test.**

Holding that there is no Seventh Amendment violation in this case because HDH has access to a jury trial de novo, the Court declined to examine the second prong of the two-prong test set forth in *Jarkesy* to determine whether this case fails the public rights exception because it involves an allegation of fraud, a cause of action rooted in common law. (ECF No. 78, pp. 29-30). The decision to decline the examination of the second prong of the test starts with the premise that there is no Seventh Amendment violation. However, if the Third Circuit agrees with HDH that, facing a fraud penalty, HDH has a Seventh Amendment right to an **initial** finding of fraud by a jury in a trial presided over by an Article III court **before** any assessment can be made by an administrative body of the government, and **before** any payment of such penalty can be required, an examination of the second prong likely would be required. U.S. Const. amend. XII; U.S. Const. art. III.

The Third Circuit applied the two-prong test, with differing results, but employing the same reasoning, in *Sun Valley Orchards, LLC v. U.S. Department of Labor*, 148 F.4th 121 (3d Cir. 2025), and *Axalta Coating Sys. LLC v. Federal Aviation Administration*, 144 F.4th 467 (3d Cir. 2025). In both cases, the Third Circuit determined that the issue implicated the Seventh Amendment, and therefore, the first prong of the test was met. *Sun Valley*, 148 F.4th at 128; *Axalta* 144 F.4th at 475.

*In Sun Valley*, the Third Circuit held that the case was a breach of contract action which involved private rights rooted in common law with no public rights exception to permit the governmental agency to assess penalties without a jury trial. *Sun Valley*, 148 F.4th

at 132. In *Axalta*, the Third Circuit held that the public rights exception applied permitting the governmental agency to assess penalties without a jury trial. *Axalta*, 144 F.4th at 475-76. Importantly, in both cases, the Third Circuit applied the second prong of the two-prong test to determine whether the public rights exception was applicable.

Although this Court did not examine the public rights exception, it cast doubt on its applicability in this case. The court pointed out that as set forth in *Jarkesy*, actions targeting false or fraudulent conduct between private citizens are private, not public rights. The Court further pointed out that just because something falls within the internal revenue code does not make it a public right, nor does the IRC § 6700 Penalty target taxpayers or seek to collect money due from taxpayers, but rather, imposes a statutory penalty for those who make "false or fraudulent" representations with respect to tax shelters. (Summarizing ECF Doc. No. 78, p. 30, n. 15). It is clear that the Court recognizes the significance of this issue.

The issue of whether the public rights exception applies to this case is a third controlling question of law which, if decided erroneously, would constitute a reversible error on final appeal.

**B. <u>The Order Offers A Substantial Ground For Difference Of Opinion</u>.**

Though there is little case law interpreting *Jarkesy*, the cases that exist illustrate that there is substantial ground for difference of opinion. No case demonstrates the substantial ground for difference of opinion better than *United States v. Sagoo*, Civ. A. No. 4:24-CV-01159-O, 2025 WL 2689912 (N.D. Tex. Sept. 19, 2025). The *Sagoo* Court found that an "after-the-fact" jury trial did not adequately protect Ms. Sagoo's interests because the IRS had already made findings of fact, adjudged guilt, and levied punishment. *Id.* at *3.

HDH cited additional cases that align with its application of *Jarkesy*. *See* ECF No. 29, 38, 47 (citing, among others, *Sun Valley*, 148 F.4th 121; *Wulferic, LLC v. U.S. Food & Drug Admin.*,

Civ. A. No. 4:24-cv-01183-O, 2025 WL 2200923 (N.D. Tex. Aug. 1, 2025); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989); *Tull v. United States*, 481 U.S. 412 (1987)). Conversely, the United States cited cases that were more in line with its own interpretation. *See* ECF No. 35, 46, 48 (citing, among others, *Axalta Coating Systems LLC v. Federal Aviation Admin.*, No. 23-2376, 2025 WL 1934352 (3d. Cir. July 15, 2025); *Silver Moss Properties, LLC v. Commissioner of Internal Revenue*, 165 T.C. 3 (2025); *Atlas Roofing Co., Inc. v. Occupation Safety & Health Rev. Comm'n*, 430 U.S. 442 (1977); *Kahn v. United States*, 753 F.2d 1208, 1218 (3d Cir. 1985)). The existence of conflicting interpretations from varying courts on an issue is sufficient to conclude that there is substantial ground for difference of opinion, as this Court opined in *Beazer*. *Beazer* at *2.

### C. **Immediate Appeal Would Materially Advance The Ultimate Termination Of The Litigation.**

Finally, immediate appeal from the Court's Order will materially advance the ultimate termination of this litigation. As explained above, should the Third Circuit Court agree with HDH's application of *Jarkesy* and read the holding in *AT&T* in the proper light, the case would be terminated through the granting of Plaintiff's summary judgment and 12(b)(6) motions. If HDH is forced to wait to appeal until a final decision has been rendered, the parties will be required to expend a large volume of time and money engaging in discovery and trial. Judicial economy and efficiency point strongly in favor of granting an interlocutory appeal.

## IV. CONCLUSION

HDH satisfies each of the three § 1292(b) factors and this is a textbook case for certification under 28 U.S.C. § 1292(b). Therefore, for all the foregoing reasons, Plaintiff HDH Group, Inc. respectfully requests that the Court certify its September 28, 2026 Order for interlocutory appeal.

Respectfully Submitted,

/s/ Ralph Minto, Jr.

Ralph Minto, Jr.
PA Id. No. 51746

David B. Spear
PA Id. No. 62133

Michelle L. Kopnski
PA Id. No. 52096

Minto Law Group, LLC
Stone Quarry Crossing
811 Camp Horne Road, Suite 320
Pittsburgh, PA 15237
412-201-5525

rminto@mintolaw.com
dspear@mintolaw.com
mkopnski@mintolaw.com

Counsel for Plaintiff